1  **JOHN DOUGLAS BARR** ............... **California State Bar No. 40663**
   **TROY DOUGLAS MUDFORD** ..... **California State Bar No. 156392**
2  **ESTEE LEWIS**...................................**California State Bar No. 268358**
   **CATHLEEN THERESA BARR** ....... **California State Bar No. 295538**
3  **BRANDON STORMENT** ............... **State Bar No. 267260**
   **BARR & MUDFORD, LLP**
4  1824 Court Street/Post Office Box 994390
   Redding, California   96099-4390
5  Telephone:  (530) 243-8008
   Facsimile:  (530) 243-1648
6
   Attorneys for Plaintiffs
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10
   TROY McFADYEN, in his Individual          **No.  2:18-CV-02912-TLN-DMC**
11 Capacity, And as Heir at Law and Successor
   in Interest To MICHELLE MCFADYEN,         **COMPLAINT FOR DAMAGES**
12 deceased;
   PHILLIP BOW; and                          **CIVIL RIGHTS ACTION AND**
13 SIA BOW, as Heirs of Law and Successors   **PENDANT STATE CLAIMS**
   In Interest to MICHELLE MCFADYEN,
14 Deceased;                                 **(DEMAND FOR JURY TRIAL)**

15          Plaintiffs,                          **FEDERAL CAUSES OF ACTION**

16          vs.                               **[1. VIOLATION OF DUE PROCESS**
                                             **UNDER THE 14ᵗʰ AMENDMENT, IN**
17 COUNTY OF TEHAMA;                          **VIOLATION OF 42 U.S.C. §1983]**
   TEHAMA COUNTY SHERIFFS' OFFICE;
18 SHERIFF DAVE HENCRATT, in his              **[2. VIOLATION OF EQUAL**
   individual and official capacity as Sheriff for **PROTECTION UNDER THE 14ᵗʰ**
19 the County of Tehama Sheriff's Department; **AMENDMENT, IN VIOLATION OF 42**
   ASSISTANT SHERIFF PHIL JOHNSTON,          **U.S.C. §1983 (STATE CREATED**
20 in his individual and official capacity as  **DANGER)]**
   Assistant Sheriff for the County of Tehama
21 Sheriff's Department;                      **[3. FAILURE TO TRAIN/SUPERVISE,**
   SUCCESSOR IN INTEREST OR ESTATE OF         **IN VIOLATION OF 42 U.S.C. §1983]**
22 KEVIN NEAL and;
   THE RANCHO TEHAMA ASSOCIATION             **[4. CONSPIRCY TO DEPRIVE PERSONS**
23 INC.,                                      **OF RIGHTS OR PRIVILEGES, IN**
                                             **VIOLATION OF 42 USC SECTION 1985]**
24          Defendants.
                                             **[5. CONSPIRCY TO OBSTRUCT**
25                                            **JUSTICE, IN VIOLATION OF 42 USC**
                                             **SECTION 1985]**
26
                                             **[6. NEGLECT TO PREVENT HARM, IN**
27                                            **VIOLATION OF 42 USC SECTION 1986]**

28                                            **[7. VIOLATION OF 8ᵗʰ AMENDMENT,**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 1
**Complaint for Damages**

CRUEL AND UNUSUAL PUNISHMENT, VIOLATION OF 42 USC 1983]

[8. VIOLATION OF 4ᵀᴴ AMENDMENT, UNLAWFUL DETENTION / FALSE ARREST, VIOLATION OF 42 USC 1983]

STATE CAUSES OF ACTION - COUNTY

[9. FAILURE TO PERFORM MANDATORY DUTIES GOV'T CODE SECTION 815.6, VIOLATION OF PENAL CODE SECTIONS 836(A) AND (C)(1))]

[10. VIOLATION OF CIVIL CODE 52.1]

[11. NEGLIGENT SUPERVISION, TRAINING, RETENTION AND RATIFICATION]

[12. NEGLIGENCE – VIOLATION OF GOVERNMENT CODE §815.2]

[13. WASTE OF PUBLIC FUNDS, VIOLATION OF CCP SECTION 526A]

CAUSES OF ACTION AGAINST ESTATE OF KEVIN NEAL

[14. BATTERY]

[15. ASSAULT]

[16. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

[17. STRICT LIABILITY – ULTRAHAZARDOUS AND ABNORMALLY DANGEROUS ACTIVITY]

[18. HARASSMENT]

CAUSES OF ACTION AGAINST THE RANCHO TEHAMA ASSOCIATION INC

[19. NEGLIGENCE / NEGLIGENT PREMISE LIABILITY]

CAUSES OF ACTION AGAINST ALL DEFENDANTS

[20. PUBLIC AND PRIVATE NUISANCE]

[21. NEGLIGENT INFLICTION OF

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 2
Complaint for Damages

**EMOTIONAL DISTRESS – BYSTANDER]**

**[22. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    **COMES NOW** Plaintiffs, TROY McFADYEN, PHILLIP BOW, and SIA BOW, by and through their attorneys of record, and allege the following against defendants. Further, plaintiffs demand a jury trial.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988 for violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is based on 28 U.S.C. §§1331 and 1343.

4.    Plaintiffs further seek to invoke supplemental jurisdiction over state law claims under 28 U.S.C. §1367.   Plaintiffs have filed the appropriate administrative claim with defendant COUNTY OF TEHAMA, and plaintiff's claim was rejected by that entity on June 5, 2018.

5.    Venue is proper in this court because the events giving rise to this Complaint all occurred in Tehama County, California, a geographical area which falls within the boundaries of the United States District Court for the Eastern District of California.

6.    Plaintiffs seek an award of compensatory damages, costs and expenses and reasonable attorney's fees pursuant to 42 USC Section 1983. Further, fee entitlement is alleged pursuant to 42 USC section 1988.

### THE PARTIES

7.    That, at all times pertinent hereto, plaintiff TROY McFADYEN is a resident of the City of Cottonwood, County of Shasta, State of California.  Further, at all times pertinent hereto, plaintiff is the surviving spouse of MICHELLE MCFADYEN, deceased. Plaintiff brings this action in his individual capacity as a victim and as the heir of MICHELLE MCFADYEN, deceased.

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

8.      That, at all times pertinent hereto, plaintiff PHILLIP BOW was a resident of the City of Santa Rosa, County of Sonoma, State of California, and he is the surviving adult son of MICHELLE MCFADYEN, deceased.

9.      That, at all times pertinent hereto, plaintiff SIA BOW was a resident of the City of Redding, County of Shasta, State of California, and he is the surviving adult daughter of MICHELLE MCFADYEN, deceased.

10.     Plaintiffs TROY McFADYEN, PHILLIP BOW and SIA BOW are hereinafter collectively referred to as plaintiffs or individually by name.

11.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendants COUNTY OF TEHAMA, and COUNTY OF TEHAMA SHERIFF'S OFFICE (hereinafter referenced as the "DEPARTMENT" and/or the "COUNTY" were, respectively, a body politic (to wit, a county government) and one of its departments organized, existing and operating as such in and under the laws of the State of California, with their principal place of business located in the City of Red Bluff, County of Tehama, State of California.  Plaintiffs are further informed and believe and thereon allege that, at all times pertinent hereto, defendants COUNTY employed DAVE HENCRATT and PHIL JOHNSTON as Sheriff and Assistant Sheriff, respectively.

12.     Defendants COUNTY OF TEHAMA, COUNTY OF TEHAMA SHERIFF'S OFFICE, DAVE HENCRATT and PHIL JOHNSTON are hereinafter collectively referred to as "defendants COUNTY."

13.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendant DAVE HENCRATT was a resident of the County of Tehama, State of California, and that he was employed as a sworn officer and Sheriff with defendants COUNTY and was acting in the scope and course of that employment.  Defendant DAVE HENCRATT is sued in his official and individual capacity and is hereinafter referred to as "defendant HENCRATT."  Defendant HENCRATT was at all pertinent times, a policymaker and/or decision maker for the County of Tehama.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 4
**Complaint for Damages**

14.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendant PHIL JOHNSTON was a resident of the County of Tehama, State of California, and that he was employed as a sworn officer and Assistant Sheriff with defendants COUNTY and was acting in the scope and course of that employment.  Defendant PHIL JOHNSTON is sued in his official and individual capacity and is hereinafter referred to as "defendant JOHNSTON." Defendant JOHNSTON was at all pertinent times, a policymaker and/or decision maker for the County of Tehama.

15.     The named defendants are being sued in their official and individual capacities, including in their supervisory capacities where applicable.

16.     Plaintiffs are informed and believe and thereon allege that, defendant KEVIN NEAL died on November 14, 2017, and therefore, bring this action against the SUCCESSOR IN INTEREST OR ESTATE OF KEVIN NEAL, who at all times pertinent hereto was believed to be resident of the County of Tehama, State of California.

17.     Plaintiffs are informed and believe and thereon allege that, defendant THE RANCHO TEHAMA ASSOCIATION (hereinafter "RTA" or "the Association") is, and at all times herein mentioned was, an association of property owners of the Rancho Tehama Unit 1, in the City of Rancho Tehama, County of Tehama, State of California, as more particularly set out in the Articles of Incorporation filed on June 4, 1998, the Declaration Restrictions, located in Volume 544, Page 272, and recorded on August 28, 1970, in the official Records of the Recorder of Tehama County, and subsequently modified by Instrument recorded on January 28, 1971, located in Volume 561, Page 254.

18.     Defendants COUNTY OF TEHAMA, COUNTY OF TEHAMA SHERIFF'S OFFICE, PHIL JOHNSTON and DAVE HENCRATT, THE ESTATE OF NEAL, and THE RANCHO TEHAMA ASSOCIATION, are hereinafter referred to collectively as defendants or individually by name.

19.     All herein complained actions of defendants, and each of them, were done with recklessness, malice, intent, negligence, gross negligence and/or deliberate indifference and in a manner that shocks the conscience.

**Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**CASE SPECIFIC ALLEGATIONS**

Plaintiffs hereby incorporates by reference all preceding paragraphs as though set out in full herein.

20.   On November 14, 2017, plaintiff TROY McFADYEN was driving his car on Stagecoach Road near Oak Park Road in Rancho Tehama.   His wife, MICHELLE MCFADYEN, mother of SIA and PHILLIP BOW, was a passenger in the car.

21.   At the time and place aforesaid, KEVIN NEAL, driving a stolen F-150 pickup, and driving in the opposition direction as the McFadyen's, swerved directly into the path of and struck the McFadyen's car causing it to go off into a drainage ditch.

22.   As TROY and MICHELLE MCFADYEN tried to get out of the car, they heard gunshots.  They then saw KEVIN NEAL in the roadway, walking towards them and shooting at them.

23.   After the shooting, and after KEVIN NEAL had left,  plaintiffs are further informed and believe and thereon allege that, the sheriffs' department arrived with three to four patrol cars and assumed TROY McFADYEN was the shooter and detained him, even though TROY MCFADYEN had been shot by KEVIN NEAL.  During his detention, neither TROY nor MICHELLE MCFADYEN were free to leave and as they were in the officers' custody. Therefore, there existed a "special relationship" between plaintiffs and the officers at the point they detained him, for the purposes of establishing the officers' duty to act under 42 USC section 1983.  Even though both TROY and MICHELLE McFADYEN were shot and required medical assistance, defendants refused to provide them with medical care.  After determining that plaintiff TROY McFADYEN was a victim, and not the shooter, the sheriffs abandoned him and MICHELLE MCFADYEN, and again refused to summon medical assistance. Defendant DEPARTMENT did not check on MICHELLE MCFADYEN and she succumbed to her injuries. Defendants affirmative conduct placed plaintiff TROY McFADYEN and decedent MICHELLE MCFADYEN in an even more dangerous situation and the DEPARTMENT was deliberately indifferent to the fact that plaintiff and decedent may suffer further injury or assault by being left in an open-shooter situation, in the road in critical condition. Rather than using

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 6
**Complaint for Damages**

one of the four patrol cars that arrived to assist TROY McFADYEN and his wife, defendant DEPARTMENT and all of their patrol cars left the scene exposing TROY to vehicles traveling at high speeds near his bleeding body.

24.     A third party witness/ garbage truck driver, happened upon TROY laying in the road and, realizing the danger, moved him into the dumpster/garbage portion of his vehicle, for protection.  Since no ambulance was called, TROY McFADYEN was driven to the hospital in the dumpster of this garbage truck. At all times pertinent hereto, defendant COUNTY had a duty to protect plaintiffs and provide medical care due to the existence of the special relationship.   In committing the acts described herein, defendant COUNTY violated plaintiffs' constitutional rights by breaching the duty owed to plaintiff and decedent and acted willfully, knowingly, under color of state authority.

25.     KEVIN NEAL'S actions of firing his weapon at MICHELLE MCFADYEN and TROY McFADYEN, and the lack of medical attention thereafter, ultimately resulted in MICHELLE McFADYEN's death, and severely injured TROY McFADYEN causing him emotional distress, permanent disfigurement, constant pain, and anxiety that would normally stem from an incident and injuries such as this. TROY McFADYEN's injuries have severely impacted his ability to work at his physically demanding job.

26.     As a direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, plaintiff TROY McFADYEN was injured and suffered grievous and permanent injuries to his physical, mental, emotional and nervous systems, all to his detriment in an amount greatly in excess of the minimum jurisdiction of this Court, including, but not limited to, those injuries set forth in paragraph 25 of this complaint.

27.     As a further direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, plaintiff TROY McFADYEN was forced to hire physicians and surgeons and undergo other and further expense as and for his medical care, all in an amount which cannot yet be ascertained.  Plaintiffs will seek leave to amend this complaint to allege such amount when it becomes more certain.

28.     As a further direct, proximate, immediate and foreseeable result of the actions and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

conduct of defendants, and each of them, plaintiff TROY McFADYEN, has lost wages and/or been greatly reduced in his working capacity and/or future working capacity.  Plaintiffs are informed and believe and, on such information, and belief state that this said reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

29.     As a further direct, proximate, and foreseeable result of aforementioned actions and conduct of defendants, and each of them, plaintiff TROY MCFADYEN has suffered, and will continue to suffer in the future, consequential damages and other incidental damages and out-of-pocket expenses, all to plaintiff's general damages in a sum to be determined at the time of trial.

30.     As a further direct, proximate, and foreseeable result of aforementioned actions and conduct of defendants, and each of them, plaintiffs were compelled to retain legal counsel to protect his rights. Therefore, defendants, and each of them, are liable to plaintiffs for those attorney's fees incurred by plaintiffs in a sum to be determined at the time of trial.

31.     As a direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, MICHELLE MCFADYEN was fatally shot, all to plaintiffs' damage in an amount greatly in excess of the minimum jurisdiction of this Court.

32.     As a further direct, legal, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, plaintiffs TROY MCFADYEN, SIA BOW and PHILLIP BOW have been deprived of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, all to plaintiffs' damage in an amount greatly in excess of the minimum jurisdiction of this Court.

33.     As a further, direct, legal, proximate, immediate and foreseeable result of the negligence of these defendants, and each of them, in causing the death their loved one, MICHELLE MCFADYEN, plaintiffs TROY MCFADYEN, SIA BOW and PHILLIP BOW incurred funeral and burial expenses in an amount subject to proof at the time of trial of this matter.

34.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are negligent or in some other way responsible for acts of which plaintiffs are unaware.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 8
**Complaint for Damages**

Plaintiffs will seek leave of Court to amend this *Complaint for Damages* at such time as plaintiffs discover the other acts of said defendants constituting said liability.

## GENERAL ALLEGATIONS

Plaintiffs hereby incorporates by reference all preceding paragraphs as though set out in full herein.

35. On November 14, 2017, KEVIN NEAL murdered at least 5 people and injured at least a dozen others.

36. Plaintiffs are informed and believe and thereon allege that for at least 10 months prior to, and including the day before he went on his murderous spree, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees or agents, actively, willfully, recklessly and/or with deliberate indifference ignored cries for help from the community regarding NEAL's terrorist threats, erratic behavior, illegal acts, and possession and discharge of illegal weapons and ammunition, and violations of his criminal protective order and restraining order, to the point of enhancing the community's danger and making the plaintiffs and citizens of Rancho Tehama more vulnerable to harm.

37. Defendants, COUNTY, DEPARTMENT, HENCRATT, JOHNSTON, and their employees and agents were state actors, acting under the color of law, and in the course and scope of their employment at all times pertinent herein, and defendants, and each of them, acted with deliberate indifference to a known and obvious danger and created or increased the danger to plaintiff TROY MCFADYEN and decedent MICHELLE MCFADYEN, and others.

38. Plaintiffs are informed and believe and thereon allege that prior to November 14, 2017, defendant COUNTY, DEPARTMENT, JOHNSTON and HENCRATT and their employees or agents, knew that NEAL had a violent history, was illegally in possession of and was illegally discharging firearms, and by doing so was in violation of one or more restraining orders and/or criminal protective orders; that defendants, and each of them, had a custom pattern and practice of actively ignoring the complaints, and when they were not ignored, the defendant department was so poorly and improperly trained, and had such a misunderstanding of or reckless disregard for the law, that normal law enforcement protocol was either

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

intentionally disregarded, or such laws and normal law enforcement protocol were so unknown to defendant County so that the department would not know that it had authority to act; and that the DEPARTMENT, COUNTY, JOHNSTON and HENCRATT ratified this conduct as they did not know, or willfully ignored the law, continued with this practice and/or approved or were complacent in such conduct. This deliberate indifference and/or lack of understanding enhanced the danger the plaintiffs faced and left the plaintiffs more vulnerable to danger. For example, plaintiffs and informed and believe and thereon allege that:

a.      On January 31, 2017, NEAL was arrested for and was charged with Assault with a Deadly Weapon, False Imprisonment with Violence, Willful Discharge of a Firearm in a Grossly Negligent Manner, Battery, Cruelty to a Dependent Adult: Great Bodily Injury, Robbery, and Possession of an Illegal Firearm.

b.      On April 7, 2017, the Superior Court for Tehama County issued a Civil Harassment Restraining order, good for 3 years, against Kevin Neal. It was served on him by Sgt. S. Hoag of the Tehama County Sherriff's office.  A criminal protective order was also put into place as a result of NEAL's conduct. As a result, Kevin Neal was prohibited from possessing any gun or ammunition, and the orders allowed for law enforcement to search his home. The restraining order mandated that any sworn officer who had knowledge of the restraining order place NEAL under arrest if he was discovered with a gun or ammunition.

c.      According to defendant DEPARTMENT's records, prior to the subject incident, NEAL's girlfriend called defendant DEPARTMENT informing them that NEAL was served with a restraining order restricting him from having firearms and that she was missing a firearm. The DEPARTMENT called NEAL's girlfriend and she did not answer the phone, so the department closed the case.

d.      According to defendant DEPARTMENT's records, on August 21, 2017,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

approximately two and a half months prior to the shooting, victim Diana Steele notified defendant department that NEAL was shooting a shotgun towards her home in violation of a criminal protective order (where she was a protected party), defendant department checked the area for exactly 1 (one) second according to their records, stated it was "Quiet upon arrival" and closed the case exactly 1 (one) second later without speaking to the reporting party or NEAL, and without making any attempt to contact any witnesses.

    i.    The protected reporting party was Diana Steele, a former nurse from Sacramento. Ms. Steele and her son, Danny Elliott, were murdered by NEAL during the subject incident. After murdering Steele and Elliott, NEAL attempted to find Steele's seven-year-old grandson, G.E., at the local elementary school, to murder him. NEAL ended up shooting a different six-year-old child at the school named A.H. in the chest and leg. The bullet is still lodged in his chest.

    ii.    After Steele's death defendant department stated that Steele and Elliott's calls about NEAL "were not credible" and their statements therefore could not be used in an attempt to obtain a search warrant. This is in direct contrast to the very language of the restraining order protecting Steele from NEAL which states, in part, "INSTRUCTIONS FOR LAW ENFORCEMENT…Arrest Required If Order Is Violated… If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed it, the officer must arrest the restrained person." Simply looking at the ammunition littering the property they claimed to have visited would have shown a violation of the protective orders.

e.    Plaintiffs are informed and believe and thereon allege that on October 21, 2017 approximately 3 (three) weeks prior to the subject shooting a neighbor complained to defendant department of gunshots and screams they believed

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

were from NEAL's girlfriend. The deputies arrived at the scene and the gunshots and screams continued, but the deputies left the scene without speaking to NEAL or NEAL's girlfriend. NEAL's girlfriend was found dead under the floorboards of his house when the department finally searched the home after the shooting and after NEAL was dead.

f.      Plaintiffs are informed and believe and thereon allege that prior to November 14, 2017, defendants knew that NEAL had hit a woman in the face, bloodied her nose, and fired shots at her and her boyfriend; and in a different incident, NEAL fired shots with an illegally modified assault rifle and stabbed another person in the stomach with a knife.

g.      Plaintiffs are informed and believe and thereon allege that Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, and its agents or employees knew that NEAL only turned over a single firearm to a licensed gun dealer pursuant to the the 2017 restraining order. Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, and its agents or employees knew that NEAL continued to possess  illegal firearms and ammunition and continued to illegally discharge hundreds of rounds of ammunition using his illegal firearms.

h.      Plaintiffs are informed and believe and thereon allege that illegal ammunition could be seen on NEAL's property from the public road in violation of both the restraining order and criminal protective order. There is no indication the DEPARTMENT ever asked NEAL about this contraband even though the DEPARTMENT was "surveilling" him.

i.      Plaintiffs are informed and believe and thereon allege that defendant DEPARTMENT chose to ignore and refuse to respond to a call from NEAL's family members to the department shortly before the shooting informing them that Mr. Neal was mentally unstable, deteriorating and had illegal firearms.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

39.     Despite this knowledge, plaintiffs are informed and believe and thereon allege that Defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and or agents, acted with deliberate indifference towards the community's complaints about NEAL's dangerous conduct and created and/or enhanced the danger to plaintiffs and the community by, including but not limited to:

    a.    Actively and willfully ignoring multiple complaints from at least 9 (nine) different people regarding NEAL's violent tendencies, possession and shooting of firearms, including but not limited to shotguns and illegal assault rifles, stating that those who complained (many that are now deceased at the hands of NEAL and "protected persons") were "not credible" and that the department could not respond to "he said/she said" reports of violence or gunfire, and that such instances of violence are "civil disputes" that law enforcement cannot resolve;

    b.    Actively concealing calls regarding NEAL by actively refusing to log calls in the official log about NEAL;

    c.    On one occasion, a neighbor complained to defendant DEPARTMENT of NEAL firing weapons and was told "to mind [her] own damn business."

    d.    Threatening reporting victims calling about NEAL with arrest and/or jail time if they continued to call the sheriff's office; (This sheriff's department has a pattern and practice of telling victims/callers that they will be arrested, that they are harassing, and/or that they could face jailtime for calling to report crimes, separate and apart from the instances outlined herein.)

    e.    Actively ignoring credible reports of violence and violations of NEAL's restraining order/ Criminal Protective Order, such as evidence of ammunition littering NEAL's yard in plain view, bullet holes in his fence that indicated that someone who was inside NEAL's fence had been shooting through it, reports of possession of firearms, including illegal unregistered assault rifles and "ghost guns", and reports that NEAL was discharging firearms within

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

the community, at his home, near or towards other homes (including protected parties' homes) and firing hundreds of rounds at a time; and NEAL's admission to an officer of the Tehama Sheriff's Office that he had been shooting a firearm, but stated he was shooting it in a safe manner;

f.      Responding to complaints such as those set forth in paragraph (d),  that as long as NEAL was shooting the guns in "a safe manner" there was nothing they could do; that even though NEAL had a restraining order and a criminal protective order against him and was prohibited from having firearms and ammunition, that they could not do anything without photographic evidence, video or the officer witnessing it himself.  This lack of understanding and/or or deliberate indifference to the "plain view" doctrine and California and Federal law, shows an obvious failure to train or a deliberate indifference to the safety of NEAL's victims.

g.      On the rare occasion the DEPARTMENT did respond, the sheriff's office would attempt to reach NEAL by phone and give up if there was no answer, or visit the scene and if it was "quiet" when the sheriff arrived, would not pursue it further, stating that they would have to witness shots fired, in order to do anything, even though NEAL was not allowed to have a firearm or any kind of ammunition and his property was littered with shell casings, bullet holes and ammunition.

h.      Defendants Sheriff DAVE HENCRATT, PHILL JOHNSTON and other employees of Tehama Sheriff's Office, and the County of Tehama actively refused to get a search warrant because of lack of training and a clear misunderstanding of, or, willful disregard of, the law, with Defendants Sheriff DAVE HENCRATT, and the Tehama Sheriff's Office, stating that the Defendant department could not obtain a warrant for NEAL after a criminal protective order was issued and multiple complaints of gunfire from his home were reported by multiple parties, because the department "has to

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 14
**Complaint for Damages**

1   prove to a judge that there is no doubt that this person is firing a gun" or
2   actually witness the shooting occur, showing an obvious failure to train as
3   this is not the legal standard to obtain a search warrant in any jurisdiction,
4   especially California.

5       i.    Ratifying the pattern, custom and practice of Tehama County Sheriff's
6   Office personnel of ignoring or refusing to respond to citizen complaints who
7   ask for assistance from threats of violence to their life and safety, reports
8   regarding violations of restraining orders, and/or threatening to arrest the
9   persons requesting assistance.

10       j.    Defendants, and each of them, were aware of the danger NEAL posed
11   and acted with deliberately indifference even when residence and neighbors
12   complained repeatedly about Neal shooting off rounds of gunfire from his
13   home, despite a court order barring him from having firearms. Defendant
14   JOHNSTON stated that NEAL did not answer his door to law enforcement
15   and that defendants could not act even when NEAL was in clear violation of
16   court orders because  "The law is only for people who obey it".

17       40.    This conduct by defendants, and each of them, created an atmosphere where
18   victims of crimes were too afraid to call law enforcement for fear of retaliation or for fear of
19   going to jail, or because they feared that NEAL would retaliate against them if he found out
20   and since the Sheriff's Department refused to acknowledge, respond to, or even lodge those
21   calls into the database, there was little point in putting themselves in even more danger for no
22   reason.  This resulted in a dangerous and lawless society where criminals did not need to
23   comply with California or Federal Laws because there would be no enforcement of said laws,
24   and no repercussions for said violations.

25       41.    Defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their
26   employees and/or agents violated plaintiffs' constitutional rights, grounded in the Fourteenth
27   Amendment's Due Process Clause, to be free of state-created danger by all of the acts alleged in
28   paragraphs 35-43, and said violation was in part, a consequence of the custom, habits, training,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

policy or practice of defendants, and each of them, and the totally inadequate training regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed fire weapons, the law regarding illegal firearms, the law regarding when an arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

42.    Defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents violated their mandatory duties in the manner in which they investigated the complaints about NEAL, response to NEALS illegal possession of firearms and ammunition in violation of the restraining order, and patrol and response to calls from the community of Rancho Tehama, leaving the citizens in the area with essentially no law enforcement at all.

43.    Plaintiffs are informed and believe and thereon allege that the carnage that KEVIN NEAL caused on November 14, 2017, including the severe injuries to plaintiff Troy McFadyen and decedent, MICHELLE MCFADYEN, could have been avoided if Sheriff DAVE HENCRATT, and the Tehama Sheriff's Office, and the County of Tehama had not enhanced the danger to the plaintiffs (*supra*) making the plaintiffs more vulnerable to injury or death (*supra*), and if they had not acted with deliberate indifference to a known and obvious danger (*supra*).

## FIRST CAUSE OF ACTION

**VIOLATION OF DUE PROCESS UNDER THE 14ᵀᴴ AMENDMENT, PURSUANT TO 42 U.S.C. SECTION 1983**
**(As to Defendants County of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

44.    Plaintiff TROY MCFADYEN and decedent MICHELLE MCFADYEN had a clearly established, federally protected, interest in life, liberty and property, and procedural and substantive due process right protected by the 14ᵗʰ Amendment to the United States Constitution,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

to be free from governmental actor's conduct that is deliberately indifferent to plaintiffs' constitutionally protected interests which "shocks-the-conscience" of the courts.

45.     By engaging in the conduct set forth in paragraphs 35-43 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, deprived plaintiff and decedent of their rights and privileges secured by the United States Constitution and by other laws of the United States including those grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger, in violation of 42 U.S.C. §1983, which caused plaintiff and decedent to suffer severe and permanent injuries.

46.     By their conduct, defendants, and each of them, demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of plaintiff/decedent and enhanced the danger to plaintiff/decedent and made them more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience.

47.     Plaintiffs are further informed and believe and thereon allege that, since the DEPARTMENT detained plaintiff, TROY MCFADYEN and MICHELLE MCFADYEN after they were shot by KEVIN NEAL, and they were not free to leave and were in the officer's custody.  Therefore, there existed a "special relationship" between plaintiff TROY and decedent MICHELLE and the officers at the point they detained them, for the purposes of establishing the officers' duty to act under 42 USC section 1983.  After determining that TROY and MICHELLE were victims, and not the shooter, the DEPARTMENT simply left them in the middle of the road and refused to summon medical assistance. Defendants affirmative conduct placed plaintiff/decedent in an even more dangerous situation and were deliberately indifferent to the fact that plaintiff may suffer further injury or assault by being left in an open-shooter situation and with severe medical injuries.

48.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

49.     As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

50.     Moreover, the conduct of said defendants, and each of them, was done with deliberate indifference to plaintiffs' physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiffs' constitutional rights. Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

51.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for conduct of which plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## SECOND CAUSE OF ACTION

**VIOLATION OF EQUAL PROTECTION
UNDER THE 14TH AMENDMENT, PURSUANT TO 42 USC SECTION 1983
(STATE CREATED DANGER)
(As to Defendants County of Tehama, Tehama County Sheriffs' Office, Sheriff Dave
Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

52.     42 U.S.C. section 1983 provides for civil liability for deprivation of any right, privileges and immunities carried by the constitution and laws of the United States and the State of California.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

53.     The Fourteenth Amendment of the United States Constitution prohibits a state or state actor from depriving a person of equal protection under the law.

54.     By engaging in the conduct set forth in paragraphs 35-43 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, deprived plaintiff and decedent of their rights and privileges secured by the United States Constitution and by other laws of the United States including those grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger, in violation of 42 U.S.C. §1983, which caused plaintiff and decedent to suffer severe and permanent injuries.

55.     More specifically, defendants' conduct violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as the conduct deprived plaintiff, decedent, and residents of Rancho Tehama, of their Constitutional Rights and there is no rational basis for defendants' conduct.

56.     Plaintiffs are further informed and believe and thereon allege that, since the DEPARTMENT detained plaintiff, TROY MCFADYEN and MICHELLE MCFADYEN after they were shot by KEVIN NEAL, and they were not free to leave and were in the officer's custody.  Therefore, there existed a "special relationship" between plaintiff TROY and decedent MICHELLE and the officers at the point they detained them, for the purposes of establishing the officers' duty to act under 42 USC section 1983.   After determining that plaintiff TROY McFADYEN and MICHELLE were victims, and not the shooter, the DEPARTMENT simply left them in the middle of the road and refused to summon medical assistance. Defendants affirmative conduct placed plaintiff/decedent in an even more dangerous situation and were deliberately indifferent to the fact that plaintiff may suffer further injury or assault by being left in an open-shooter situation and with severe medical injuries.

57.     By their conduct, defendants, and each of them, demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of plaintiffs and enhanced the danger to plaintiffs and made them

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 19
**Complaint for Damages**

more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience., in violation of 42 U.S. Section 1983.

58.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

59.     As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

60.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiffs physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

61.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for conduct for which plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

### THIRD CAUSE OF ACTION

**FAILURE TO TRAIN/SUPERVISE, AND RATIFICATION OF PROCEDURES IN VIOLATION OF 42 USC SECTION 1983**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

62.     By engaging in the conduct set forth in paragraphs 35-43 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, deprived plaintiff and decedent of their rights and privileges secured by the United States Constitution and by other laws of the United States including those grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger, in violation of 42 U.S.C. §1983, which caused plaintiff and decedent to suffer severe and permanent injuries.

63.     More specifically, plaintiffs are informed and believe and thereon allege, that the Defendants, and each of them, failed to adequately train its employees and/or agents on the "plain view" doctrine, how to respond to violations of restraining orders, obtain search warrants, and protect its citizens from known threats of danger.

64.     Plaintiffs are further informed and believe and thereon allege that, since the DEPARTMENT detained plaintiff, TROY MCFADYEN and MICHELLE MCFADYEN after they were shot by KEVIN NEAL, and they were not free to leave and were in the officer's custody.  Therefore, there existed a "special relationship" between plaintiff TROY and decedent MICHELLE and the officers at the point they detained them, for the purposes of establishing the officers' duty to act under 42 USC section 1983.  After determining that plaintiff TROY McFADYEN and MICHELLE were victims, and not the shooter, the DEPARTMENT simply left them in the middle of the road and refused to summon medical assistance. Defendants affirmative conduct placed plaintiff/decedent in an even more dangerous situation and were deliberately indifferent to the fact that plaintiff may suffer further injury or assault by being left in an open-shooter situation and with severe medical injuries.

65.     By failing to train and/or supervise its employees and/or agents, defendants, and each of them, acted with and demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of plaintiffs and enhanced the danger to plaintiffs and made them more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience, in violation of

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

42 U.S. Section 1983.

66.     The failure to train and/or supervise by defendants, and each of them, constitute a violation of plaintiffs' constitutional rights, pursuant to the substantive due process clauses of the Fourteenth Amendment.

67.     Further, Plaintiffs are informed and believe and thereon allege, that the Defendants, and each of them, ratified its employees conduct as outlined in paragraphs 35-43.

68.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

69.     As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

70.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff and decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

71.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for conduct of which plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## **FOURTH CAUSE OF ACTION**

## **CONSPIRCY TO DEPRIVE PERSON OF RIGHTS OR PRIVILEGES**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

**IN VIOLATION OF 42 USC SECTION 1985**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

72.     42 U.S.C. Section 1985(2) prohibits two or more persons from conspiring for the purpose of impeding, hindering, obstruction, or defeating, in any manner, the due course of justice in any State, with the intent to deny to any citizen the equal protection of the laws, for lawfully enforcing, or attempting or enforce, the right of any person, to the equal protection to the laws.

73.     By engaging in the acts set forth in paragraphs 35-43 above, defendants, and each of them, while acting under the color of law and in the course and scope of their employment, did conspire to deprive plaintiff and decedent of their rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendment's right to due process and equal protection under the laws, and did in fact deprive plaintiff, decedent, and others, either directly or indirectly, equal protection of the laws, or of equal privileges and immunities under the laws, including the right to be free of state-created danger.

74.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

75.     As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 23
**Complaint for Damages**

76.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiffs physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

77.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of conspiracy of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## FIFTH CAUSE OF ACTION

### CONSPIRCY TO OBSTRUCT JUSTICE
### IN VIOLATION OF 42 USC SECTION 1985
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

78.     42 U.S.C. Section 1985(2) prohibits two or more persons from conspiring for the purpose of impeding, hindering, obstruction, or defeating, in any manner, the due course of justice in any State, with the intent to deny to any citizen the equal protection of the laws, for lawfully enforcing, or attempting or enforce, the right of any person, to the equal protection to the laws.

79.     By engaging in the acts set forth in paragraphs 35-43 above, defendants, and each of them, while acting under the color of law and in the course and scope of their employment, conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice, with intent to deny plaintiff, decedent, and others, the equal protection of the laws, or to injure plaintiff, decedent, and others, for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, including the right to be free of state-created danger.

80.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

81.     As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

82.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiff and decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

83.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of conspiracy of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

### SIXTH CAUSE OF ACTION

**NEGLECT TO PREVENT HARM**
**IN VIOLATION OF 42 USC SECTION 1986**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

84.     Pursuant to 42 U.S.C. §1986, every person who has knowledge of the wrongs conspired to be done, including but not limited to, a conspiracy to deprive others of their rights or privileges or conspiracy to obstruct justice, and has the power to prevent or aid in preventing

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

the commission of the same, but neglects or refuses so to do, shall be liable to the party injured for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

85.    At all times pertinent hereto, defendants and each of them, had the actual knowledge of a known and obvious danger posed by Kevin Neal, and had knowledge of the conspiracy to obstruct justice and/or prevent persons in Rancho Tehama, including plaintiff and decedent, from exercising their legal rights or privileges.  Further, defendants and each of them, had the power to prevent the crimes and harm caused by NEAL from being committed, or prevent the other defendants from depriving plaintiffs of their rights and privileges or prevent the obstruction of justice, but refused and neglected to prevent said wrongs from being committed and are therefore liable to plaintiff and decedent under Title 42 USC section 1986.

86.    By engaging in the conduct set forth in paragraphs 35-43 above, defendants COUNTY, DEPARTMENT, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the customs, policies, practices, wholly inadequate training and supervision of their department, engaged in affirmative conduct that subjected plaintiff and decedent to new or increased danger, and deprived plaintiff and decedent of their rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendments.

87.    More specifically, plaintiffs are informed and believe and thereon allege, that the Defendants, and each of them, failed to adequately train its employees and/or agents on the "plain view" doctrine, how to respond to violations of restraining orders, obtain search warrants, and protect its citizens from known threats of danger.

88.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

89.    As a further direct, proximate, and foreseeable result of defendants conduct,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 26
**Complaint for Damages**

MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

90.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiffs physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

91.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## SEVENTH CAUSE OF ACTION

**VIOLATION OF 8TH AMENDMENT, CRUEL AND UNUSUAL PUNISHMENT, VIOLATION OF 42 USC 1983**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

92.     Plaintiffs TROY and MICHELLE MCFADYEN were detained by defendant COUNTY's employees and/or agents on or about November 14, 2017.  At the time and place aforesaid, defendants, and each of them, deprived plaintiffs of their clearly established rights to adequate medical treatment based on their special relationship with defendants as a detainees.

93.     Defendants, and each of their, deliberate decision to abandon plaintiff and decedent in the the road, suffering from being shot, after detaining plaintiff and decedent, was done with deliberate indifference and reckless disregard to the life, safety and constitutional rights of TROY and MICHELLE MCFADYEN and their conduct created or increased the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

danger to TROY and MICHELLE MCFADYEN.

94. Defendants, and each of their conduct, was done with deliberate indifference to the constitutional rights of plaintiffs, were cruel and unusual, inflicted unnecessary pain and emotional distress of plaintiff, and decedent, and violated their rights under the Eighth Amendment of the United States Constitution.

95. A public entity is liable for failing to adequately train and supervise its employees where their conduct amounts to deliberate indifference to a constitutional right. Plaintiffs are informed and believe and thereon allege that the Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, and its agents or employees violated plaintiffs' constitutional rights, grounded in the Eighth Amendment right to be free of cruel and unusual punishment by failing to train its officers on proper protocols for providing medical attention to detainees, how to properly respond to credible reports of violence, and how to treat victims who are in need of medical care. Defendant's misunderstanding of, or reckless disregard for, the law, is such that normal law enforcement protocol was either intentionally disregarded, or was unknown to defendant department so that it could not be conducted.

96. As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

97. As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

98. Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiffs physical safety, and were done intentionally, maliciously

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 28
**Complaint for Damages**

recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiffs are entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

99.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

### EIGHTH CAUSE OF ACTION

**VIOLATION OF 4TH AMENDMENT, UNLAWFUL DETENTION / FALSE ARREST, VIOLATION OF 42 USC 1983**
**(As to Troy McFadyen only)**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

100.     The 4th Amendment of the United States Constitution which guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and the requirement that these rights "shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

101.     At all times pertinent hereto, plaintiff TROY McFADYEN had the constitutional right to be free from unlawful detention and false arrest, under the 4th Amendment, and the right to equal protection and due process under the 8th Amendment of the United States Constitution.

102.     On or about November 14, 2017, defendant sheriff department's officers or agents wrongfully deprived plaintiff of his constitutional rights to be free from unlawful detention and false arrest by detaining and falsely arresting plaintiff TROY McFADYEN without a warrant or probable cause or other constitutionally adequate provision.

103.     Plaintiff is further informed and believes and thereon alleges that defendant COUNTY and Sheriff's department, deprived Plaintiff TROY MCFADYEN of his rights under

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

the United States Constitution to be free from unlawful detention and false arrest and right to due process contained in the 4th Amendment and 8th Amendment of the United States Constitution, in violation of 42 USC 1983, by implementing or executing a policy statement, ordinance, regulation, decision, custom or usage that permitted its employees and agents, i.e., Defendant officers, to detain and falsely arrest Plaintiff without any probable cause.

104.    At all times pertinent hereto, defendants, and each of them, were state actors, acting under the color of law.

105.    As a direct, proximate, and foreseeable result of defendants conduct, plaintiff TROY McFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

106.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiffs physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

107.    Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

**Additional STATE causes of action against the County defendants, brought pursuant to 28 U.S.C. §1367:**

## NINETH CAUSE OF ACTION

**VIOLATION OF GOVERNMENT CODE SECTION 815.6**
**(VIOLATION OF PENAL CODE 836(A) AND (C)(1))**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

full herein.

108.     The California Tort's Claims Act provides a party with an independent legal basis to recover damages against a public entity for its failure to properly discharge a mandatory duty.

109.     Government Code section 815.6 provides "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of the kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

110.     Penal Code section 836(a) provides that [a] peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, without a warrant, may arrest a person whenever any of the following circumstances occur: (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence. (2) The person arrested has committed a felony, although not in the officer's presence. (3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."

111.     Penal Code section 836(c)(1) provides that "[w]hen a peace officer is responding to a call alleging a violation of a . . . or restraining order issued . . . and the peace officer has probable cause to believe that the person against whom the order is issued has notice of the order and has committed an act in violation of the order, the officer **shall,** consistent with subdivision (b) of Section 13701, **make a lawful arrest of the person without a warrant and take that person into custody whether or not the violation occurred in the presence of the arresting officer…**"   (emphasis added.)  Further, the Civil Harassment Restraining Order After Hearing (CLETS-CHO), judicial council form CH-130, instructs law enforcement that "an arrest **is required** if [the] Order is violated" stating, "If an officer has *probable cause* to believe that the restrained person had notice of the order and has disobeyed it, the officer **must arrest the restrained person**."

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

112.     Defendants, and each of them, had a mandatory duty to arrest KEVIN NEAL upon probable cause leading them to believe that he violated any restraining order issued against him pursuant to Penal Code section 836(c)(1).    Pursuant to Government Code section **815**.**6**, defendants, and each of them, had a duty to "exercise reasonable diligence to discharge [that] duty."

113.     As set forth in paragraphs 35-43 above, defendants, and each of them, breached its mandatory duties by acting with deliberate indifference in refusing to take any action to arrest NEAL despite ammunition littering NEAL's property in plain view from the road, repeated complaints that NEAL was in possession of and was discharging firearms, in direct violation of the April 7, 2017 restraining order and criminal protective order, in violation of defendant's mandatory obligations under Penal Code section 836, and it is clear that the training and supervision as to the legal requirements for seizing contraband in plain view, obtaining a search warrant or making an arrest for violation of a restraining order were either unknown to defendants or were deliberately disregarded.

114.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

115.     As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

116.     Defendants, and each of their, failure to perform its mandatory duties under the law was a substantial factor in causing plaintiff's harm.

117.     Plaintiffs are informed and believe and thereon allege that defendants, and each

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 32
**Complaint for Damages**

of them, are in some other way breached other mandatory duties of which plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## TENTH CAUSE OF ACTION

### VIOLATION OF CIVIL CODE 52.1
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

118.    California Civil Code section 51.2 provides that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

119.    The acts of defendants, and each of them, as set forth in paragraphs 35-43 above, constitute a violation of California Civil Code section 51.2, and amount to a pattern or practice of conduct of acting with deliberate indifference to a known and obvious danger.

120.     Defendant County is liable for the acts of its employees and/or agents pursuant to Cal. Gov. Code § 815.2.

121.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

122.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

123.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to plaintiffs' physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's constitutional rights, Plaintiff is entitled to an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial.

124.    Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

### ELEVENTH CAUSE OF ACTION

**NEGLIGENT SUPERVISION, TRAINING, RETENTION AND RATIFICATION**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

125.    Defendants, and each of them, had a duty to Plaintiffs as members of the public to hire personnel who had proper qualifications, experience, and character to lawfully perform the duties of law enforcement personnel toward the public and to supervise, train, retain and ratify only that conduct that ensures that such personnel comply with the lawful performance of such duties.

126.    Defendants, and each of them, breached such duty of care to Plaintiffs by negligently supervising, training and retaining the Tehama County law enforcement personnel,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

1    so as to permit them to engage in the conduct set forth in paragraphs 35-43.

2        127.    Defendants, and each of their, unlawful policies, customs and habits of improper

3    and inadequate hiring, training, retention, discipline and supervision of its employees and

4    agents, proximately resulted in the constitutional deprivations, injuries and damages alleged in

5    this case.

6        128.    Plaintiffs are informed and believe that other citizens have been treated

7    unlawfully and abused by defendants, and each of them, through its custom, policy or practice

8    of failing to properly investigate citizen complaints, threatening reporting parties with jailtime

9    or arrest for calling the department, refusing to respond to and investigate complaints

10   surrounding violations of restraining orders, and failing to take corrective or disciplinary action

11   against deputies who act improperly, thus leading to the constitutional violations against

12   Plaintiffs as described herein.

13       129.    Plaintiffs are informed and believe that defendants, and each of them, has a

14   habit, custom, policy and/or practice of ratifying such wrongful conduct, and in fact permitting,

15   condoning, and/or failing to take action against deputies who commit acts in violation of state,

16   federal and constitutional rights and privileges.

17       130.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff

18   TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and

19   injury, as well as lost wages / profits, medical bills and expenses, and other special and general

20   damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth

21   in paragraphs 25-29 above.

22       131.    As a further direct, proximate, and foreseeable result of defendants conduct,

23   MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and

24   SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort,

25   society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to

26   incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to

27   proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

28       132.    Plaintiffs are informed and believe and thereon allege that defendants, and each

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**Complaint for Damages**

of them, are in some other way responsible for acts of which plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## TWELFTH CAUSE OF ACTION

### NEGLIGENCE – VIOLATION OF GOVERNMENT CODE §815.2
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

133.    Pursuant to Government Code section 815.2, subd. (a), a public entity is vicariously liable for the tortious conduct of its employees committed within the scope of employment under circumstances in which the employee would be personally liable for the conduct. The effect of this statute is to incorporate general standards of tort liability as the primary basis for respondeat superior liability of public entities.

134.    The Tort Claims Act (Gov. Code, § 810 et seq.) expressly denies a public entity the power to enact an ordinance abridging its statutory liabilities or expanding its statutory immunities (Gov. Code, § § 811.2, 811.8, 815). Furthermore, an employee of a public entity is liable for his torts to the same extent as a private person [Gov. Code, § 820, subd. (a)], and the public entity is vicariously liable for any injury which its employee causes (Gov. Code, § 815.2, subd. (a)) to the same extent as a private employer [Gov. Code, § 815, subd. (b)].

135.    A public entity's programs and services, viewed in their entirety, must be equally accessible to all persons.

136.    Defendants, and each of them, failed in such duty, by engaging in the conduct set forth in paragraphs 35-43, which deprived members of the public, including plaintiffs, with due process and/or equal protection under the law.

137.    Defendants, and each of them, knew or should have known that Plaintiffs' rights were being violated and/or that Plaintiffs were being placed at risk of serious harm by failing to do grant them due process and/or equal protection under the law.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

138.   As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

139.   As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

140.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

### THIRTEENTH CAUSE OF ACTION

**WASTE OF PUBLIC FUNDS**
**VIOLATION OF CCP SECTION 526A**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

141.   There currently is a dispute between the parties for which declaratory and injunctive relief is appropriate pursuant to Code of Civil Procedure section 526a.

142.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, have a policy, practice, custom and/or habit of violating constitutional rights and privileges of members of the public, including the public's due process rights and equal protection rights under the 14th Amendment.

143.   More specifically, plaintiffs are informed and believe that other citizens have

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

been treated unlawfully and abused by defendants, and each of them, through its custom, policy or practice of failing or refusing to properly investigate citizen complaints, failing or refusing to respond to and investigate complaints surrounding violations of restraining orders, threatening reporting parties with jail and/ or arrest for contacting the department and failing or refusing to take corrective or disciplinary action against deputies who act improperly, thus leading to the constitutional violations against Plaintiff as described herein.

144.    Plaintiffs are informed and believe and thereon allege that the murderous acts of NEAL were made possible by the deliberate indifference of defendants, and each of them, and their employees or agents, and lack of understanding of how to, or outright refusal to perform their duties, including carrying out the lawful orders of the Superior Court and, and violating the community's equal protection and due process rights under the law, requiring defendants, and each of them, to protect the community from a known dangerous and mentally unstable man.

145.    Plaintiffs are informed and believe and thereon allege that on this failure is a consequence of a policy or practice of County officials to overlook acts and threats of violence against the citizens of these rural areas.  Further, plaintiffs allege there was totally inadequate training by defendants, and each of them, as to the laws they are tasked with enforcing.

146.    Plaintiffs are informed and believe that defendants, and each of them, has a habit, custom, policy and/or practice of ratifying such wrongful conduct, and in fact permitting, condoning, and/or failing to take action against deputies who commit acts in violation of state, federal and constitutional rights and privileges.

147.    Plaintiffs are informed and believe and thereon allege that tax payer dollars are spent on supporting law enforcement activities, including, but not limited to the expending of the time of the paid sheriff deputies who are failing or refusing to perform their duties and obligations under the law.

148.    Thus, Plaintiffs bring this action under CCP § **526a** to obtain a judgment to declare plaintiffs' right to equal protection under the law, and require defendants, and each of them, to comply with their obligations under the law to investigate citizens' complaints where

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

there are credible threats of violence and/or evidence of violations of restraining orders without threatening the reporting party, and stop its practice of discriminating against unincorporated communities.

149.    Plaintiffs make this request for injunctive relief based upon their standing as taxpayers pursuant to CCP § **526a**.

**Additional STATE causes of action against the ESTATE OF KEVIN NEAL, brought pursuant to 28 U.S.C. §1367:**

<u>**FOURTEENTH CAUSE OF ACTION**</u>

**BATTERY**
**(As to the Successor in Interest or Estate of Kevin Neal)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

150.    On or about November 14, 2017, KEVIN NEAL shot at and injured plaintiffs.

151.    Plaintiffs did not consent and were harmed by the conduct of KEVIN NEAL, and a reasonable person in plaintiffs situation would have likewise been offended by said conduct.

152.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

153.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

154.    The acts of KEVIN NEAL were done with deliberate indifference to plaintiffs'

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety.  Plaintiffs are entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

155.    Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

**FIFTEENTH CAUSE OF ACTION**

**ASSAULT**
**(As to the Successor in Interest or Estate of Kevin Neal)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

156.    On or about November 14, 2017, KEVIN NEAL shot at and injured plaintiffs, with the intent to cause harmful or offensive contact with plaintiffs.

157.    Plaintiffs did not consent and were harmed by the conduct of KEVIN NEAL, and KEVIN NEAL's conduct was a substantial factor in causing plaintiffs harm.

158.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

159.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

160.     The acts of KEVIN NEAL were done with deliberate indifference to plaintiffs' life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety.  Plaintiffs are entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

161.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## SIXTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (As to the Successor in Interest or Estate of Kevin Neal)

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

162.     On or about November 14, 2017, KEVIN NEAL engaged in outrageous and unacceptable behavior by shooting at, and injuring plaintiffs.

163.     KEVIN NEAL's conduct was outrageous and so extreme that it goes beyond all possible bounds of decency and a reasonable person would regard NEAL's conduct as intolerable in a civilized community.

164.     At all times pertinent hereto, KEVIN NEAL intended on causing plaintiffs emotional distress and/or acted with reckless disregard of the probability that plaintiffs would suffer emotional distress.

165.     As a direct, proximate, and foreseeable result of defendants' conduct, plaintiffs suffered severe emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry and shock.

166.     The conduct of KEVIN NEAL was a substantial factor in causing plaintiffs' emotional distress.

167.     The acts of KEVIN NEAL were done with deliberate indifference to plaintiffs'

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

1  life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically,
2  oppressively, outrageously, and with deliberate indifference and a reckless disregard of
3  plaintiff's life and safety.  Plaintiffs are entitled to an award of punitive damages against the
4  estate of KEVIN NEAL in an amount to be shown at trial.

5      168.    Plaintiffs are informed and believe and thereon allege that defendants, and each
6  of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs
7  will seek leave of Court to amend this complaint at such time as plaintiffs discover the other
8  conduct of said defendants constituting such liability.

9                            **SEVENTEENTH CAUSE OF ACTION**

10                   **STRICT LIABILITY - ULTRAHAZARDOUS OR**
                     **ABNORMALLY DANGEORUS ACTIVITY**
11              **(As to the Successor in Interest or Estate of Kevin Neal)**

12      Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in
13  full herein.

14      169.    On or about November 14, 2017, KEVIN NEAL engaged in an ultrahazardous
15  activity, to wit: shooting in a residential neighborhood, and while subject to a restraining order
16  which prohibits his possession of firearms.

17      170.    As a result of NEAL's conduct, plaintiff TROY McFADYEN was shot and
18  injured and decedent MICHELLE MCFADYEN was killed.

19      171.    Plaintiffs harm was the kind of harm that would be anticipated as a result of the
20  risk created by shooting a firearm in a residential neighborhood and at persons in the
21  neighborhood.

22      172.    KEVIN NEAL's conduct was a substantial factor in causing plaintiffs' harm.

23      173.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff
24  TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and
25  injury, as well as lost wages / profits, medical bills and expenses, and other special and general
26  damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth
27  in paragraphs 25-29 above.

28

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 42
**Complaint for Damages**

174.   As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

175.   The acts of KEVIN NEAL were done with deliberate indifference to plaintiffs' life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety.  Plaintiffs are entitled to an award of punitive damages against the estate of KEVIN NEAL in an amount to be shown at trial.

176.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## EIGHTEENTH CAUSE OF ACTION

### HARASSMENT
### (As to the Successor in Interest or Estate of Kevin Neal)

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

177.   At all times pertinent hereto, defendant KEVIN NEAL engaged in a course of harassment against plaintiffs which was intended to scare, annoy and/or harass plaintiffs.

178.   As a result of KEVIN NEAL's conduct, plaintiffs suffered fear, worry, nervousness, grief, anger and annoyance.

179.   The acts of KEVIN NEAL were done with deliberate indifference to plaintiffs' life, safety, and well-being and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of plaintiff's life and safety.  Plaintiffs are entitled to an award of punitive damages against the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

estate of KEVIN NEAL in an amount to be shown at trial.

**Additional STATE causes of action against THE RANCHO TEHAMA ASSOCIATION, brought pursuant to 28 U.S.C. §1367:**

### NINETEENTH CAUSE OF ACTION

**NEGLIGENCE**
**(As to the Rancho Tehama Association)**

Plaintiffs incorporate herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

180.    At all times mentioned herein, Defendant ASSOCIATION was, and now is a California corporation, with its principal place of business in Tehama County, California, and is commonly called the Rancho Tehama Association. Defendant association has its principal office in Tehama County, California.

181.    Defendant association, was formed and now exists, for the benefit, protection, and safety of the individual owner-members of the association, for the purposes set forth in Article I of the Articles of Incorporation of the Association, which sets forth that the Association is formed to provide for maintenance, preservation and control of the residence Lots and Common Area of Rancho Tehama covered by the Association, and to promote the health, safety and welfare of the residents within that property, including the duties of maintenance, management, upkeep, and repair of all of the Common Area and all facilities of Rancho Tehama Association neighborhoods.

182.    At all times herein mentioned, defendants and each of them owned, maintained, controlled, managed, and operated the premises and common areas of the premises of the Association.

183.    At all relevant times herein mentioned, defendants, and each of them, had a fiduciary duty to plaintiffs to maintain security in the premises and common areas of the Association premises, against criminal conduct and other foreseeable risks of injury.

184.    Plaintiffs are informed and believe and thereon allege, that numerous

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

complaints had been made to the Association and its members, regarding the danger posed by KEVIN NEAL, including but not limited to, concerns that NEAL had firearms, that NEAL was discharging firearms within the common areas of the community, that the DEPARTMENT were not responding to calls and steps needed to be taken to get a greater law enforcement presence, that NEAL, a renter, was causing numerous issues and acting erratically and violently towards his neighbors and members of the community.  Despite these reports, no action was taken to protect plaintiffs or other members in the common areas of the Rancho Tehama Association.

185.    As set forth herein, prior to November 2017, and continuing through November 2017, defendant association  failed to maintain and control the common areas to be free from known dangers posed by NEAL having guns and discharging them in common areas; and failed to exercise due care for the plaintiffs', and others, safety in these areas, under the association's control, in that the association failed to take any steps to deter the ongoing and continuing criminal conduct of KEVIN NEAL, as alleged herein, and even though the association had been informed that crimes were being committed by KEVIN NEAL and danger he posed to the association members, and knew that the violent threats and acts continuing and escalating, the association failed to take any action to protect the health, welfare, and safety of plaintiffs, or others, in and around plaintiffs residence, or the common areas of the community.

186.    The above-described negligence of defendant association caused plaintiffs, and others, to be virtually at the mercy of KEVIN NEAL's violent acts.

187.    The above-described negligence of defendant association breached its duty to plaintiffs to maintain security in the premises and common areas of the premises against criminal conduct and other foreseeable risks of injury.

188.    The herein-described conduct of defendant association was performed within the scope of their association and director duties, were not performed in good faith, and were willful, wanton, or grossly negligent.

189.    As a result of the negligence, acts and failures to act by defendant association as alleged above, plaintiffs and others, were continuously placed in great apprehension of

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

further violent attacks and threats by defendant KEVIN NEAL with no hope of assistance by defendant association and defendant directors.

190.    As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

191.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

192.    Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

## TWENTIETH CAUSE OF ACTION

### PUBLIC AND PRIVATE NUISANCE
**(As to all defendants)**

Plaintiffs incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

193.    At all times pertinent hereto, KEVIN NEAL was permitted to interfere with the public and the Plaintiffs comfortable enjoyment of their real property by acting violently, erratically, and in an unsafe manner, by threatening members of the community, assaulting members of the community, owning and discharging firearms within the community and his home despite being a felon and subject to a restraining order that prohibited NEAL from possessing guns, and being a nuisance to the community.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

194.   Plaintiff is informed and believes and thereon alleges, that defendants, and each of them, permitted the nuisance caused by NEAL to continue, as they actively ignored, discouraged complaints by, and refused to take any steps to stop and/or prevent the nuisance and threat caused by NEAL.

195.   Defendant NEAL's conduct constitutes a public nuisance within the meaning of Civil Code section 3480 and a private nuisance within the meaning of Civil Code section 3481.

196.   The acts and conduct taken by defendants, and each of them, in creating and/or exacerbating a condition where NEAL was allowed to discharge firearms and act violently and aggressively towards members of the community, including plaintiff, was harmful to plaintiffs, and others health, indecent and offensive, was an obstruction of the free use of property and interfered with plaintiffs, and others, comfortable enjoyment of life and property.  Further, the condition affected a substantial number of people at the same time – to wit members of the Rancho Tehama community, NEAL's neighbors and members of the public in general.

197.   At no point herein did plaintiffs, or others in the Rancho Tehama community consent to NEAL's conduct, or the conduct of defendants, and each of them, in permitting NEAL to continue to act in a violent and erratic manner.

198.   Defendants, and each of their conduct and deliberate indifference to a known threat, and the rights and safety of others, was such that an ordinary person would be reasonably annoyed or disturbed by said conduct.

199.   Defendants, and each of their, conduct and deliberate indifference was a substantial factor in causing plaintiffs harm.

200.   As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 25-29 above.

201.   As a further direct, proximate, and foreseeable result of defendants conduct,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

202.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as plaintiffs discover the other conduct of said defendants constituting such liability.

### TWENTY-FIRST CAUSE OF ACTION

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – BYSTANDER –**
**(Troy McFadyen only)**
**(As to All Defendants)**

Plaintiffs incorporate herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

203.     Defendants, and each of them, had a duty to Plaintiffs as members of the public to ensure that its employees and/or agents acted in a manner consistent with their obligations, duties and responsibilities under the law.

204.     Defendants, and each of them, breached such duty of care to Plaintiffs by engaging in the conduct described in paragraphs 35-43.

205.     As a result of this conduct, plaintiffs were attacked by KEVIN NEAL and sustained serious injuries.

206.     TROY McFADYEN was present when MICHELLE MCFADYEN was shot and killed and was aware that the MICHELLE was shot by NEAL at the time the shooting took place.

207.     TROY McFADYEN suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, shock and worry as a result of this incident and conduct of defendants, and each of them.

208.     Defendants, and each of their, conduct was a substantial factor in causing

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

1  plaintiffs harm, and/or enhanced the risk of harm to plaintiff, and each of them, and thereafter

2  failed to protect them, proximately causing plaintiffs to be deprived of their constitutional rights

3  and/or be injured.

4      209.   As a direct, proximate, and foreseeable result of defendants' conduct, plaintiff

5  TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and

6  injury, as well as lost wages / profits, medical bills and expenses, and other special and general

7  damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth

8  in paragraphs 25-29 above.

9      210.   As a further direct, proximate, and foreseeable result of defendants conduct,

10 MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and

11 SIA BOW to suffer the loss of their spouse/mother, depriving plaintiffs of the care, comfort,

12 society and support of their loved one, MICHELLE MCFADYEN, and causing plaintiffs to

13 incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to

14 proof at the time of trial of this matter, as set forth in paragraphs 31-34 above.

15     211.   Plaintiffs are informed and believe and thereon allege that defendants, and each

16 of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs

17 will seek leave of Court to amend this complaint at such time as plaintiffs discover the other

18 conduct of said defendants constituting such liability.

19   **Additional STATE causes of action against ASSISTANT SHERIFF PHIL**

20 **JOHNSTON, brought pursuant to 28 U.S.C. §1367:**

21           **TWENTY-SECOND CAUSE OF ACTION**

22       **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
              **(As to Troy McFadyen only)**
23             **(As to All Defendants)**

24     Plaintiffs incorporate herein by reference all preceding paragraphs of this *Complaint for*

25 *Damages* as though fully set forth herein.

26     212.   After the shooting, plaintiffs are further informed and believe and thereon allege

27 that, the DEPARTMENT assumed TROY McFADYEN was the shooter and detained him, even

28 though TROY McFADYEN had been shot by KEVIN NEAL.  During his detention, TROY

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

was not free to leave and was in the officer's custody. Therefore, there existed a "special relationship" between plaintiffs and the officers at the point they detained him, for the purposes of establishing the officers' duty to act under 42 USC section 1983.  Even though TROY McFADYEN was shot and required medical assistance, defendants refused to provide him with medical care.  After determining that plaintiff TROY McFADYEN was a victim, and not the shooter, the DEPARTMENT simply left him in the middle of the road, injured, and again refused to summon medical assistance. Defendants affirmative conduct placed plaintiff in an even more dangerous situation and were deliberately indifferent to the fact that plaintiff may suffer further injury or assault by being left in an open-shooter situation and with severe medical injuries. A third party happened upon TROY laying in the road and, realizing the danger, moved him into a dumpster for protection.

213.    At all times pertinent hereto, defendant COUNTY had a duty to protect plaintiffs from acts of third parties due to the existence of the special relationship.

214.    In committing the acts described herein, defendant COUNTY breached their constitutional duty owed to plaintiff and acted willfully, knowingly, under color of state authority, and purposefully with the specific intent to deprive Plaintiffs of their right to be protected from the wrongful acts of KEVIN NEAL.

215.    The conduct of defendants, and each of them, as set forth above, was done by defendants, and each of them, in a manner that shocks the conscience, and/or in conscious disregard or deliberate indifference to a known and obvious danger.

216.    Defendants, and each of their, conduct in leaving Troy McFadyen in a dangerous open shooter situation, while he was in dire need of medical care, and after having unlawfully detained him, was outrageous, intended to cause plaintiffs emotional distress, or was made with reckless disregard of the probability that plaintiffs would suffer emotional distress, knowing that plaintiffs would hear the statement made to the public.

217.    As a result of this conduct, plaintiff suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, shock and worry as a result of this incident, and defendants' conduct was a substantial factor in

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**

1    causing plaintiff's harm.

2        218.    The statements of PHIL JOHNSTON were done with deliberate indifference to

3    plaintiffs' life, safety, and well-being and were done intentionally, maliciously recklessly,

4    sadistically, oppressively, outrageously, and with deliberate indifference and a reckless

5    disregard of plaintiff's life and safety.  Plaintiffs are entitled to an award of punitive damages

6    against PHIL JOHNSTON in an amount to be shown at trial.

7        219.    Plaintiffs are informed and believe and thereon allege that defendants, and each

8    of them, are in some other way responsible for acts of which plaintiffs are unaware.  Plaintiffs

9    will seek leave of Court to amend this complaint at such time as plaintiffs discover the other

10   conduct of said defendants constituting such liability.

11

12                    **VII.        <u>PRAYER FOR RELIEF</u>**

13       WHEREFORE, PLAINTIFFS PRAY FOR A JURY TRIAL and judgment against

14   defendants as follows:

15       1.      For general damages for TROY MCFADYEN, against each defendant, jointly

16   and severally, in the amount to be proven at trial;

17       2.      For special damages for TROY MCFADYEN, against each defendant, jointly

18   and severally, in the amount to be proved at trial;

19       3.      For medical expenses of TROY MCFADYEN, against each defendant, jointly

20   and severally, according to proof;

21       4.      For loss of wages and earning capacity for TROY MCFADYEN, against each

22   defendant, jointly and severally,  in a sum according to proof;

23       5.      General damages for TROY MCFADYEN, SIA BOW and PHILLIP BOW, for

24   the loss of society and companionship of decedent MICHELLE MCFADYEN, against each

25   defendant, jointly and severally, in the amount to be proven at trial;

26       6.      For funeral and burial expenses of MICHELL MCFADYEN, for TROY

27   MCFADYEN, SIA BOW and PHILLIP BOW, against each defendant, jointly and severally,

28   according to proof;

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 51
**Complaint for Damages**

7.     For special damages for TROY MCFADYEN, SIA BOW and PHILLIP BOW for future contributions and value of personal services, advice or training as to decedent MICHELLE MCFADYEN, against each defendant, jointly and severally, according to proof;

8.     For punitive and exemplary damages to TROY MCFADYEN, SIA BOW and PHILLIP BOW against defendants, and each of them, (except municipality defendants) in an amount appropriate to punish them and deter others from engaging in similar misconduct;

9.     For prejudgment interest, as allowed by law;

10.    For injunctive relief against COUNTY and DEPARTMENT defendants;

11.    For costs and reasonable attorneys' fees against defendant COUNTY and DEPARTMENT pursuant to 42 U.S.C. §1985 and §1988 and as otherwise authorized by statute or law; and

12.    For such other and further relief as this Court may deem proper.

DATED:  November 5, 2018                    BARR & MUDFORD, LLP

                                            _/s/  Cathleen Theresa Barr_____
                                            JOHN DOUGLAS BARR  (SBN 40663)
                                            CATHLEEN T BARR (SBN 295538)
                                            ESTEE LEWIS (SBN 268358)
                                            BRANDON STORMENT (SBN 267260)
                                            TROY DOUGLAS MUDFORD (156392)
                                            Attorneys for Plaintiffs

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages**