1    **TROY DOUGLAS MUDFORD** ....... California State Bar No. 156392
     **ESTEE LEWIS**...................................California State Bar No. 268358
2    **CATHLEEN THERESA BARR** ....... California State Bar No. 295538
     **BRANDON STORMENT** .................State Bar No. 267260
3    **BARR & MUDFORD, LLP**
     1824 Court Street/Post Office Box 994390
4    Redding, California  96099-4390
     Telephone: (530) 243-8008
5    Facsimile: (530) 243-1648

6

7    Attorneys for Plaintiffs

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORIA**

10

| | |
|---|---|
| 11    TROY McFADYEN, in his Individual Capacity, And as Heir at Law and Successor in Interest To MICHELLE MCFADYEN, deceased; | No. 2:18-CV-02912-TLN-DMC |
| 13    PHILLIP BOW; and | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| 15    SIA BOW, as Heirs of Law and Successors In Interest to MICHELLE MCFADYEN, Deceased; | **CIVIL RIGHTS ACTION AND PENDANT STATE CLAIMS** <br><br> (**DEMAND FOR JURY TRIAL**) |
| 17         Plaintiffs, | **FEDERAL CAUSES OF ACTION** |
| 18         vs. | [1. VIOLATION OF DUE PROCESS UNDER THE 14th AMENDMENT, IN VIOLATION OF 42 U.S.C. §1983] |
| 20    COUNTY OF TEHAMA; TEHAMA COUNTY SHERIFFS' OFFICE; SHERIFF DAVE HENCRATT, in his individual and official capacity as Sheriff for the County of Tehama Sheriff's Department; ASSISTANT SHERIFF PHIL JOHNSTON, in his individual and official capacity as Assistant Sheriff for the County of Tehama Sheriff's Department; SUCCESSOR IN INTEREST OR ESTATE OF KEVIN NEAL and; THE RANCHO TEHAMA ASSOCIATION INC., JOHN/JANE DOES 1-20 | [2. VIOLATION OF EQUAL PROTECTION UNDER THE 14TH AMENDMENT, IN VIOLATION OF 42 U.S.C. §1983 (STATE CREATED DANGER)] <br><br> [3. FAILURE TO TRAIN/SUPERVISE, IN VIOLATION OF 42 U.S.C. §1983] <br><br> **STATE CAUSES OF ACTION - COUNTY** <br><br> [4. FAILURE TO PERFORM MANDATORY DUTIES GOV'T CODE SECTION 815.6, VIOLATION OF PENAL CODE SECTIONS 836(A) AND (C)(1))] |
| 28         Defendants. | |

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 1
**First Amended Complaint for Damages**

**[5. NEGLIGENT SUPERVISION, TRAINING, RETENTION AND RATIFICATION]**

**[6. NEGLIGENCE / NEGLIGENCE PER SE]**

**CAUSES OF ACTION AGAINST THE RANCHO TEHAMA ASSOCIATION INC**

**[7. NEGLIGENCE / NEGLIGENT PREMISE LIABILITY]**

**CAUSES OF ACTION AGAINST ALL DEFENDANTS**

**[8. PUBLIC AND PRIVATE NUISANCE]**

**[9. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – BYSTANDER]**

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     **COMES NOW** Plaintiffs, TROY McFADYEN, PHILLIP BOW, and SIA BOW, by and through their attorneys of record, and allege the following against defendants.

2.     Plaintiffs demand a jury trial.

## OVERVIEW

3.     The Rancho Tehama Reserve is a rambling, rural community spread across 11.7 square miles in Tehama County.  It is poor and isolated. The nearest major services are in Corning (about 23 miles and 34 minutes driving time away) and Red Bluff (about 25 miles and 38 miles driving time away.)

4.     On information and belief, Rancho Tehama's 2,100 residents have a median household income of just over $27,000, and the poverty rate (by federal measure) is 43 percent.

5.     On information and belief, Defendants are and were at all relevant times herein biased and prejudiced against Rancho Tehama, and reluctant and slow to respond, if at all, to

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 2
**First Amended Complaint for Damages**

disturbances and calls there, based on defendants' biased perception of the community and its residents as (a) impoverished and a haven for lowlifes, drug use, and general lawlessness; (b) geographically remote and isolated; and (c) therefore undeserving of and not worthy of defendants' time, effort, protection, patrol, response, and intervention.  As a result of these biases and prejudices, defendants discriminated against Rancho Tehama and it residents compared to other communities within defendants' jurisdiction, and provided at best diminished services to the community and its residents in response to dangerous incidents and complaints of dangerously illegal conduct, threats, and violence, thereby enhancing Plaintiff, decedent, the community's and its residents' exposure to danger.

6.      But this case is about more than members of the TCSO simply failing to respond to requests for assistance from the Rancho Tehama community (the term "Rancho Tehama community" broadly includes both residents of Rancho Tehama Reserve and residents of surrounding towns like Corning who must frequently travel through Rancho Tehama Reserve) they have sworn to protect.

7.      This case is about the discriminatory practices and bias against the Rancho Tehama community, and the foreseeable harm caused by the TCSO actively communicating explicit (in 2016) and/or implicit assurances to a specific, dangerous person that he could continue to recklessly use (in 2016, before any disqualifying Court Orders were issued) and/or unlawfully (after January 2017) possess firearms without arrest or consequence and despite the enhanced risk of gun violence this posed to members of the Rancho Tehama community and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones.

8.      That person's name was KEVIN NEAL (hereinafter, "NEAL").

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

9.      On information and belief, defendants responded less frequently, less effectively, and more antagonistically toward Rancho Tehama residents and their calls reporting (a) domestic disputes; (b) neighbor disputes; (c) violations of Civil Restraining and Criminal Protective orders; (d) discharge of firearms; and (e) in particular, complaints regarding the threatening, violent, erratic, and dangerous conduct of NEAL, including related to each of the foregoing matters.

10.      Plaintiffs are informed and believe and thereon allege that for at least a full year prior to November 14, 2017, NEAL terrorized his neighbors and the Rancho Tehama Reserve community in Tehama County with both a sense of impunity which he derived from both defendants' affirmative, encouraging acts; defendants' refusal to carry out their mandatory duties to enforce the law and Court Orders issued against NEAL after January 2017, and defendants conduct of explicitly (in 2016) and implicitly (after January 2017) sending a message that NEAL can continue with his dangerous conduct; and defendants' inaction, as more fully set forth below in the "General Allegations Leading Up to the Murderous Rampage: Neal's Year of Terror". Despite knowledge that NEAL was shooting in a reckless manner prior to January 2017, and continued doing so after January 2017, after court orders were issued, including a Criminal Protective Order and a Civil Restraining Order prohibiting NEAL from possessing or discharging firearms, or possessing ammunition—and despite numerous reports by Rancho Tehama residents (including those covered by the Court Orders) that NEAL did in fact 1) continue to possess firearms, 2) shot them repeatedly on a near daily basis; 3) shot them in a reckless manner; 4) was known to be a violent, erratic and dangerous individual, 5) had casings scattered throughout his property, and bullet holes riddling the fence, as well as 6) defendants' awareness and acknowledgment of the foregoing facts—defendants steadfastly refused to comply with its mandatory obligations under the law and enforce the court orders

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

against NEAL and sent a message – both explicitly (in 2016) and implicitly (after January 2017) - to NEAL that he could continue with this behavior with impunity.

11.     In particular, for at least a year prior to the November 14, 2017 incident, NEAL had a long-running, violent feud with his neighbors, Danny Elliot and Diana Steele.

12.     Upon information and belief, the TCSO responded to at least one complaint from Steele of NEAL recklessly shooting firearms on his property in 2016 and NEAL admitted to one or more TCSO officers that he was, in fact, firing weapons on his property and would continue to do so.

13.     Upon information and belief, the TCSO, either explicitly or implicitly, communicated to NEAL, during the course of this direct interaction, that he would be able to continue to own and recklessly use weapons to terrorize the surrounding community without any repercussions.

14.     After January 2017, a Criminal Protective Order and Civil Restraining Order were issued prohibiting NEAL from possession firearms or ammunition.

15.     Upon information and belief, the TCSO also became aware, after January 2017, but prior to November 14, 2017, that NEAL was prohibited from possessing firearms due to multiple disqualifying Court Orders (including one or more which named Elliot and Steele as protected parties) .

16.     Upon information and belief, the TCSO further learned, prior to November 14, 2017, that NEAL was violating these relevant Court Orders, after receiving numerous complaints of NEAL's reckless use and/or unlawful possession of one or more firearms from several members of the Rancho Tehama community and, further, observed clear evidence of NEAL's reckless use and/or unlawful possession and use of one or more firearms on NEAL's property.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 5
**First Amended Complaint for Damages**

17.     Rather than arrest NEAL immediately in accordance with the law and mandatory duties under the Court Orders, the TCSO, actively sent implicit but clear signals to NEAL that it would take no action against him for continuing to recklessly use and/or unlawfully possess and discharge firearms.

18.     The TCSO sent these signals to NEAL through a conspicuous pattern of behavior in and around NEAL's residence and in actual or attempted telephone communications with NEAL that the TCSO knew would be observed or recognized by NEAL.

19.     Upon information and belief, NEAL did, in fact, observe or recognize this pattern of behavior and internalized the message that he would enjoy impunity for recklessly using and/or unlawfully possessing firearms.

20.     As a direct and foreseeable consequence of the explicit (in 2016) and/or tacit assurances (after January 2017) of impunity NEAL received from the TCSO, NEAL continued to recklessly use and/or illicitly possess firearms prior to and on the day of November 14, 2017.

21.     The foreseeable and unacceptably high risk that NEAL would misuse firearms to harm other members of the Rancho Tehama community and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones, is precisely the reason why the court Orders - that the TCSO purposefully undermined - were put in place.

22.     On the morning of November 14, 2017, that foreseeable risk became a reality.

23.     On that day, NEAL went on a deadly shooting rampage in and around Rancho Tehama in which he murdered five people (including protected parties, Elliot and Steele) and injured approximately twelve others with one or more firearms he could not legally possess.

24.     On information and belief, Plaintiffs and/or their loved one was injured either due to NEAL's feud with Danny Elliot and Diana Steele (protected persons), or while on his

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 6
**First Amended Complaint for Damages**

way and/or in his attempt to locate and kill G.E. (a protected minor), as the school.

25. Plaintiffs and/or their loved ones were among NEAL's victims.

26. But for the misconduct of the TCSO in actively sanctioning his misconduct, NEAL would not have had firearms on November 14, 2017, would have been deterred from recklessly using and/or illegally possessing firearms and/or would have been in custody.

27. Plaintiffs seek civil justice against the TCSO for its role in, either explicitly (in 2016) and implicitly, communicating to and endorsing NEAL's ability to continue to recklessly use (in 2016) and/or unlawfully possess (after January 2017) firearms leading up to November 14, 2017.

28. The TCSO showed egregious, conscience-shocking indifference to Plaintiffs and their loved one's constitutional rights – including, but not limited to, their substantive due process rights to life and security and prejudice and bias against the Rancho Tehama community and travelers therein.

### JURISDICTION

29. The Court has subject-matter jurisdiction of this case and these claims. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988 for violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

30. Jurisdiction is based on 28 U.S.C. §§1331 and 1343.

31. Plaintiffs further seek to invoke supplemental jurisdiction over state law claims under 28 U.S.C. §1367. Plaintiffs have filed the appropriate administrative claim with defendant COUNTY OF TEHAMA, as to defendants COUNTY, TEHAMA COUNTY SHERIFF'S OFFICE, HENCRATT and JOHNSTON, and Plaintiffs' claim was rejected by that entity on June 5, 2018. A true and correct copy of the Claims for Damages is attached hereto as **Exhibits A and B, consecutively.**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

32.     Venue is proper in this court because the events giving rise to this Complaint all occurred in Tehama County, California, a geographical area which falls within the boundaries of the United States District Court for the Eastern District of California.

33.     Plaintiffs seek an award of compensatory damages, costs and expenses and reasonable attorney's fees pursuant to 42 USC Section 1983. Further, fee entitlement is alleged pursuant to 42 USC section 1988.

## THE PARTIES

34.     That, at all times pertinent hereto, Plaintiff TROY McFADYEN is a resident of the City of Cottonwood, County of Shasta, State of California.  Further, at all times pertinent hereto, Plaintiff is the surviving spouse of MICHELLE MCFADYEN, deceased. Plaintiff brings this action in his individual capacity as a victim and as the heir of MICHELLE MCFADYEN, deceased.

35.     That, at all times pertinent hereto, Plaintiff PHILLIP BOW was a resident of the City of Santa Rosa, County of Sonoma, State of California, and he is the surviving adult son of MICHELLE MCFADYEN, deceased.

36.     That, at all times pertinent hereto, Plaintiff SIA BOW was a resident of the City of Redding, County of Shasta, State of California, and he is the surviving adult daughter of MICHELLE MCFADYEN, deceased.

37.     Plaintiffs TROY McFADYEN, PHILLIP BOW and SIA BOW are hereinafter collectively referred to as Plaintiffs or individually by name.

38.     TROY McFADYEN, PHILLIP BOW and SIA BOW are the heirs at law and the successors-in-interest of MICHELLE MCFADYEN, and bring this lawsuit both in their capacity as wrongful death heirs, and as successors-in-interest of MICHELLE MCFADYEN. A Declaration of Heir and Successor in Interest, signed by TROY, PHILLIP and SIA were

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

previously filed in this case as required by and in compliance with California Code of Civil Procedure section 377.32. TROY, PHILLIP and SIA seek survivor damages for MICHELLE MCFAYDEN, as well as wrongful death damages for themselves.

39.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendants COUNTY OF TEHAMA, and TEHAMA COUNTY SHERIFF'S OFFICE (hereinafter referenced as defendants "TCSO" were, respectively, a body politic (to wit, a county government) and one of its departments organized, existing and operating as such in and under the laws of the State of California, with their principal place of business located in the City of Red Bluff, County of Tehama, State of California. Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendants TCSO employed DAVE HENCRATT and PHIL JOHNSTON as Sheriff and Assistant Sheriff, respectively. TCSO is directly liable for causing Plaintiffs and/or their loved one's federal civil rights violations pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and vicariously liable in *respondeat superior* for the tortious and negligent acts and omissions of its employees, including Defendants HENCRATT and JOHNSTON, and the DOE defendants, arising under California law, pursuant to Cal. Gov. Code § 815.2.

40.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendant DAVE HENCRATT was a resident of the County of Tehama, State of California, and that he was employed as a sworn officer and Sheriff with defendants TCSO and was acting under color of law and in the scope and course of that employment. Defendant DAVE HENCRATT is sued in his official, supervisory and individual capacity and is hereinafter referred to as "defendant HENCRATT." He is liable to Plaintiffs under state law for his own negligent acts and omissions in failing to properly hire, train, supervise, and/or discipline his subordinates, including Defendant PHIL JOHNSTON and other deputies under

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 9
**First Amended Complaint for Damages**

his command. He is also liable to Plaintiffs under 42 U.S.C. § 1983 under the standard of supervisory liability for directly and personally participating in and causing Plaintiffs and/or their loved one's constitutional deprivations; for setting in motion, and/or knowingly refusing to terminate, the series of acts and omissions of his subordinates which led to and caused Plaintiffs' constitutional deprivations and injuries; for acquiescing in the constitutionally infirm acts and omissions of his subordinates; and/or for showing reckless and/or callous indifference to Plaintiffs and/or their loved one's constitutional rights. Defendant HENCRATT was at all relevant times herein, a policymaker and/or decision maker for the TCSO.

41.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, defendant PHIL JOHNSTON was a resident of the County of Tehama, State of California, and that he was employed as a sworn officer and Assistant Sheriff with defendants TCSO and was acting under the color of law and in the scope and course of that employment. Defendant PHIL JOHNSTON is sued in his official, supervisory and individual capacity and is hereinafter referred to as "defendant JOHNSTON." He is liable to Plaintiffs under state law for his own negligent acts and omissions in failing to properly hire, train, supervise, and/or discipline his subordinates and other deputies under his command. He is also liable to Plaintiffs under 42 U.S.C. § 1983 under the standard of supervisory liability for directly and personally participating in and causing Plaintiffs and/or their loved one's constitutional deprivations; for setting in motion, and/or knowingly refusing to terminate, the series of acts and omissions of his subordinates which led to and caused Plaintiffs and/or their loved one's constitutional deprivations and injuries; for acquiescing in the constitutionally infirm acts and omissions of his subordinates; and/or for showing reckless and/or callous indifference to Plaintiffs and/or their loved one's constitutional rights. Defendant JOHNSTON was at all relevant times herein, a policymaker and/or decision maker for the TCSO.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

42.     Plaintiffs are informed and believe and thereon allege that at all times pertinent hereto, Defendants, TCSO, HENCRATT, JOHNSTON, were state actors, acting under the color of law, and in the course and scope of their employment, who had policy-making authority, and ratified the practices set forth in this complaint, approved and allowed this conduct to continue and/or were complacent with said conduct implicitly giving permission for said conduct to continue.

43.     Plaintiffs are informed and believe and thereon allege that, defendant THE RANCHO TEHAMA ASSOCIATION (hereinafter "RTA" or "the Association") is, and at all times herein mentioned was, an association of property owners of the Rancho Tehama Unit 1, in the City of Rancho Tehama, County of Tehama, State of California, as more particularly set out in the Articles of Incorporation filed on June 4, 1998, the Declaration Restrictions, located in Volume 544, Page 272, and recorded on August 28, 1970, in the official Records of the Recorder of Tehama County, and subsequently modified by Instrument recorded on January 28, 1971, located in Volume 561, Page 254.

44.     JOHN/JANE DOES 1 through 10 are other natural persons and TCSO officials or supervisors whose true names and identities are presently unknown.  Plaintiffs will seek to substitute their true names and identities for these fictitious names as they can be ascertained. At all relevant times, DOES 1 through 10 were acting under color of California state law, in the course and scope of their duties as TCSO employees.

45.     JOHN/JANE DOES 11 through 20 are other entities/natural persons who bear liability for Plaintiffs and/or their loved one's injuries and damages herein, whose true names and identities are presently unknown.  Plaintiffs will seek to substitute their true names and identities for these fictitious names as they can be ascertained.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

46.     Defendants COUNTY OF TEHAMA, COUNTY OF TEHAMA SHERIFF'S OFFICE, PHIL JOHNSTON and DAVE HENCRATT, THE ESTATE OF NEAL, THE RANCHO TEHAMA ASSOCIATION and DOES 1-20 are hereinafter referred to collectively as defendants or individually by name.

## CASE SPECIFIC ALLEGATIONS

Plaintiffs hereby incorporates by reference all preceding paragraphs as though set out in full herein.

47.     On November 14, 2017, Plaintiff TROY McFADYEN was driving his car on Stagecoach Road near Oak Park Road in Rancho Tehama.   His wife, MICHELLE MCFADYEN, mother of SIA and PHILLIP BOW, was a passenger in the car.

48.     At the time and place aforesaid, KEVIN NEAL, driving a stolen F-150 pickup, and driving in the opposition direction as the McFadyen's, swerved directly into the path of and struck the McFadyen's car causing it to go off into a drainage ditch.

49.     As TROY and MICHELLE MCFADYEN tried to get out of the car, they heard gunshots.  They then saw KEVIN NEAL in the roadway, walking towards them and shooting at them.

50.     After the shooting, and after KEVIN NEAL had left, Plaintiffs are further informed and believe and thereon allege that, the sheriffs' department arrived with three to four patrol cars and assumed TROY McFADYEN was the shooter and detained him, even though TROY MCFADYEN had been shot by KEVIN NEAL.  During his detention, neither TROY nor MICHELLE MCFADYEN were free to leave and as they were in the officers' custody. Even though both TROY and MICHELLE McFADYEN were shot and required medical assistance, defendants refused to provide them with medical care.  After determining that Plaintiff TROY McFADYEN was a victim, and not the shooter, the sheriffs abandoned him and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

MICHELLE MCFADYEN, and again refused to summon medical assistance. Defendant TCSO did not check on MICHELLE MCFADYEN and she succumbed to her injuries. Defendants TCSO acted deliberately indifferent to the fact that Plaintiff and decedent may suffer further injury or assault by being left in an open-shooter situation, in the road in critical condition. Rather than using one of the four patrol cars that arrived to assist TROY McFADYEN and his wife, defendant TCSO and all of their patrol cars left the scene exposing TROY to vehicles traveling at high speeds near his bleeding body.

51.    A third-party witness/ garbage truck driver, happened upon TROY laying in the road and, realizing the danger, moved him into the dumpster/garbage portion of his vehicle, for protection.  Since no ambulance was called, TROY McFADYEN was driven to the hospital in the dumpster of this garbage truck.

52.    KEVIN NEAL'S actions of firing his weapon at MICHELLE MCFADYEN and TROY McFADYEN, and the lack of medical attention thereafter, ultimately resulted in MICHELLE McFADYEN's death, and severely injured TROY McFADYEN causing him emotional distress, permanent disfigurement, constant pain, and anxiety that would normally stem from an incident and injuries such as this. TROY McFADYEN's injuries have severely impacted his ability to work at his physically demanding job.

53.    As a direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, Plaintiff TROY McFADYEN was injured and suffered grievous and permanent injuries to his physical, mental, emotional and nervous systems, all to his detriment in an amount greatly in excess of the minimum jurisdiction of this Court, including, but not limited to, those injuries set forth in *supra*.

54.    As a further direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, Plaintiff TROY McFADYEN was forced to hire

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

physicians and surgeons and undergo other and further expense as and for his medical care, all in an amount which cannot yet be ascertained. Plaintiffs will seek leave to amend this complaint to allege such amount when it becomes more certain.

55.     As a further direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, Plaintiff TROY McFADYEN, has lost wages and/or been greatly reduced in his working capacity and/or future working capacity.  Plaintiffs are informed and believe and, on such information, and belief state that this said reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

56.     As a further direct, proximate, and foreseeable result of aforementioned actions and conduct of defendants, and each of them, Plaintiff TROY MCFADYEN has suffered, and will continue to suffer in the future, consequential damages and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damages in a sum to be determined at the time of trial.

57.     As a further direct, proximate, and foreseeable result of aforementioned actions and conduct of defendants, and each of them, Plaintiffs were compelled to retain legal counsel to protect his rights. Therefore, defendants, and each of them, are liable to Plaintiffs for those attorney's fees incurred by Plaintiffs in a sum to be determined at the time of trial.

58.     As a direct, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, MICHELLE MCFADYEN was fatally shot, all to Plaintiffs' damage in an amount greatly in excess of the minimum jurisdiction of this Court.

59.     As a further direct, legal, proximate, immediate and foreseeable result of the actions and conduct of defendants, and each of them, Plaintiffs TROY MCFADYEN, SIA BOW and PHILLIP BOW have been deprived of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, all to Plaintiffs' damage in an amount greatly in excess of the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994300
Redding, CA  96099-4390
(530) 243-8008

minimum jurisdiction of this Court.

60.     As a further, direct, legal, proximate, immediate and foreseeable result of the negligence of these defendants, and each of them, in causing the death their loved one, MICHELLE MCFADYEN, Plaintiffs TROY MCFADYEN, SIA BOW and PHILLIP BOW incurred funeral and burial expenses in an amount subject to proof at the time of trial of this matter.

61.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)   Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

62.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are negligent or in some other way responsible for acts of which Plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this *Complaint for Damages* at such time as Plaintiffs discover the other acts of said defendants constituting said liability.

## GENERAL ALLEGATIONS

Plaintiffs hereby incorporates by reference all preceding paragraphs as though set out in full herein.

///

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

63.     NEAL was well-known to the Tehama County Sheriff's Office ("TCSO") and the individual defendants.  NEAL lived in with his girlfriend Barbara Glisan ("Glisan"),[1] in a remote section of Rancho Tehama Reserve, an impoverished area of the County, where he had a long simmering feud with his neighbors, Diana Steele, Bob Steele, Danny Elliot and G.E.

64.     Plaintiffs are informed and believe and thereon allege that for <u>over</u> one year prior to NEAL's murderous spree, defendants TCSO, HENCRATT, JOHNSTON and their employees or agents, actively, willfully, recklessly and with deliberate indifference to the danger to the Rancho Tehama community clearly communicated to NEAL, explicitly (prior to 2017) and implicitly (after January 2017), that he could recklessly use and/or unlawfully possess firearms with impunity.

65.     More specifically, on information and belief, over the course of the year proceeding NEAL's deadly rampage, defendants willfully and actively ignored numerous credible complaints about NEAL's illegal, dangerous, and violent behavior from at least nine different people (some of whom are now deceased by his hand), including by falsely and/or unreasonably (a) downplaying the seriousness of the threat by refusing even to log numerous calls; (b) declaring that the TCSO could not respond to "he said/she said" reports; (c) stating that the complaints only amounted to "civil disputes;" (d) advising complainants that in 2016 (prior to the disqualifying Court Orders) that so long as NEAL was shooting in a safe manner, there was nothing the TCSO could do; (e) insisting callers needed photographic proof, or to witness themselves, NEAL's illegal gun use, in derogation of the court orders, and the plain view doctrine; (e) labeling the complainants "not credible;" and (f) warning complainants to mind their own business and threatening to arrest and jail them for calling on law enforcement for help.

---

[1] Ms. Glisan was also frequently referred to as NEAL'S wife.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

66.     The latter threat by Sheriff's deputies created an atmosphere in which victims and potential victims gave up on calling law enforcement because they feared both retaliation from the TCSO, and, in the vacuum created by the TCSO's lack of enforcement, retribution from NEAL if he learned of their complaints.

67.     Further, the TCSO actively sent signals to NEAL that he could recklessly use and/or unlawfully possess firearms explicitly (prior to 2017) and implicitly, both through 1) one or more specific, direct interactions the TCSO had with NEAL in 2016, and 2) a general and conspicuous pattern and practice of non-serious responses to complaints about NEAL's use of firearms (and complaints from NEAL about others) in one or more areas or through actual or attempted telephone communications where the TCSO knew or should have known that NEAL was sure to observe or recognize the TCSO's total disinterest in curtailing his misbehavior involving firearms.

68.     In the year preceding November 14, 2017, the TCSO directly interacted with NEAL on at least one occasion in 2016 (prior to the disqualifying court orders) wherein NEAL admitted using firearms in connection with a complaint of reckless/disruptive shooting and, either explicitly (prior to 2017) or implicitly, endorsed NEAL's dangerous conduct that communicated to NEAL that he would face no repercussions for continuing to misuse firearms after that time.

69.     The TCSO's emboldenment of NEAL by leading him to believe he enjoyed impunity 1) affirmatively exacerbated the risk that NEAL would recklessly use one or more illicitly possessed firearms to harm a specific, foreseeable group of people that included Plaintiffs and/or their loved one's (*i.e.,* members of the Rancho Tehama community) and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones; 2) showed deliberate

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 17
**First Amended Complaint for Damages**

indifference to a known or obvious danger to Plaintiffs and decedent, and 3) in a manner that shocks the conscience.

70.    Plaintiffs further allege, upon information and belief, that defendants, TCSO, HENCRATT, JOHNSTON and its employees or agents, maintained and followed a widespread custom, practice and pattern of prejudice and discrimination of the Rancho Tehama community, by  providing diminished services to the community, being slow and reluctant to respond to calls for assistance, not taking Restraining Order violations, neighbor disputes, complaints of firearms being discharged recklessly, and complaints about NEAL seriously.

71.    On the rare occasions the calls about NEAL were not ignored, TCSO, HENCRATT, JOHNSTON and its employees or agents, were so poorly and improperly trained, supervised and/or controlled, and had such a misunderstanding of or reckless disregard for the law, that normal law enforcement protocols were either intentionally disregarded, or were so unknown to defendants that TCSO did not know that it had authority to act when responding to NEAL's property.

72.    In each instance where defendants refused or failed to investigate or intercede after January 2017, defendants knew that the complaints about NEAL were credible, because defendants knew (a) that NEAL was forbidden by Court Orders to possess and discharge guns and ammunition; (b) that NEAL did not surrender all of the weapons in his possession, including the rifle he used in the commission of the crimes that prompted the Criminal Protective Order; (c) TCSO admitted that they knew NEAL continued to possess and shoot guns and was a dangerous and violent individual, who was prohibited from owning them; (d) NEAL'S property was littered in plain view with shell casings and his fence and other objects were riddled with bullet holes; (e) and defendants both received and transmitted communications to and from other officials that NEAL was delusional and dangerous.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

73.     Upon information and belief, TCSO knew or should have known that NEAL would become aware of TCSO's pattern and practice of not taking complaints made by members of the Rancho Tehama Community, and in particular to complaints involving NEAL seriously due to his observation or recognition of 1) the total disinterest and disregard for public safety shown by members of the TCSO while visiting his property repeatedly without devoting any serious time, attention or energy to investigating the clear evidence of firearms use on his property or compelling him to speak directly with law enforcement and/or 2) actual or attempted phone contacts by the TCSO and upon which the TCSO failed to follow up.

74.     Upon information and belief, NEAL was, in fact, present on multiple of the TCSO visits to his property described herein and/or became aware of one or more phone contacts from the TCSO and the TCSO's subsequent failure to follow up.

75.     Upon information and belief, this pattern of behavior communicated clear and implicit signals of impunity to NEAL for recklessly using and/or illicitly owning firearms, which persisted even after the TCSO became aware of NEAL's Court Orders disqualifying him from owning firearms.

76.     Through its course of conduct in the year leading up to NEAL's rampage, the TCSO's explicitly (prior to 2017) and implicitly through a conspicuous pattern of conduct sent NEAL a message which he clearly understood: That he could recklessly use and/or unlawfully possess firearms without consequence.

77.     The TCSO's misconduct and relevant surrounding facts include the following:

a.   On or about November 13, 2016, before the disqualifying Court Orders were issued, TCSO responded to an incident where NEAL punched a neighbor in the nose, then fired shots at her and another person. Deputies left without making arrests. Hours later, Diana Steele called deputies because NEAL was shooting

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

and yelling in his yard. Deputies found the scene quiet on arrival. Knocked on NEAL's door, who did not answer, and so they left.

b. On November 22, 2016, the Rancho Tehama Association ("RTA") sent a letter to the NEAL residence advising NEAL that RTA had been receiving complaints from the community about the "constant discharging of firearms continuously throughout the day and night" and "constant yelling and threats to neighbors" coming from the NEAL residence. The letter further advised that "Reports have been filed with the Tehama County Sheriff's Office." This put NEAL on notice that TCSO was aware of his possession and reckless discharge of firearms and these complaints, and, further, communicated to NEAL that despite this knowledge, TCSO was doing nothing to prevent or investigate this conduct, emboldening and encouraging NEAL to continue with this dangerous behavior.

c. In November 2016, TCSO responded to a call from Diana Steele, who complained that there were shots coming from NEAL's residence and that NEAL was outside the residence yelling. TCSO contacted NEAL directly and informed NEAL that there had been a complaint about him shooting firearms at his home. NEAL admitted to TCSO that he had been shooting, but stated he was shooting in a "safe manner", that he would no longer shoot at night and that he would cut down on the shooting he did during the daytime. Even though TCSO knew that NEAL discharging these firearms in a residential community and that there had been numerous complaints that he was not shooting in a safe manner and had recently assaulted someone, TCSO and its officers told or otherwise communicated to NEAL he could continue to own and discharge firearms in the community. They then closed the incident without follow-up. In so doing, they

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 20
**First Amended Complaint for Damages**

explicitly (prior to 2017) and implicitly assured NEAL that the TCSO would take no action to prevent, stop or punish NEAL for recklessly and dangerously discharging firearms in the community.

d. Between November and January 2017, NEAL continued to discharge his weapons in the community and act in a violent and threatening manner.

e. On January 31, 2017, NEAL was arrested for and charged with Assault with a Deadly Weapon, False Imprisonment with Violence, Willful Discharge of a Firearm in a Grossly Negligent Manner, Battery, Cruelty to a Dependent Adult: Great Bodily Injury, Robbery, and Possession of an Illegal Firearm. These charges stemmed from a violent attack on Steele and a friend in which NEAL fired six shots at the women with an illegally modified Bushmaster AR-15 style rifle and also punched and/or stabbed one or more victims.   A Criminal Protective Order was issued on February 28, 2017, prohibiting NEAL from owning firearms.

f. On April 7, 2017, the Superior Court for Tehama County issued a Civil Harassment Restraining Order, good for 3 years, against NEAL. It was served on him by Sgt. S. Hoag of the Tehama County Sherriff's office.   The Order protected the Steele's, their minor grandson, G.E., and Hailey Poland.

g. As a result of both the Civil Restraining Order and the Criminal Protective Order, NEAL was prohibited from possessing any firearm or ammunition.   The Orders further mandated that any sworn officer place NEAL under arrest if he was discovered with a gun or ammunition or there is probable cause to believe he violated the Orders. (See also Penal Code §836(c)(1).)

h. According to TCSO's records, in February 2017, NEAL's girlfriend (Glisan)

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

called TCSO informing them that NEAL was served with a Restraining Order restricting him from having firearms and that she was missing a firearm. TCSO called NEAL's girlfriend and she did not answer the phone, so TCSO closed the case.

i.  TCSO and HENCRATT admit they were aware that NEAL still owned and was discharging firearms in the community after the Court Orders were issued and that they allowed him to continue with this behavior.

j.  Plaintiffs are informed and believes that NEAL continued to discharge firearms on a near daily basis between November 2016 until the date of the November 14, 2017 shooting.

k.  Plaintiffs are informed and believes that NEAL knew that members of the Rancho Tehama community and/or RTA were still notifying TCSO that NEAL was engaged in this dangerous activity, and that TCSO was refusing to respond or responding in a non-serious and disinterested manner.  In particular, this included officers turning up to NEAL's property and promptly leaving without any serious effort to locate NEAL or force him to answer questions and/or attempted or actual phone calls between the TCSO and NEAL which resulted in no follow up.  Upon information and belief, the TCSO knew or should have known that NEAL would observe or otherwise become aware of their pattern and practice of showing total disinterest in confronting NEAL regarding his misbehavior and curtailing his reckless use and/or unlawful possession of firearms.

l.  Plaintiffs allege, upon information and belief, that when NEAL was shooting he would position himself so that he could see TCSO and its officers responding,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

and on the rare occasions they responded to a call, once NEAL saw their vehicles coming down the road, he would stop shooting, go inside, dim his lights and refuse to answer the door until after the officers left. Sometimes the officers left immediately so long as it was "quiet on arrival" and other times the officers would knock on NEAL's door a would promptly leave if he did not answer. Upon information and belief, NEAL was, in fact, present and observed such behavior on multiple occasions prior to November 14, 2017, but after he became subject to the disqualifying Court Orders. TCSO's pattern of behavior, as it knew or reasonably should have known, foreseeably sent NEAL an active and implicit signal that so long as TCSO could not find him quickly TCSO would give up and no action would be taken to prevent, stop or punish NEAL from recklessly discharging and/or unlawfully owning firearms. NEAL demonstrated that he had internalized TCSO's message by continuing to recklessly discharge and/or illicitly possess weapons all the way up to and including November 14, 2017.

m. For example, according to TCSO's records, on August 21, 2017, approximately two and a half months prior to the November 14, 2017 shooting, Diana Steele notified TCSO that NEAL was shooting a shotgun towards her home in violation of a Criminal Protective Order (where she was a protected party) and had heard 20-30 rounds. When the dispatcher notified TCSO, the officer asked if there was a Restraining Order. The dispatcher confirmed that there are **several** Restraining orders against NEAL. TCSO checked the area for exactly 1 (one) second according to their records, stated it was "Quiet upon arrival" and closed the case without speaking to the reporting party or NEAL, and without making any

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

attempt to contact any witnesses.  Sadly, but foreseeably, NEAL fatally shot both Steele and Elliot during the subject incident. On information and belief, after murdering Steele and Elliot, NEAL attempted to find Steele's seven-year-old grandson, G.E., a minor, at the local elementary school, to murder him. NEAL ended up shooting a different six-year-old child at the school named A.H., a minor, in the chest and leg. A bullet is still lodged in his chest.

n.  After Steele's death HENCRATT and JOHNSTON stated that Steele and Elliott's calls about NEAL "were not credible" and their statements therefore could not be used in an attempt to obtain a search warrant. This is in direct contrast to the very language of the Restraining Order protecting Steele from NEAL which states, in part, "INSTRUCTIONS FOR LAW ENFORCEMENT...Arrest Required If Order Is Violated... If an officer has *probable cause* to believe that the restrained person had notice of the Order and has disobeyed it, *the officer must arrest the restrained person*." This is a mandatory duty.

o.  On August 23, 2017, Steele called to complain that NEAL was shooting a gun *again*, and that leaves in the tree were falling and you could hear the bullets going over and in between houses. The dispatcher asked whether this was "target practice" and Steele unequivocally stated this was not target practice.  Steele complained that their 7-year-old grandson could not even go outside and play, because anytime anyone went outside NEAL would start shooting.  Steele also stated that NEAL had a Restraining Order against him.   The dispatcher then advised TCSO that there was a Protective Order against NEAL. The Officer ask dispatch to confirm whether that meant that NEAL could not shoot his gun

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

(indicting he has no understanding of how Protective Order's work).   The Dispatcher advised the Restraining Order has a no guns or firearms or ammunition prohibition. The Officer arrived at the scene, did not hear any shots, and closed the case without contacting any parties.

p.   Upon information and belief, at all times pertinent hereto, NEAL's property was littered with ammunition and bullet holes riddled the fence on NEAL's property and these indications of NEAL's reckless use and/or unlawful possession of firearms were clearly observable to the TCSO on its multiple visits to NEAL's property prior to November 14, 2017, but after the TCSO became aware of the Restraining Order and Criminal Protective Order.   Simply looking at the ammunition littering the property or bullet holes riddling the fence would have provided clear "probable cause to believe" that NEAL was in violation of the disqualifying Orders and should have resulted in his arrest.

q.   Plaintiffs are informed and believe and thereon allege that on October 27, 2017, approximately 3 (three) weeks prior to the subject shooting a neighbor complained to TCSO of gunshots and a woman screaming. Deputies left the scene without speaking to NEAL or NEAL's girlfriend. NEAL's girlfriend was found dead under the floorboards of his house when TCSO finally searched the home after the November 14th shooting.

r.   Plaintiffs are informed and believe and thereon allege that TCSO chose to ignore and refuse to respond to a call from NEAL's family members to TCSO shortly before the shooting informing them that NEAL was mentally unstable, deteriorating and was illegally in possession of firearms.

s.   In November 2017, RTA sent another letter to the NEAL residence advising

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 25
First Amended Complaint for Damages

NEAL, once again, that RTA had received numerous complaints from the community about the exact same behavior that was at issue a year prior: the "constant discharging of firearms and constant yelling and screaming" from the NEAL residence. The letter again advised that "Reports have been filed with the Tehama County Sheriff's Office", putting Neal on notice that TCSO aware of his illegal possession and reckless discharge of firearms, and that despite this knowledge, TCSO had done nothing to respond to these complaints.  This reinforced to NEAL that TCSO would take no action to prevent, stop or punish NEAL from recklessly using and/or unlawfully possessing firearms.

t.   On November 5, 2017, a neighbor called to report yelling, screaming and someone shooting in the area. The response from TCSO was that it would provide extra patrols will be provided as time allows.  No other calls were received, and the case was closed. There is no evidence that this call was investigated further or that any patrols were actually sent to the area.

u.   On November 10, 2017, Diana Steele calls to report a female subject screaming for help in the area. The area was checked and was quiet so TCSO closed the case.

v.   Plaintiffs are further informed and believe that despite knowledge that NEAL was illegally in possession of firearms and firing hundreds of rounds from his house and engaging in other erratic and violent behavior, that TCSO, HENCRATT and JOHNSTON claimed it could not do anything since NEAL was "not law enforcement friendly" and "would not come to the door".  Again, TCSO knew or should have known that NEAL was observing or otherwise aware of the TCSO's pattern of non-serious responses involving failure to devote any

BARR & MUDFORD
Attorneys at Law
1834 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 26
First Amended Complaint for Damages

significant time, energy, or effort to locating him or investigating clear evidence of his reckless and/or unlawful use of firearms during the TCSO's repeat visits to the property and/or in connection with actual or attempted phone contacts.

w.  TCSO, HENCRATT and JOHNSTON and its officers and employees admit that they knew that NEAL was actively avoiding them, but still did nothing to try and make contact with him or prevent him from owning or discharging firearms.

x.  On information and belief, on or about November 13, 2017, NEAL began his deadly rampage by killing Glisan (38), and stuffing her body under the floorboards of their home.

y.  Had defendants responded properly to the final two calls of a woman screaming and looked at NEAL's premises, they would have developed automatic probable to arrest NEAL for possessing guns and ammunition in violating the Court's Orders, including a Civil Restraining Order and a Criminal Protective Order, which recited the terms of NEAL's release pending resolution of the felony and misdemeanor charges against him from his January 2017 attack on his neighbors, including ammunition and bullets riddling his property. Had defendants then arrested NEAL, he likely would have remained in jail on November 14, 2017, such that he would not have been able to kill and injure so many people, including Plaintiffs and/or their loved ones on that day. At the very least, defendants' enforcement action would have delivered a message to NEAL opposite that of the permissive message defendants had been delivering him for a full year.

78.   Further Plaintiffs are informed and believe and thereon allege that TCSO actively discouraged other emergency assistance entities from responding to calls regarding

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

NEAL.

    a.    On July 27, 2017, CalFire received a call from NEAL alleging that he could smell a "burning perfume" that he thought was methamphetamine. Per the call log, CalFire contacted the TCSO who informed CalFire that NEAL "had reality issues and was also a firearms owner." CalFire's log further states that CalFire told the Sheriff's Office that CalFire would not be going out to investigate since the Sheriff's Office "deputy recommended [CalFire] don't go last night." CalFire also noted that the Sheriff's Office informed them that NEAL had a history of assault on Sheriff Office officers. The call was referred by the Sheriff's Office as a "neighbor dispute". In other words, not only did TCSO instruct CalFire not to respond to a call for assistance, but TCSO refused to respond to the call for assistance.

79.    NEAL also was aware that TCSO did not take Protective or Restraining Order violations and violations of federal and/or state gun laws seriously and would not take any steps to prevent, stop or punish violations of Protective or Restraining Orders or relevant laws. For example:

    a.    On July 27, 2017, NEAL contacted TCSO to report a brandishing of a weapon by a felon who was restricted from possession a firearm. TCSO refused to respond without video evidence. NEAL obtained a video and provided it to TCSO. TCSO said the video was not clear enough and there was nothing they could do and closed the case without further investigation. By doing so, TCSO sent a clear message to NEAL that they do not take 1) brandishing of firearms, 2) possession of firearms by a felon, 3) neighbor disputes, or 4) violations of Court Orders, Restraining Orders and Criminal Protective Orders seriously, even in

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 28
**First Amended Complaint for Damages**

light of credible evidence of a violation, and will not investigate unless the officer personally witnesses the crime or there was a crystal clear video that shows the violation.

b. On August 28, 2017, NEAL and Glisan contacted TCSO to report a violation of a Restraining Order by Elliott. TCSO said it was a civil issue and refused to respond.

c. On October 3, 2017, NEAL and Glisan reported a Restraining Order violation by Elliott. TCSO did not respond and simply made a log.

80.    The COUNTY, TCSO, HENCRATT, JOHNSTON and their employees and or agents, enhanced the danger that NEAL would commit an act of gun violence against one or more members or travelers through the Rancho Tehama community and acted with conscience-shocking, deliberate indifference towards the danger NEAL presented to the Rancho Tehama community, including but not limited to, by:

a. Communicating to NEAL, either explicitly (in 2016) or implicitly through both one or more direct interactions and conspicuous patterns of behavior they knew would be observed or recognized by NEAL, that his reckless discharge and/or illegal possession of weapons would enjoy impunity.

i. The one or more direct interactions include, but are not necessarily limited to, the November 2016 episode in which NEAL admitted to one or more TCSO officers responding to a complaint that he was using firearms recklessly that he had, in fact, been firing a weapon. TCSO took no action in response and closed the case, thereby explicitly or implicitly sanctioning his continued reckless use of firearms.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

ii.   As well as a related pattern of behavior after January 2017, telegraphing to NEAL that TCSO had no interest in curtailing his reckless use and/or illegal possession of firearms included, but is not necessarily limited to the facts that: TCSO, in response to complaints about NEAL's firearms use, attempted to reach NEAL by phone but gave up without follow up if there was no answer, repeatedly visited NEAL's property but took no further action if it was "quiet" when TCSO arrived or NEAL did not answer the door, and ignoring that NEAL's property was littered with shell casings and that NEAL's fence had conspicuous bullet holes. JOHNSTON also later stated that NEAL did not answer his door to law enforcement and that defendants could not act even when NEAL was in clear violation of court Orders because "The law is only for people who obey it". The TCSO knew or should have known that NEAL would observe or otherwise become aware of their repeated, conspicuous non-serious responses to complaints about and evidence of his reckless and/or illegal use and possession of firearms (such as immediately leaving his property without any serious inspection despite clear evidence of criminal firearms use). This pattern of behavior sending clear but implicit assurances of impunity continued even after the TCSO became aware of NEAL's disqualifying court Orders. Unfortunately, NEAL received and understood the message that the TCSO would take no action to curtail his misconduct with firearms.

b.   Actively and willfully ignoring multiple complaints from at least nine different people regarding NEAL's violent tendencies, possession and shooting of

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 30
**First Amended Complaint for Damages**

firearms -- including but not limited to shotguns and illegal assault rifles. The TCSO ultimately dismissed those who complained (some of whom were killed by NEAL and/or were protected persons on one or more Orders disqualifying NEAL from owning weapons) as "not credible," stated that TCSO could not respond to "he said/she said" reports of violence or gunfire, and stated such instances of violence are "civil disputes" that law enforcement cannot resolve.

c. Actively concealing calls regarding NEAL by refusing to log calls in the official log about NEAL and/or deterring victims of NEAL's misbehavior from complaining. For example, on one occasion, a neighbor complained to TCSO of NEAL firing weapons and was told "to mind [her] own damn business."

d. Threatening reporting victims calling about NEAL with arrest and/or jail time if they continued to call the Sheriff's Office. Upon information and belief, the TCSO has a pattern and practice of telling victims/callers that they will be arrested, that they are harassing, and/or that they could face jailtime for calling to report crimes separate and apart from the instances outlined herein.

e. Actively ignoring credible reports and evidence of violations of NEAL's disqualifying Orders, such as ammunition littering NEAL's yard in plain view, bullet holes in NEAL's fence, reports of NEAL's possession of firearms (including illegal unregistered assault rifles and "ghost guns"), reports that NEAL was discharging firearms within the community, at his home, near or towards other homes (including protected parties' homes) and firing hundreds of rounds at a time, and ignoring NEAL's admission to an officer of the TCSO that he had been shooting a firearm in response to inquiries related to a November 2016 complaint made about NEAL's use of firearms.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

f. Responding to in 2016 (before the disqualifying Orders were issued) that so long as NEAL was shooting the guns in "a safe manner" there was nothing they could do and that even though NEAL had a Restraining Order and a Criminal Protective Order against him and was prohibited from having firearms and ammunition, that they could not do anything without photographic evidence, video or an officer witnessing NEAL's use of firearms. Despite evidence that NEAL was not shooting in a safe manner.

g. Actively refusing to get a search warrant after January 2017, because of a lack of training and a clear misunderstanding of, or, willful disregard of, the law. Defendants Sheriff DAVE HENCRATT, and the Tehama Sheriff's Office, stated that the TCSO could not obtain a warrant for NEAL after a disqualifying court Orders were issued and multiple complaints of gunfire from NEAL's home were reported by multiple parties, because TCSO "has to prove to a judge that there is no doubt that this person is firing a gun" or actually witness the shooting occur. As per the plain text of one or more of the Orders, the TCSO was required to arrest him upon "probable cause" to believe the one or more Orders were being violated.  The attitude of the TCSO shows an obvious failure to train and a misunderstanding of the legal standard a search warrant in any jurisdiction, especially in California.  Further, defendants knew or should have known, however, the foregoing contradicted both the facts and the law:

   i. Numerous complaints, including of a woman screaming in November 2017, furnished defendants with exigent circumstances to search NEAL'S property without a warrant;

   ii. Even if defendants needed a warrant, the probable cause standard for

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

obtaining a warrant does not require the level of proof asserted by Defendant HENCRATT;

iii.   The facts known to and ascertainable by the TCSO amply furnished probable cause to search NEAL'S property and to arrest him for violating the Court's orders and violating the law generally, by continuing to possess and shoot guns and ammunition, including Sheriff's deputies' direct observations, and myriad credible victim and witness complaints;

iv.   The Court's orders not only gave defendants authority, but mandated that they arrest NEAL in these circumstances;

v.   HENCRATT and JOHNSTON ratified the pattern, custom and practice of TCSO personnel ignoring or refusing to respond to citizen complaints who ask for assistance from threats of violence to their life and safety or made reports regarding violations of Court Orders.   In fact, they threatened to arrest the persons requesting assistance.

81.   This conduct by defendants, and each of them, created an atmosphere where victims of crimes were too afraid to call law enforcement for fear of retaliation or for fear of going to jail, or because they feared that NEAL would retaliate against them if he found out. Since TCSO refused to acknowledge, meaningfully respond to, or even lodge calls about NEAL into the database, there was little point in putting themselves in even more danger for no reason. This resulted in a dangerous and lawless society where criminals, including NEAL, did not need to comply with California or federal law because there would be no enforcement of said laws, and no repercussions for said violations.

82.   Additionally, through their conduct, TCSO sent a message that NEAL clearly received and understood: that he could persist in recklessly using and/or illicitly possessing

BARR & MUDFORD
Attorneys at Law
1834 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

firearms without fear of punishment. TCSO further demonstrated deliberate indifference and a willful disregard of the obvious risk that NEAL would engage in firearms violence against one or more members of the Rancho Tehama community and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones.  TCSO and its officer's affirmative conduct enhanced the danger of gun violence to Plaintiffs and/or their loved ones and others in the Rancho Tehama community.

83.    Defendants COUNTY, TCSO, HENCRATT, JOHNSTON and their employees and/or agents violated Plaintiff, TROY MCFADYEN and decedent, MICHELLE MCFADYEN's constitutional rights, grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger by all of the acts alleged in paragraphs above.  Said violation was in part, a direct and foreseeable consequence of the TCSO actively sending, either explicitly (in 2016) or implicitly after January 2017, signals to NEAL that his reckless and/or unlawful conduct would enjoy impunity and of the custom, habits, training, policy or practice of defendants, and each of them in regards to the totally inadequate training regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed to fire weapons, the law regarding illegal firearms, the law regarding when an arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

84.    Defendants COUNTY, TCSO, HENCRATT, JOHNSTON and their employees and/or agents violated Plaintiffs and/or their loved one's constitutional rights, grounded in the Fourteenth Amendment's Equal Protection Clause be providing diminished services to Rancho Tehama, being slow and reluctant to respond, not taking complaints about firearms being

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 34
**First Amended Complaint for Damages**

discharged or about NEAL seriously, not taking Protective Order and Restraining Order violations seriously, and/or responding in a non-serious and disinterested manner.

85.    Defendants COUNTY, TCSO, HENCRATT, JOHNSTON and their employees and/or agents also violated their mandatory duties in the manner in which they communicated a message of emboldenment to NEAL regarding his reckless and/or unlawful use and possession of firearms, investigated the complaints about NEAL, responded to NEALS illegal possession of firearms and ammunition in violation of one or more Restraining or Protective Orders, and conducted patrols and responses to calls from the Rancho Tehama community.

86.    Plaintiffs are informed and believe and thereon allege that the carnage that NEAL caused on November 14, 2017, including the injuries to Plaintiffs and/or their loved one's could have been avoided if HENCRATT, JOHNSTON and TCSO had not enhanced the danger to the Plaintiffs and/or their loved one's by emboldening NEAL to believe he could act with impunity in relation to reckless and/or unlawful misconduct involving firearms.

## FIRST CAUSE OF ACTION

**VIOLATION OF DUE PROCESS UNDER THE 14TH AMENDMENT, PURSUANT TO 42 U.S.C. SECTION 1983 – Exposure to State Created or Enhanced Danger (As to Defendants County of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston and Does 1-10)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

87.    Plaintiff TROY MCFADYEN and decedent MICHELLE MCFADYEN had a clearly established, federally protected, interest in life, liberty and property, and procedural and substantive due process right protected by the 14th Amendment to the United States Constitution, to be free from governmental actor's conduct that is deliberately indifferent to Plaintiff and decedent's constitutionally protected interests which "shocks-the-conscience" of the courts.

///

BARR & MUDFORD
Attorneys at Law
1834 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

88.     Although the State's failure to protect Plaintiff and decedent against private violence does not generally violate the guarantees of due process, it does in this case, where defendants' state action affirmatively placed Plaintiff and decedent in a known and obvious danger and acted with deliberate indifference to that danger and in a manner that shocks the conscience.

89.     NEAL was a well-known danger to defendants for **over** a year preceding his deadly rampage in November 2017, as evidenced, *inter alia*, by the numerous complaints the TCSO received from NEAL's neighbors regarding his threats and constant gunplay; the TCSO's direct interaction with NEAL prior to and including during their arrest of him in January 2017 for attacking his neighbors; the Tehama County Superior Court's Criminal Protective and Civil Restraining Orders against NEAL after January 2017, forbidding him for possessing or shooting guns and ammunition; the fact that Sheriff's deputies both received and passed on warnings that NEAL continued to possess and shoot guns, "had reality issues," had a history of assaulting officers, and posed a danger to the community; and that fact that NEAL did not surrender all of his weapons in compliance with the Court's Orders.

90.     Despite this, Plaintiffs are informed and believe and thereon allege that for **over** one year prior to NEAL's murderous spree, defendants TCSO, HENCRATT, JOHNSTON and their employees or agents, actively, willfully, recklessly and with deliberate indifference to the danger to the Rancho Tehama community communicated to NEAL, both explicitly (in 2016) and implicitly, that he could recklessly use and/or unlawfully possess firearms with impunity both through 1) one or more specific, direct interactions the TCSO had with NEAL 2016, and 2) after disqualifying Court Orders were issued there was a general pattern and practice of non-serious responses to complaints about NEAL's use of firearms in one or more areas or through actual or attempted telephone communications where the TCSO knew or should have known that NEAL

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

was sure to observe or recognize the TCSO's total disinterest in curtailing his misbehavior involving firearms, violations of Court Orders and Civil and Criminal Protective Orders.

91.    Plaintiffs are informed and believe and thereon allege that the TCSO's emboldenment of NEAL by leading him to believe he enjoyed impunity 1) affirmatively created or exacerbated the risk that NEAL would recklessly use one or more illicitly possessed firearms to harm a specific, foreseeable group of people that included TROY and MICHELLE MCFADYEN (*i.e.*, members of the Rancho Tehama community), and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones,  2) showed deliberate indifference to a known or obvious danger to Plaintiffs and/or their loved ones, and 3) shocks the conscience.

92.    In 2016, the TCSO directly interacted with NEAL on at least one occasion on which he admitted using firearms in connection with a complaint of reckless/disruptive shooting and, either explicitly or implicitly, endorsed NEAL's dangerous conduct by communicating that he would face no repercussions for continuing to misuse firearms.

93.    After January 2017, Defendants took further affirmative conduct to enhance the danger NEAL posed by (a) refusing to comply with its mandatory obligations under the law and Court Orders in the face of ample evidence that NEAL continued to possess and shoot guns in violation of the Court's Orders and Criminal and Civil Protective Orders, and by (b) instructing at least one other emergency services agency, CalFire, not to respond to a call from NEAL because he was dangerous and had firearms and "reality issues," while assuring CalFire defendants would respond, but did not do so.

94.    Upon information and belief, TCSO knew or should have known that NEAL would become aware of TCSO's pattern and practice of the TCSO not taking complaints from and against NEAL seriously due to his observation or recognition of 1) the total disinterest and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

disregard for public safety shown by members of the TCSO while visiting his property repeatedly without devoting any serious time, attention or energy to investigating the clear evidence of firearms use on his property or compelling him to speak directly with law enforcement and/or 2) actual or attempted phone contacts by the TCSO and upon which the TCSO failed to follow up both about NEAL and from NEAL.

95.     Upon information and belief, NEAL was, in fact, present multiple of the TCSO visits to his property described herein and/or became aware of one or more phone contacts from the TCSO and the TCSO's subsequent failure to follow up for the year leading up to his murderous spree.

96.     Upon information and belief, this pattern of behavior communicating clear and implicit signals of impunity to NEAL for recklessly using and/or illicitly owning firearms persisted even after the TCSO became aware of NEAL's Court Orders disqualifying him from owning firearms.

97.     Through its course of conduct in the year leading up to NEAL's rampage, the TCSO's pattern of conduct sent NEAL a message which he clearly understood: That so long as NEAL stopped shooting before TCSO officers arrived on scene and did not answer his door, he could continue to recklessly use and/or unlawfully possess firearms without consequence.

98.     TCSO's misconduct, the message sent by TCSO and received by NEAL, and relevant surrounding facts set forth in paragraphs 63-86 above, including, but not limited to, the following:

   a.   TCSO created an atmosphere in which victims and potential victims gave up on calling law enforcement because they feared both retaliation from defendants, and, in the vacuum created by defendants' lack of enforcement, retribution from NEAL if he learned of their complaints;

BARR & MUDFORD
Attorneys at Law
1834 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

b. Upon information and belief, prior to November 14, 2017, TCSO was aware that NEAL was prohibited from possessing firearms due to these disqualifying Court Orders (including one or more which named Elliot and Steele as protected parties) and that NEAL was violating these relevant Court Orders.

c. On information and belief, NEAL did not surrender all of the firearms in his possession as required by the Protective and Restraining Orders, which TCSO knew or should have known.

    i. In February 2017, TCSO was informed that Glisan's (NEAL's girlfriend) gun had gone missing the day that NEAL was served with the Civil Restraining Order, and that she believed NEAL took it. Defendants did nothing to locate the gun or NEAL. Rather, TCSO called NEAL's girlfriend and when she did not answer the phone closed the case.

    ii. TCSO and HENCRATT acknowledge and admit they were aware that NEAL still owned and was discharging firearms in the community after the disqualifying Court Orders were issued and that they allowed him to continue with this behavior.

    iii. Plaintiffs are informed and believe and thereon allege that TCSO chose to ignore and refuse to respond to a call from NEAL's family members to TCSO shortly before the shooting informing them that NEAL was mentally unstable, deteriorating and was illegally in possession of firearms.

    iv. Further, upon information and belief, prior to November 14, 2017, and after TCSO also became aware of NEAL's disqualifying Court Orders, TCSO received numerous complaints of NEAL's reckless use and/or

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

unlawful possession of one or more firearms from members of the Rancho Tehama community and, further, observed clear evidence of NEAL's reckless use and/or unlawful possession and use of one or more firearms on Neal's property, including ammunition and bullet holes riddling the property. These indications of NEAL's reckless use and/or unlawful possession of firearms were clearly observable to the TCSO on its multiple visits to NEAL's property prior to November 14, 2017 but after the TCSO became aware of the Restraining Order and Criminal Protective Order. Simply looking at the ammunition littering the property or bullet holes riddling the fence would have provided clear "probable cause to believe" that NEAL was in violation of the disqualifying Orders and should have resulted in his arrest.

d. On information and belief, TCSO communicated both explicitly (in 2016) and implicitly to NEAL that it did not take calls about NEAL seriously or responded in a disinterested manner on the following instances:

    i. On or about November 13, 2016, TCSO responded to an incident where NEAL punched a neighbor in the nose, then fired shots at her and another person. Deputies left without making arrests.

    ii. Hours later, Diana Steele called deputies because NEAL was shooting and yelling in his yard. Deputies found the scene quiet on arrival. Knocked on NEAL's door, who did not answer, and so they left.

    iii. In November 2016, TCSO responded to a call from Diana Steele, who complained that there were shots coming from NEAL's residence and that NEAL was outside the residence yelling. This was prior to any

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

disqualifying Court Orders being issued.  NEAL admitted that he was shooting the firearm and admitted he was going to continue shooting the firearm. Even though TCSO knew or should have known that NEAL was a was discharging these firearms in a residential community, that there had been numerous complaints that he was **not shooting** in a safe manner, and that NEAL intended on continuing to shoot his gun in the area, TCSO and its officers told NEAL he could continue to own and discharge firearms and closed the incident, thereby assuring NEAL that no action would be taken to prevent, stop or punish NEAL for illegally owning and discharging firearms in the community.

iv.   On information and belief, between November and January 2017, NEAL continued to discharge his weapons in the community and act in a violent and threatening manner.

v.   After January 2017, Court Orders prohibited NEAL from owning firearms or ammunition.

vi.   On July 10, 2017, there was a report of multiple shots fired. It was quiet on arrival, and the case was closed.

vii.   On August 21, 2017, approximately two and a half months prior to the November 14, 2017 shooting, Diana Steele notified TCSO that NEAL was shooting a shotgun towards her home in violation of a Criminal Protective Order (where she was a protected party). TCSO stated it was "Quiet upon arrival" and closed the case without speaking to the reporting party or NEAL, and without making any attempt to contact any witnesses.  Sadly, but foreseeably, NEAL fatally shot both Steele and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 41
**First Amended Complaint for Damages**

Elliot during the subject incident.

1.      After Steele's death HENCRATT and JOHNSTON stated that Steele and Elliott's calls about NEAL "were not credible" and their statements therefore could not be used in an attempt to obtain a search warrant. This is in direct contrast to the very language of the Restraining Order protecting Steele from NEAL which states, in part, "INSTRUCTIONS FOR LAW ENFORCEMENT...Arrest Required If Order Is Violated... If an officer has probable cause to believe that the restrained person had notice of the Order and has disobeyed it, the officer must arrest the restrained person." Further, there was no reason to believe that STEELE and ELLIOT were not credible in light of the ammunition and bullet holes riddling NEAL's property, the numerous complaints by other members of the community that NEAL was illegally in possession of and discharging firearms, NEAL's prior violent assaults on STEELE / HAILEY POLAND in January and known violent tendencies.

viii.   On August 25, 2017, Hailey Poland, a protected person, reported that NEAL was shooting towards her residence and car. When the dispatch contacted TCSO the dispatcher reminded the responding officer that NEAL suffers from reality issues and that there was a Restraining Order against him. Despite this when TCSO arrived and the area was quiet, TCSO simply told Ms. Poland it was a civil issue, provided Ms. Poland with civil information and closed the case.

ix.   On October 27, 2017, TCSO was notified that shots were being fired in

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

the area and a woman screaming.  When TCSO arrived the area was quiet, so TCSO closed the case.

x.  On November 5, 2017, TCSO was notified there was shooting, yelling and screaming in the area.  The case was closed.

xi.  On November 10, 2017, there was a report of a woman screaming for help.  The area was quiet on arrival and the case was closed.

xii.  On information and belief, on or about November 13, 2017, NEAL began his deadly rampage by killing Glisan (38), and stuffing her body under the floorboards of their home.

xiii.  Had defendants responded properly to the final two calls of screaming, and looked NEAL's property, they would have developed automatic probable to arrest NEAL for possessing guns and ammunition in violating the Court's Orders, including a Civil Restraining Order and a Criminal Protective Order, which recited the terms of NEAL's release pending resolution of the felony and misdemeanor charges against him from his January 2017 attack on his neighbors.  Had defendants then arrested NEAL, he likely would have remained in jail on November 14, 2017, such that he would not have been able to kill and injure so many people, including TROY and MICHELLE MCFADYEN, on that day.  At the very least, defendants' enforcement action would have delivered a message to NEAL opposite that of the permissive message defendants had been delivering him for a full year.

xiv.  Defendants TCSO, HENCRATT and JOHNSTON admitted that NEAL was "not law enforcement friendly" and "would not come to the door":

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

admitting that NEAL knew that TCSO responded to the calls, and that NEAL knew that if he did not answer the door, then nothing would be done and he could continue with his violent and erratic behavior.

xv.   TCSO, HENCRATT and JOHNSTON and its officers and employees admit that they knew that NEAL was actively avoiding them, but still did nothing to try and make contact with him or prevent him from owning or discharging firearms.

xvi.   JOHNSTON acknowledgment that TCSO knew that NEAL was not answering his door and otherwise evading law enforcement and that defendants could not act even when NEAL was in clear violation of Court Orders because "The law is only for people who obey it".

e.   TCSO also actively prevented other entities from responding to calls involving NEAL.  On July 27, 2017, CalFire received a call from NEAL alleging that he could smell a "burning perfume" that he thought was methamphetamine. Per the call log, CalFire contacted the Tehama County Sheriff's Office who informed CalFire that NEAL "had reality issues and was also a firearms owner."  CalFire's log further states that CalFire told the Sheriff's Office that CalFire would not be going out to investigate since the Sheriff's Office "deputy recommended [CalFire] don't go last night."  CalFire also noted that the Sheriff's Office informed them that Neal had a history of assault on Sheriff Office officers. The call was referred to the Sheriff's Office as a neighbor dispute.  In other words, not only did TCSO instruct CalFire not to respond to a call for assistance, but TCSO refused to respond to the call for assistance.

f.   Upon information and belief, NEAL did indeed observe and was otherwise

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 44
**First Amended Complaint for Damages**

aware of TCSO's indifference to this behavior and understood the message being communicated by TCSO.

    i.    On November 22, 2016, the Rancho Tehama Association ("RTA") sent a letter to the NEAL residence advising NEAL that RTA had been receiving complaints from the community about the "constant discharging of firearms continuously throughout the day and night" and "constant yelling and threats to neighbors" coming from the NEAL residence. The letter further advised that "Reports have been filed with the Tehama County Sheriff's Office." This put NEAL on notice that TCSO was aware of his possession and reckless discharge of firearms and these complaints, and, further, showed NEAL that despite this knowledge, TCSO was doing nothing to prevent or investigate this conduct.

    ii.    NEAL was also aware that Officers would turn up at NEAL's property and promptly leave without any serious effort to locate NEAL or force him to answer questions;

    iii.    NEAL was also aware of attempted or actual phone calls between the TCSO and NEAL which resulted in no follow up. Upon information and belief, the TCSO knew or should have known that NEAL would observe or otherwise become aware of their pattern and practice of showing total disinterest in confronting NEAL regarding his misbehavior and curtailing his reckless use and/or unlawful possession of firearms.

    iv.    Further, upon information and belief, when NEAL was shooting he would position himself so that he could see TCSO and its officers

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 45
**First Amended Complaint for Damages**

responding, and on the rare occasions they responded to a call, once NEAL saw their vehicles coming down the road, he would stop shooting, go inside, dim his lights and refuse to answer the door until after the officers left. Sometimes the officers left immediately so long as it was "quiet on arrival" and other times the officers would knock on NEAL's door a would promptly leave if he did not answer.

v.  Upon information and belief, NEAL was, in fact, present and observed such behavior on multiple occasions prior to November 14, 2017, but after he became subject to the disqualifying Court Orders. TCSO's pattern of behavior, as it knew or reasonably should have known, foreseeably sent NEAL an active but implicit signal that so long as TCSO could not find him quickly TCSO would give up and no action would be taken to prevent, stop or punish NEAL from recklessly discharging and/or unlawfully owning firearms. NEAL demonstrated that he had internalized TCSO's message by continuing to recklessly discharge and/or illicitly possess weapons all the way up to and including November 14, 2017.

vi.  In November 2017, just prior to the shooting, RTA sent another letter to the NEAL residence advising NEAL, once again, that RTA had received numerous complaints from the community about the exact same behavior that was at issue a year prior: The "constant discharging of firearms and constant yelling and screaming" from the NEAL residence. The letter again advised that "Reports have been filed with the Tehama County Sheriff's Office", putting NEAL on notice that TCSO aware of his illegal

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 46
**First Amended Complaint for Damages**

possession and discharge of firearms, and that despite this knowledge, TCSO had done nothing to respond to these complaints, thereby assuring NEAL that no action would be taken to prevent, stop or punish NEAL from owning and discharging firearms in the community.

g.  NEAL also was aware that TCSO did not take Protective and Restraining Order violations and violations of federal and/or state gun laws seriously and would not take any steps to prevent, stop or punish violations of Orders or relevant laws, and that TCSO would simply close incident reports if by the time they arrived, the area was "quiet" or if the suspect did not answer the door or phone, based on his own personal experience with TCSO.  For example,

   i.   On February 14, 2017, NEAL and Glisan reported a suspicious odor from H&S Activity. TCSO checked the area, and since it was quiet, closed the case.

   ii.  On February 21, 2017, Glisan reported that NEAL was served with a Restraining Order and that her gun went missing. When TCSO tried to contact the NEAL residence via phone there was no answer, so the incident was closed.

   iii. On February 23, 2017, NEAL and Gilsan requested that TCSO speak with her neighbor. The Officer knocked on the door and no one answered, so the incident was closed.

   iv.  On July 27, 2017, NEAL contacted TCSO to report a brandishing of a weapon by a felon who was restricted from possession a firearm. TCSO refused to respond without video evidence.  NEAL obtained a video and provided it to TCSO. TCSO said the video was not clear enough and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

there was nothing they could do and closed the case without further investigation. By doing so, TCSO sent a clear message to NEAL that they do not take 1) brandishing of firearms, 2) possession of firearms by a felon, or 3) violations of Court Orders seriously and will not investigate unless the officer personally witnesses the crime or there was a crystal clear video that shows the violation.

v.   On August 28, 2017, NEAL and Glisan contacted TCSO to report a violation of a Restraining Order by Elliott. TCSO said it was a civil issue and refused to respond.

vi.   On October 3, 2017, Ms. Glisan and NEAL contacted TCSO to complaint of a violation of a Court Order by Danny Elliott. TCSO refused to respond and closed the case.

99.   Rather than arrest NEAL immediately in accordance with the law, the TCSO, violated it mandatory duties and communicated explicit (in 2016) and implicit, but clear signals, to NEAL that his illegal activities and lawlessness will be tolerated, and nothing will be done to punish or prevent him from engaging in these acts and continued reckless and unlawful possession firearms.   And TCSO knew or should have known that NEAL was observing or otherwise aware of the TCSO's pattern of non-serious responses involving failure to devote any significant time, energy, or effort to locating him or investigating clear evidence of his reckless and/or unlawful use of firearms during the TCSO's repeat visits to the property and/or in connection with actual or attempted phone contacts.

100.   Defendants' afore-described direct and indirect communications, acts, and omissions all constitute actionable affirmative state action which created and enhanced the danger NEAL posed to the Rancho Tehama community, including TROY and MICHELL

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 48
**First Amended Complaint for Damages**

MCFADYEN, but for which they would not have been exposed to and suffered injury by NEAL—including because the danger posed by NEAL was so obvious, and defendants' misconduct so glaring, both occurring over a long, sustained period of time marked by numerous failures by defendants to carry out their mandate to arrest NEAL and seize his weapons.   The "critical consideration [is] whether the circumstances are such that actual deliberation is practical." *Nicholson v. City of L.A.*, 935 F.3d 685, 692-693 (9th Cir. 2019), quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372 (9th Cir. 1998). If so, "an officer's 'deliberate indifference' may suffice to shock the conscience," *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010), and the Plaintiff may prevail by showing that the officer "disregarded a known or obvious consequence of his action." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). The "deliberate-indifference inquiry should go to the jury if any rational factfinder could find this requisite mental state." *Id*.

101.    The COUNTY, TCSO, HENCRATT, JOHNSTON and their employees and or agents, further enhanced the danger that NEAL would commit an act of gun violence against one or more members of the Rancho Tehama community and acted with conscience-shocking, deliberate indifference towards the danger NEAL presented to the Rancho Tehama community, including but not limited to, the conduct identified in the preceding paragraph, as well as by:

 a.  The related pattern of behavior telegraphing to NEAL and the Rancho Tehama Community that TCSO had no interest in curtailing NEAL's reckless use and/or illegal possession of firearms.

 b.  Actively and willfully ignoring multiple complaints from at least nine different people regarding NEAL's violent tendencies, possession and shooting of firearms -- including but not limited to shotguns and illegal assault rifles. The

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

TCSO ultimately dismissed those who complained (some of whom were killed by NEAL and/or were protected persons on one or more Orders disqualifying NEAL from owning weapons) as "not credible," stated that TCSO could not respond to "he said/she said" reports of violence or gunfire, and stated such instances of violence are "civil disputes" that law enforcement cannot resolve.

c.  Actively concealing calls regarding NEAL by actively refusing to log calls in the official log about NEAL and/or deterring victims of NEAL's misbehavior from complaining. For example, on one occasion, a neighbor complained to TCSO of NEAL firing weapons and was told "to mind [her] own damn business."

d.  Threatening reporting victims calling about NEAL with arrest and/or jail time if they continued to call the sheriff's office. Upon information and belief, the TCSO has a pattern and practice of telling victims/callers that they will be arrested, that they are harassing, and/or that they could face jailtime for calling to report crimes separate and apart from the instances outlined herein.

e.  Communicating to NEAL in 2016 (before the disqualifying Court Orders were issued) that as long as NEAL claimed he was shooting the guns in "a safe manner" there was nothing they could do without photographic evidence, a video or an officer witnessing NEAL's use of firearms in an unsafe manner.

f.  Demonstrating a complete lack of understanding and/or or deliberate indifference to the "plain view" doctrine and California and federal law, showing an obvious failure to train or a deliberate indifference to the safety of NEAL's victims.

g.  Actively refusing to get a search warrant because of lack of training and a clear misunderstanding of, or, willful disregard of, the law. Defendants Sheriff DAVE

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

HENCRATT, and the Tehama Sheriff's Office, stated that the TCSO could not obtain a warrant for NEAL after a disqualifying Court Orders were issued and multiple complaints of gunfire from NEAL's home were reported by multiple parties, because TCSO and HENCRATT "has to prove to a judge that there is no doubt that this person is firing a gun" or actually witness the shooting occur. As per the plain text of one or more of the Orders, the TCSO was required to arrest him upon "probable cause" to believe the one or more Orders were being violated. The attitude of the TCSO shows an obvious failure to train and a misunderstanding of the legal standard a search warrant in any jurisdiction, especially in California.

102. This conduct by defendants, and each of them, created an atmosphere where victims of crimes were too afraid to call law enforcement for fear of retaliation or for fear of going to jail, or because they feared that NEAL would retaliate against them if he found out. Since TCSO refused to acknowledge, meaningfully respond to, or even lodge calls about NEAL into the database, there was little point in putting themselves in even more danger for no reason. This resulted in a dangerous and lawless society where criminals did not need to comply with California or federal law because there would be no enforcement of said laws, and no repercussions for said violations.

103. Defendants COUNTY, TCSO, HENCRATT, JOHNSTON and their employees and/or agents violated Plaintiffs' and decedent, MICHELLE MCFAYDEN's constitutional rights, grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger by all of the acts alleged in paragraphs above. Said violation was in part, a direct and foreseeable consequence of the TCSO actively sending, either explicit (in 2016) or implicit, signals to NEAL that his reckless and/or unlawful conduct would enjoy impunity and of the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

custom, habits, training, policy or practice of defendants, and each of them in regards to the totally inadequate training regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed to fire weapons, the law regarding illegal firearms, the law regarding when an arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

104.    Upon information and belief, the explicit (2016) and implied message of TCSO's conduct galvanized NEAL to persist in violent, dangerous and aggressive encounters with neighbors and continue to discharge his firearms in the community day and night.

105.    Plaintiffs are informed and believe and thereon allege that the carnage that NEAL caused on November 14, 2017, including the injuries to Plaintiffs and/or their loved one's could have been avoided if HENCRATT, JOHNSTON and TCSO had not enhanced the danger to the Plaintiffs, decedent and the community by emboldening NEAL to believe he could act with impunity in relation to reckless and/or unlawful misconduct involving firearms.

106.    Through this conduct the TCSO showed egregious, conscience-shocking indifference to Plaintiffs and/or their loved one's constitutional rights – including, but not limited to, their substantive due process rights to life and security.

107.    In engaging in the aforementioned conduct, Defendants, TCSO, HENCRATT, JOHNSTON, and their employees and/or agents acted pursuant to the widespread customs, policies, practices, wholly inadequate training and supervision of their department, or this conduct was ratified by TCSO, and supervisors, HENCRATT and/or JOHNSTON, thereby depriving Plaintiffs and/or their loved one's of their rights and privileges secured by the United States Constitution and by other laws of the United States including those grounded in the Fourteenth Amendment's Due Process Clause, to be free of state-created danger, in violation of

BARR & MUDFORD
Attorneys at Law
1834 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

42 U.S.C. §1983, which caused Plaintiffs to suffer severe and permanent injuries.

108.   At all times relevant hereto, the individual defendants were acting under color of California law, and in the course and scope of their employment as sworn peace officers.

109.   The supervisory defendants, including Sheriff HENCRATT and Assistant Sheriff JOHNSTON, are also liable to Plaintiffs for their own acts and omissions, as well as under the doctrine of supervisory liability for inadequately training, supervising, and disciplining their subordinates, for setting in motion, refusing to terminate, participating in, and acquiescing in their subordinates' misconduct, as described above; for thereby demonstrating a reckless disregard for and/or callous indifference to Plaintiffs and/or their loved one's constitutional rights to due process; and for thereby causing them to be deprived of those rights.

110.   Examples of Defendants HENCRATT'S and JOHNSTON'S affirmative participation in, and ratification of, their subordinates and the County's afore-described unconstitutional custom, policy, pattern, practice, and series of acts include:

    a.  Misapplying the law and proper police procedure and training by insisting that the TCSO was limited in being able to contact and stop NEAL simply because, as Assistant Sheriff JOHNSTON said, NEAL was "not law enforcement friendly" and "would not come to the door;"

    b.  Misapplying the law and proper police procedure and training by insisting that the TCSO needed photographic proof, or to witness themselves, NEAL'S illegal gun use, in derogation of the Court's orders, deputies direct observations and NEAL'S express admission that he continued to possess and shoot guns and ammunition, the multitude of credible complaints, and the plain view doctrine, whereby defendants could see that NEAL'S property was riddled with shell casings and bullet holes; and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 53
**First Amended Complaint for Damages**

     c.  Misapplying the law and proper police procedure and training by insisting that the TCSO could not seek a warrant for NEAL'S arrest because, Sheriff HENCRATT said, it could not "prove to a judge that there is no doubt that this person is firing a gun"—a flagrant mischaracterization of the search warrant affidavit standard, which was also belied by the facts.

111.    Defendant County of Tehama is liable to Plaintiffs for implementing a custom, policy, pattern, and/or practice of repeatedly failing to enforce the law against and arrest NEAL, including the criminal protective and civil restraining orders against him, and encouraging and emboldening him to continue to illegally possess and shoot guns and threaten members of the community, including Plaintiffs and/or their loved ones, without fear of consequence or reprisal. Defendants HENCRATT and JOHNSTON, as top officials in command of the TCSO, were policymakers for the TCSO, who implemented and ratified this longstanding unconstitutional custom, policy, pattern, and/or practice—including because Assistant Sheriff JOHNSTON substituted his own, radical opinion in favor of unlimited Second Amend rights for good, sound, rationale, safe, and legal policy.

112.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

113.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

114.     Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)    Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

115.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for conduct of which Plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

## SECOND CAUSE OF ACTION

### VIOLATION OF EQUAL PROTECTION
### UNDER THE 14TH AMENDMENT, PURSUANT TO 42 USC SECTION 1983
### (STATE CREATED DANGER)
### (As to Defendants County of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston and Does 1-10)

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

116.     42 U.S.C. section 1983 provides for civil liability for deprivation of any right, privileges and immunities carried by the constitution and laws of the United States and the State of California.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

117.   The Fourteenth Amendment of the United States Constitution prohibits a state or state actor from depriving a person of equal protection under the law. This includes a federally protected interest in, and right, to equal protection of the laws by government officials, which includes non-discriminatory police practices and enforcement of the laws.

118.   On information and belief, Defendants are and were at all relevant times herein biased and prejudiced against Rancho Tehama, and reluctant and slow to respond, if at all, to disturbances and calls there, based on defendants' biased perception of the community and its residents as (a) impoverished and a haven for lowlifes, drug use, and general lawlessness; (b) geographically remote and isolated; and (c) therefore undeserving of and not worthy of defendants' time, effort, protection, patrol, response, and intervention.

119.   Based on these biases and prejudices, defendants, without any rational basis, discriminated against Rancho Tehama, and withheld from the community and its residents ordinary and reasonable police response, protection, and enforcement services compared to other communities within defendants' jurisdiction, and provided at best diminished services to the community and its residents in response to dangerous incidents and complaints of dangerously illegal conduct, threats, and violence, particularly involving gunman Kevin NEAL as described above.

120.   More specifically, on information and belief, Defendants withheld from the Rancho Tehama community and its residents ordinary and reasonable police services with the discriminatory purpose of allowing the community and its residents to experience and suffer what defendants regarded as the dangerous and lawless effects of the community's own fault and making. Evidence for this includes defendants' (a) characterization of residents' numerous and clearly credible complaints about NEAL as "not credible;" (b) characterizing their complaints about NEAL'S violent and dangerous behavior as amounting only to "civil

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

disputes;" (c) warning complaining residents to mind their own business and threatening to arrest and jail them for calling on defendants for help; (d) clear signals of disinterest and not taking complaints from members of the Rancho Tehama community seriously, especially regarding NEAL, neighbor disputes, domestic disputes, and complaints of violations of Criminal and Civil Protective Order (in particular regarding NEAL.)

121.    Defendants' conduct in withholding ordinary and reasonable police services from the Rancho Tehama community had the discriminatory effect of exposing its residents, including Plaintiffs and/or their loved ones, the danger and an enhanced danger posed by NEAL, and this deadly rampage on November 14, 2017 that left TROY MCFADYEN gravely injured, killed MICHELLE MCFADYEN and left others dead and injured.

122.    More specifically, there is a conspicuous pattern of behavior that demonstrates that TCSO knew that NEAL was recklessly discharging his firearm and that after January 2017, was illegally in possession of and recklessly discharging his firearm in the community, but pursuant to a policy, practice and/or custom, would either refuse to respond, or responded in a non-serious and disinterested manner. In particular this included officers turning up to NEAL's property and promptly leaving without any serious effort to locate NEAL or force him to answer questions and/or attempted or actual phone calls between the TCSO and NEAL which resulted in no follow up.

123.    Plaintiffs are informed and believe and thereon allege Defendants TCSO, HENCRATT, JOHNSTON and their employees and/or agents, acted pursuant to a discriminatory policy or custom by (on information and belief):

a.    Demonstrating a total disinterest and disregard for public safety and the members of the Rancho Tehama Community by either not responding to calls for help, or responding without devoting any serious time, attention or energy to

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

investigating the report;

b.  According lower priority of emergency to calls from residents of the Rancho Tehama Community;

c.  Being reluctant and slow to respond to disturbances and calls from the community, specifically regarding NEAL;

d.  According lower priority of callers reporting violations of Criminal Protective and Civil Restraining Orders;

e.  According lower priority of callers reporting violations of Criminal Protective and Civil Restraining Orders in the Rancho Tehama Community;

f.  According lower priority of callers reporting the discharge of firearms in the Rancho Tehama Community;

g.  Providing inferior or diminished services to the Rancho Tehama Community;

h.  According lower priority to calls, or refusing to respond to or log calls specifically involving NEAL;

i.  Creating an atmosphere where victims of crimes were too afraid to call law enforcement for fear of retaliation by threatening to arrest callers;

j.  Communicating directly and indirectly to NEAL that they would not prevent him from owning and discharging firearms so long as it is quiet upon their arrival, or NEAL does not answer the door if TCSO on the rare occasion the Officers respond to a call;

k.  Repeatedly refusing to enforce the law against a known threat, i.e. NEAL;

l.  Ignoring credible reports of violence and violations of NEAL's Restraining Order/Criminal Protective Order, such as evidence of ammunition littering NEAL's yard in plain view, bullet holes in his fence that indicated that someone

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

who was inside NEAL's fence had been shooting through it, reports of possession of firearms, including illegal unregistered assault rifles and "ghost guns", and reports that NEAL was discharging firearms within the community, at his home, near or towards other homes (including protected parties' homes) and firing hundreds of rounds at a time; and despite TCSO's admission that they knew NEAL possessed firearms, had reality issues, had assaulted officers in the past and was dangerous.

    i.   JOHNSTON stated that NEAL did not answer his door to law enforcement and that defendants could not act even when NEAL was in clear violation of Court Orders because "The law is only for people who obey it".

    ii.   JOHNSTON further claimed TCSO could not do anything since NEAL was "not law enforcement friendly" and "would not come to the door".

m.   Referring to reports of firearms being fired in the community as "civil disputes"

    i.   For example, on November 13, 2016, Diana Steele reported that NEAL was shooting and yelling on his property.  TCSO provided Civil Restraining Order information to Ms. Steele.

    ii.   On August 25, 2017, Hailey Poland, a person protected by a Criminal Protective Order and Civil Restraining Order against NEAL, notified TCSO that NEAL was shooting towards her house and vehicle.  The dispatcher reminded TCSO that NEAL had issues with reality and had a Restraining Order against him.  TCSO stated that this was a civil dispute and provided civil information to Ms. Poland.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

iii.   On August 28, 2017, Barbara Glisan (and NEAL) reported that their neighbor violated a Restraining Order. TCSO stated that this was a civil dispute and provided civil information to Ms. Glisan and NEAL.

iv.   On October 3, 2017, Barbara Glisan (and NEAL) reported that their neighbor violated a Court Order. This was marked as a civil dispute.

n.  Referring to reports of violations of Criminal Protective Orders as "civil disputes";

o.  Referring to reports of violations of Civil Restraining Orders as "civil disputes";

p.  Referring to reports of domestic disputes as "civil disputes";

q.  Referring to reports of neighbor disputes as "civil disputes";

r.  Actively and willfully ignoring multiple complaints from at least nine different people regarding NEAL's violent tendencies, possession and shooting of firearms -- including but not limited to shotguns and illegal assault rifles. The TCSO ultimately dismissed those who complained  (some of whom were killed by NEAL and/or were protected persons on one or more Orders disqualifying NEAL from owning weapons)  as "not credible," stated that TCSO could not respond to "he said/she said" reports of violence or gunfire, and stated such instances of violence are "civil disputes" that law enforcement cannot resolve.

s.  Concealing calls regarding NEAL by refusing to log calls in the official log about NEAL and/or deterring victims of NEAL's misbehavior from complaining. For example, on one occasion, a neighbor complained to TCSO of NEAL firing weapons and was told "to mind [her] own damn business."

t.  Threatening reporting victims calling about NEAL with arrest and/or jail time if they continued to call the sheriff's office.  Upon information and belief, the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

TCSO has a pattern and practice of telling victims/callers that they will be arrested, that they are harassing, and/or that they could face jailtime for calling to report crimes separate and apart from the instances outlined herein.

u.  Actively discouraging other emergency assistance entities from responding to calls regarding NEAL, such as CalFire on July 27, 2017, wherein TCSO informed CalFire that NEAL "had reality issues and was also a firearms owner," recommended CalFire not respond to the call, and information CalFire NEAL had a history of assault on Sheriff Office officers. The call was referred to the Sheriff's Office as a neighbor dispute.  In other words, not only did TCSO instruct CalFire not to respond to a call for assistance, but TCSO refused to respond to the call for assistance.

124.    In discriminating against the residents of Rancho Tehama and exposing Plaintiffs and/or their loved ones to the danger in the ways described above, Defendants violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and said conduct deprived Plaintiffs and/or their loved ones, and residents of Rancho Tehama, of their Constitutional Rights to equal protection, based on a discriminatory purpose and there is no rational basis for defendants' conduct.

125.    Further, by their conduct, defendants, and each of them, demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of Plaintiffs and/or their loved ones and enhanced the danger to them and made them more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience., in violation of 42 U.S. Section 1983.

126.    At all times relevant hereto, the individual defendants were acting under color of California law, and in the course and scope of their employment as sworn peace officers.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

127.   The supervisory defendants, including Sheriff HENCRATT and Assistant Sheriff JOHNSTON, are also liable to Plaintiffs for their own acts and omissions, as well as under the doctrine of supervisory liability for inadequately training, supervising, and disciplining their subordinates, for setting in motion, refusing to terminate, participating in, and acquiescing in their subordinates' misconduct, as described above; for thereby demonstrating a reckless disregard for and/or callous indifference to Plaintiffs and/or their loved one's constitutional right to equal protection; and for thereby causing Plaintiff TROY MCFADYEN and decedent to be deprived of that right.

128.   Examples of Defendants HENCRATT'S and JOHNSTON'S affirmative participation in, and ratification of, their subordinates and the County's afore-described unconstitutional custom, policy, pattern, practice, and series of acts include:

    a.   Differentially misapplying the law and proper police procedure and training on behalf of Rancho Tehama residents by insisting that the TCSO was limited in being able to contact and stop NEAL simply because, according to JOHNSTON, he was "not law enforcement friendly" and "would not come to the door;"

    b.   Differentially misapplying the law and proper police procedure and training on behalf of Rancho Tehama residents by insisting that the TCSO needed photographic proof, or to witness themselves, NEAL'S illegal gun use, in derogation of the Court's orders, the multitude of credible complaints that he still owned and was discharging firearms, and the plain view doctrine, whereby defendants could see that NEAL'S property was riddled with shell casings and bullet holes; and

    c.   Differentially misapplying the law and proper police procedure and training on behalf of Rancho Tehama residents by insisting that the TCSO could not seek a

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

warrant for NEAL'S arrest because, Sheriff HENCRATT said, it could not "prove to a judge that there is no doubt that this person is firing a gun"—a flagrant mischaracterization of the search warrant affidavit standard, which was also belied by the facts.

129.    Defendant County of Tehama is liable to Plaintiffs for implementing a custom, policy, pattern, and/or practice of discriminating against Rancho Tehama and its residents, including by regularly failing to respond equitably and reasonably to complaints about NEAL and to enforce the law against and arrest him, including the Criminal Protective and Civil Restraining Orders against him, referring to these complaints as "civil disputes", and thereby encouraging and emboldening him to continue to illegally possess and shoot guns and threaten members of the community, including TROY and MICHELLE MCFADYEN, without fear of consequence or reprisal.    Defendants HENCRATT and JOHNSTON, as top officials in command of the TCSO, were policymakers for the TCSO, who implemented and ratified this longstanding unconstitutional custom, policy, pattern, and/or practice.

130.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

131.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

132.   Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)   Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

133.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for conduct of which Plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

### THIRD CAUSE OF ACTION

**FAILURE TO TRAIN/SUPERVISE, AND RATIFICATION OF PROCEDURES
IN VIOLATION OF 42 USC SECTION 1983
(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave
Hencratt, Assistant Sheriff Phil Johnston and Does 1-10)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

134.   Plaintiffs are informed and believe and thereon allege that Defendants TCSO, HENCRATT and JOHNSTON, maintained a widespread custom, practice or policy that encouraged officers to accord lower priority and/or diminished police services to 1) the Rancho Tehama Community, 2) calls involving NEAL;  3) callers reporting violations of Criminal Protective and Civil Restraining Orders; 4) calls involving "neighbor disputes"; 5) calls

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

involving firearms being discharged, and other deprivation of constitutional rights by TCSO law enforcement personnel.

135.   Plaintiffs are informed and believe and thereon allege that Defendants TCSO, HENCRATT and JOHNSTON had actual and/or constructive knowledge of the ongoing constitutional and discriminatory violations being committed by TCSO officers to members of the Rancho Tehama Community and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones.   And that HENCRATT and JOHNSTON knowingly tolerated, ratified and/or promoted the officer's unconstitutional conduct and discriminatory practices.

136.   By engaging in the conduct set forth in First and Second Causes of Action, as well as paragraphs 63-86 above, defendants TCSO, HENCRATT, JOHNSTON and their employees and/or agents, while acting under color of the law, the course and scope of their employment, and pursuant to the widespread customs, policies, practices, and wholly inadequate training and supervision of their department, engaged in affirmative conduct that subjected Plaintiffs and/or their loved ones to new or increased danger, deprived Plaintiffs and/or their loved one's of their rights, privileges and immunities secured by the Constitution of the United States, including the 14th Amendments and acted with a discriminatory purpose and there is no rational basis for defendants' conduct.

137.   By failing to train and/or supervise its employees and/or agents, defendants, and each of them, acted with and demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of Plaintiffs and/or their loved ones and enhanced the danger to them and made them more vulnerable to harm. Defendants, and each of their conduct rises to a level that shocks the conscience, in violation of 42 U.S. Section 1983.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 65
**First Amended Complaint for Damages**

138.   Defendants TCSO, HENCRATT, JOHNSTON failed to properly train its officers; ratified the actions of the officers finding they were "within policy" and that there was nothing more that the officers could have done; and maintained numerous unconstitutional widespread customs, practices and policies.

139.   The failure to train and/or supervise by defendants, and each of them, constitute a violation of constitutional rights, pursuant to the substantive due process clauses of the Fourteenth Amendment.

140.   Further, Plaintiffs are informed and believe and thereon allege, that the TCSO, COUNTY, HENCRATT, JOHNSTON and/or others with decision-making authority for said defendants, ratified the conduct outlined in the First and Second Causes of Action and paragraphs 63-86. This is evidenced by, including but not limited to, HENCRATT and JOHNSTON's statements that there was nothing more TCSO could have done and that there was not credible evidence to take action against NEAL, even in light of TCSO, HENCRATT and JOHNSTON's knowledge and admission that 1) NEAL had Civil Restraining and Criminal Protective Orders against him that prevented him from possession firearms or ammunition; 2) that TCSO received dozens of calls from different people in the Rancho Tehama Community over the preceding year complaining about NEAL firing weapons in the community; 3) that TCSO had knowledge NEAL owned firearms; 4) that TCSO had knowledge NEAL was dangerous, mentally unstable and violent; 5) that TCSO had knowledge that NEAL was indeed shooting firearms in the community; 6) that TCSO had knowledge that NEAL was evading TCSO by not answering the door on the rare occasion officers responded to the area; 7) that there was visible ammunition littering NEAL's yard in plain view, 8) that there were bullet holes in NEALs fence that indicated that someone who was inside NEAL's fence had been shooting through it, and 9) that TCSO had received reports that NEAL possessed firearms.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

141.    The supervisory defendants, including Sheriff HENCRATT and Assistant Sheriff JOHNSTON, are also liable to Plaintiffs for their own acts and omissions, as well as under the doctrine of supervisory liability for inadequately training, supervising, and disciplining their subordinates, for setting in motion, refusing to terminate, participating in, and acquiescing in their subordinates' misconduct, as described above; for thereby demonstrating a reckless disregard for and/or callous indifference to Plaintiffs' and decedents' constitutional right to equal protection; and for thereby causing Plaintiff TROY MCFADYEN and decedent to be deprived of that right.

142.    Examples of Defendants HENCRATT'S and JOHNSTON'S affirmative participation in, and ratification of, their subordinates and the County's afore-described unconstitutional custom, policy, pattern, practice, and series of acts is further evidenced by HENCRATT and/or JOHNSTON, who have policy-making authority for TCSO's statements that:

    a.   HENCRATT's wrongful claim that TCSO did everything "it legally could" despite TCSO's knowledge identified above;

    b.   HENCRATT's statement that "situations between neighbors are typical and difficult to sort out" showing TCSO's disfavored view of neighbor disputes and "civil disputes";

    c.   HENCRATT's statement that criminals like NEAL knew how to play the system and that even with the Restraining Orders NEAL "certainly didn't turn in the guns that he was manufacturing...[and] that's not uncommon" and acknowledgement that TCSO knew that NEAL had illegal firearms in his possession;

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

d. HENCRATT's statement admitting that NEAL was evading TCSO, would stop shooting when the officers arrived in the area, and that they could not do anything further since NEAL was knowingly evading them.

e. HENCRATT's statement that despite TCSO's knowledge identified above, that there was no credible evidence to seek a search warrant or arrest NEAL showing the lack of understanding of and the totally inadequate training of TCSO regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed to fire weapons, the law regarding illegal firearms, the law regarding when an arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

f. JOHNSTON's statement that when the officers would respond to NEAL's home due to reports of NEAL firing hundreds of rounds from his house and other erratic behavior", NEAL would not answer the door so the officers would leave, allowing the behavior to continue. This demonstrated to TCSO that NEAL understood the message communicated to him by TCSO (that NEAL could own and discharge firearms in the community so long as he stopped before TCSO arrived).

g. Misapplying the law and proper police procedure and training by insisting that the TCSO was limited in being able to contact and stop NEAL simply because, as JOHNSTON said, NEAL was "not law enforcement friendly" and "would not come to the door;"

h. Actively refusing to get a search warrant because of lack of training and a clear misunderstanding of, or, willful disregard of, the law. Defendants Sheriff DAVE

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 68
**First Amended Complaint for Damages**

HENCRATT, and the Tehama Sheriff's Office, stated that the TCSO could not obtain a warrant for NEAL after a disqualifying court Orders were issued and multiple complaints of gunfire from NEAL's home were reported by multiple parties, because TCSO "has to prove to a judge that there is no doubt that this person is firing a gun" or actually witness the shooting occur. As per the plain text of one or more of the Orders, the TCSO was required to arrest him upon "probable cause" to believe the one or more Orders were being violated, and

  i. Misapplying the law and proper police procedure and training by insisting that the TCSO needed photographic proof, or to witness themselves, NEAL'S illegal gun use, in derogation of the Court's orders, deputies direct observations and NEAL'S express admission that he continued to possess and shoot guns and ammunition, the multitude of credible complaints, and the plain view doctrine, whereby defendants could see that NEAL'S property was riddled with shell casings and bullet holes.

  143. Defendant County of Tehama is liable to Plaintiffs for implementing a custom, policy, pattern, and/or practice of discriminating against Rancho Tehama and its residents, including by regularly failing to respond equitably and reasonably to complaints about NEAL and to enforce the law against and arrest him, including the Criminal Protective and Civil Restraining Orders against him, referring to these complaints as "civil disputes", and thereby encouraging and emboldening him to continue to illegally possess and shoot guns and threaten members of the community, including Plaintiffs and/or their loved ones, without fear of consequence or reprisal. Defendants HENCRATT and JOHNSTON, as top officials in command of the TCSO, were policymakers for the TCSO, who implemented and ratified this longstanding unconstitutional custom, policy, pattern, and/or practice.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 69
**First Amended Complaint for Damages**

144.    The attitude of the TCSO, in particular HENCRATT and JOHNSTON shows an obvious failure to train and a misunderstanding of the legal standard a search warrant in any jurisdiction, especially in California.   Further, defendants knew or should have known, however, the foregoing contradicted both the facts and the law.

145.    Further, the policies and widespread customs of the Defendants TCSO, HENCRATT and JOHNSTON   reflect a deliberate indifference to the constitutional rights of members of the Rancho Tehama Community and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones.

146.    Defendants TCSO, HENCRATT and JOHNSTON were aware of the constitutional flaws in the policies and danger it posed to the Rancho Tehama Community yet failed to act on this knowledge.

147.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

148.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 70
**First Amended Complaint for Damages**

149.   Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)   Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

150.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for conduct of which Plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

**Additional STATE causes of action against the County defendants, brought pursuant to 28 U.S.C. §1367:**

### FOURTH CAUSE OF ACTION
**VIOLATION OF GOVERNMENT CODE SECTION 815.6**
**(VIOLATION OF PENAL CODE 836(A) AND (C)(1))**
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston and Does 1-10)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

151.   The California Tort's Claims Act provides a party with an independent legal basis to recover damages against a public entity for its failure to properly discharge a mandatory duty.

152.   Government Code section 815.6 provides "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

particular kind of injury, the public entity is liable for an injury of the kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

153.   Penal Code section 836(a) provides that [a] peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, without a warrant, may arrest a person whenever any of the following circumstances occur: (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence. (2) The person arrested has committed a felony, although not in the officer's presence. (3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."

154.   Penal Code section 836(c)(1) provides that "[w]hen a peace officer is responding to a call alleging a violation of a . . . or restraining Order issued . . . and the peace officer has probable cause to believe that the person against whom the Order is issued has notice of the Order and has committed an act in violation of the Order, the officer **shall,** consistent with subdivision (b) of Section 13701, **make a lawful arrest of the person without a warrant and take that person into custody whether or not the violation occurred in the presence of the arresting officer...**"   (emphasis added.)  Further, the Civil Harassment Restraining Order After Hearing (CLETS-CHO), judicial council form CH-130, instructs law enforcement that "an arrest **is required** if [the] Order is violated" stating, "If an officer has *probable cause* to believe that the restrained person had notice of the Order and has disobeyed it, the officer **must arrest the restrained person.**"

155.   Defendants, and each of them, had a mandatory duty to arrest NEAL upon probable cause leading them to believe that he violated any Restraining Order issued against

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

him pursuant to Penal Code section 836(c)(1).  Pursuant to Government Code section **815.6**, defendants, and each of them, had a duty to "exercise reasonable diligence to discharge [that] duty."

156.    As set forth in paragraphs 63-86 above, defendants, and each of them, breached its mandatory duties by acting with deliberate indifference in refusing to take any action to arrest NEAL despite ammunition littering NEAL's property in plain view from the road, repeated complaints that NEAL was in possession of and was discharging firearms, in direct violation of the Restraining Order and Criminal Protective Order, in violation of defendant's mandatory obligations under Penal Code section 836, and it is clear that the training and supervision as to the legal requirements for seizing contraband in plain view, obtaining a search warrant or making an arrest for violation of these disqualifying Orders were either unknown to defendants or were deliberately disregarded.

157.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

158.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

159.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)    Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

160.    Defendants, and each of their, failure to perform its mandatory duties under the law was a substantial factor in causing Plaintiff's harm.

161.    Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way breached other mandatory duties of which Plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

## FIFTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION, TRAINING, RETENTION AND RATIFICATION
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

162.    Defendants, and each of them, had a duty to Plaintiffs as members of the public to hire personnel who had proper qualifications, experience, and character to lawfully perform the duties of law enforcement personnel toward the public and to supervise, train, retain and ratify only that conduct that ensures that such personnel comply with the lawful performance of such duties.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 74
**First Amended Complaint for Damages**

163.    Defendants, and each of them, breached such duty of care to Plaintiffs by negligently supervising, training and retaining the Tehama County law enforcement personnel, so as to permit them to engage in the conduct set forth in paragraphs 63-86 and the First, Second and Third Cause of Action.

164.    More specifically, Plaintiffs are informed and believe and thereon allege that Defendants TCSO, HENCRATT and JOHNSTON, and its officers and employees, maintained a widespread custom, practice or policy that encouraged officers to accord lower priority and/or diminished police services to 1) the Rancho Tehama Community, 2) calls involving NEAL;  3) callers reporting violations of Criminal Protective and Civil Restraining Orders; 4) calls involving "neighbor disputes"; 5) calls involving firearms being discharged, and other deprivation of constitutional rights by TCSO law enforcement personnel.

165.    Plaintiffs are informed and believe and thereon allege that Defendants TCSO, HENCRATT and JOHNSTON had actual and/or constructive knowledge of the ongoing constitutional and discriminatory violations being committed by TCSO officers to members of the Rancho Tehama Community and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones.  And that HENCRATT and JOHNSTON knowingly tolerated, ratified and/or promoted the officer's unconstitutional conduct and discriminatory practices, stating they were "within policy" and that there was nothing more that the officers could have done; and maintained numerous unconstitutional widespread customs, practices and policies, showing the lack of understanding of and the totally inadequate training regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed to fire weapons, the law regarding illegal firearms, the law regarding when an

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

166.    By failing to train and/or supervise its employees and/or agents, defendants, and each of them, acted with and demonstrated a reckless disregard, conscious disregard or deliberate indifference to a known and obvious danger or risk posed by defendant and needs of Plaintiffs and/or their loved ones and enhanced the danger to Plaintiffs and made them more vulnerable to harm.

167.    Plaintiffs are informed and believe and thereon allege that Defendants TCSO, HENCRATT and JOHNSTON had actual and/or constructive knowledge of the ongoing constitutional and discriminatory violations being committed by TCSO officers to members of the Rancho Tehama Community and ratified, tolerated or allowed the behavior and practices to continue. This is evidenced by, including but not limited to, HENCRATT and JOHNSTON's statements that there was nothing more TCSO could have done and that there was not credible evidence to take action against NEAL, even in light of TCSO, HENCRATT and JOHNSTON's knowledge and admission that 1) NEAL had Civil and Criminal Restraining Orders against him that prevented him from possession firearms or ammunition; 2) that TCSO received dozens of calls from different people in the Rancho Tehama Community over the preceding year complaining about NEAL firing weapons in the community; 3) that TCSO had knowledge NEAL owned firearms; 4) that TCSO had knowledge NEAL was dangerous, mentally unstable and violent; 5) that TCSO had knowledge that NEAL was indeed shooting firearms in the community; 6) that TCSO had knowledge that NEAL was evading TCSO by not answering the door on the rare occasion officers responded to the area; 7) that there was visible ammunition littering NEAL's yard in plain view, 8) that there were bullet holes in NEALs fence that indicated that someone who was inside NEAL's fence had been shooting through it, and 9) that TCSO had received reports that NEAL possessed firearms, including illegal unregistered assault

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

rifles and "ghost guns".

168.    The supervisory defendants, including Sheriff HENCRATT and Assistant Sheriff JOHNSTON, are also liable to Plaintiffs for their own acts and omissions, as well as under the doctrine of supervisory liability for inadequately training, supervising, and disciplining their subordinates, for setting in motion, refusing to terminate, participating in, and acquiescing in their subordinates' misconduct, as described above; for thereby demonstrating a reckless disregard for and/or callous indifference to Plaintiffs and/or their loved one's rights and safety, and for thereby causing Plaintiffs and decedent to be deprived of that right.

169.    Examples of Defendants HENCRATT'S and JOHNSTON'S affirmative participation in, and ratification of, their subordinates and the County's afore-described unconstitutional custom, policy, pattern, practice, and series of acts is further evidenced by HENCRATT and/or JOHNSTON, who have policy-making authority for TCSO's statements that:

    a.  HENCRATT's wrongful claim that TCSO did everything "it legally could" despite TCSO's knowledge identified above;

    b.  HENCRATT's statement that "situations between neighbors are typical and difficult to sort out" as the basis for according lower priority to neighbor disputes, showing TCSO's disfavored view of neighbor disputes and "civil disputes"

    c.  HENCRATT's statement that criminals like NEAL knew how to play the system and that even with the Restraining Order NEAL "certainly didn't turn in the guns that he was manufacturing…[and] that's not uncommon", and acknowledgement that TCSO knew that NEAL had illegal firearms in his possession;

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

d.  HENCRATT's statement admitting that NEAL was evading TCSO, would stop shooting when the officers arrived in the area, and that they could not do anything further since NEAL was knowingly evading them.

e.  HENCRATT's statement that despite TCSO's knowledge identified above, that there was no credible evidence to seek a search warrant or arrest NEAL showing the lack of understanding of and the totally inadequate training of TCSO regarding the "plain view" doctrine, the law regarding the amount of proof required to apply for a search warrant, the law regarding possession of firearms and ammunition, the law regarding when and where individuals are allowed to fire weapons, the law regarding illegal firearms, the law regarding when an arrest/investigation is proper, the standard of probable cause, and when an arrest is warranted.

f.  Johnston's statement that when the officers would respond to NEAL's home due to reports of NEAL firing hundreds of rounds from his house and other erratic behavior", NEAL would not answer the door so the officers would leave, allowing the behavior to continue. This demonstrated to TCSO that NEAL understood the message communicated to him by TCSO (that NEAL could own and discharge firearms in the community so long as he stopped before TCSO arrived).

g.  JOHNSTON's statement that when the officers would respond to NEAL's home due to reports of NEAL firing hundreds of rounds from his house and other erratic behavior", NEAL would not answer the door so the officers would leave, allowing the behavior to continue.

h.  Misapplying the law and proper police procedure and training by insisting that the TCSO was limited in being able to contact and stop NEAL simply because, as JOHNSTON said, NEAL was "not law enforcement friendly" and "would not come to the door;"

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 78
First Amended Complaint for Damages

i.  Actively refusing to get a search warrant because of lack of training and a clear misunderstanding of, or, willful disregard of, the law. Defendants Sheriff DAVE HENCRATT, and the Tehama Sheriff's Office, stated that the TCSO could not obtain a warrant for NEAL after a disqualifying court Orders were issued and multiple complaints of gunfire from NEAL's home were reported by multiple parties, because TCSO "has to prove to a judge that there is no doubt that this person is firing a gun" or actually witness the shooting occur. As per the plain text of one or more of the Orders, the TCSO was required to arrest him upon "probable cause" to believe the one or more Orders were being violated, and

j.  Misapplying the law and proper police procedure and training by insisting that the TCSO needed photographic proof, or to witness themselves, NEAL'S illegal gun use, in derogation of the Court's orders, deputies direct observations and NEAL'S express admission that he continued to possess and shoot guns and ammunition, the multitude of credible complaints, and the plain view doctrine, whereby defendants could see that NEAL'S property was riddled with shell casings and bullet holes.

170.  Defendants, and each of their, unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its employees and agents, proximately resulted in the constitutional deprivations, injuries and damages alleged in this case.

171.  Plaintiffs are further informed and believe that the Rancho Tehama Community as well as other citizens in Tehama County have been treated unlawfully and abused by defendants, and each of them, through its custom, policy or practice of failing to properly investigate citizen complaints, threatening reporting parties with jailtime or arrest for calling TCSO, refusing to respond to and investigate complaints surrounding violations of the Criminal

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 79
**First Amended Complaint for Damages**

Protective and Civil Restraining Orders, and failing to take corrective or disciplinary action against deputies who act improperly, thus leading to the constitutional violations against Plaintiffs and/or their loved one's as described herein.

172.    Plaintiffs are informed and believe that defendants, and each of them, has a habit, custom, policy and/or practice of ratifying such wrongful conduct, and in fact permitting, condoning, and/or failing to take action against deputies who commit acts in violation of state, federal and constitutional rights and privileges.

173.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

174.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

175.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

First Amended Complaint for Damages

include the public entity defendants, however, this does apply to public employee of said defendants.)   Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

176.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which Plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

## SIXTH CAUSE OF ACTION
### NEGLIGENCE /NEGLIGENCE PER SE
**(As to Defendants County Of Tehama, Tehama County Sheriffs' Office, Sheriff Dave Hencratt, Assistant Sheriff Phil Johnston)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as though set out in full herein.

177.   Defendants TCSO, HENCRATT and JOHNSTON owed specialized duties of care to Plaintiffs and the Rancho Tehama Community, including to adhere to the high standards of police training and practice, to enforce the law, to enforce the law equally, to provide the same level of police services to all people in the County equally, to comply with obligations under the law, to properly hire, train, supervise and discipline law enforcement officers to ensure understanding and compliance of with their obligations under the law, to avoid conduct that will create or increase the risks to members of the public, including Plaintiffs and/or their loved ones.

178.   Defendants, and each of them, failed in such duty, by engaging in the conduct set forth in First, Second, Third, and Fifth Causes of Action and paragraphs 63-86, by, including but not limited to,

a.   Failing to reasonably respond to the numerous complaints concerning NEAL possession and discharging firearms in a reckless manner, and in violation of the Criminal Protective Order and the Restraining Order, rendering them negligent per se;

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

b. Failing to enforce the terms of the Court's Orders, rendering them negligent per se;

c. Communicating to NEAL directly and indirectly that he could continue to act with impunity for possessing and discharging firearms in the Rancho Tehama Community;

d. Instructing other entities, such as CALFIRE, not to respond to calls for assistance involving NEAL;

e. Failing to apply the correct legal standards in interpreting, implementing and giving practical effect to the Court's Orders and laws of California, rendering them negligent per se;

f. Failing to arrest NEAL for clearly violating the terms of the Court's Orders and violations of California law, rendering them negligent per se;

g. According lower priority and diminished police services to 1) the Rancho Tehama Community, 2) calls involving NEAL; 3) callers reporting violations of Restraining Orders; 4) calls involving "neighbor disputes"; 5) calls involving firearms being discharged, and other deprivation of constitutional rights by TCSO law enforcement personnel.

h. HENCRATT and JOHNSTON's failure to properly train, supervise, hire and discipline officers for their conduct; and ratifying and/or approving of the unlawful and improper conduct.

179.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

180. As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

181. Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.) Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

182. Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which Plaintiffs are unaware. Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

**Additional STATE causes of action against THE RANCHO TEHAMA ASSOCIATION, brought pursuant to 28 U.S.C. §1367:**

**SEVENTH CAUSE OF ACTION**

**NEGLIGENCE**
**(As to the Rancho Tehama Association)**

Plaintiffs incorporate herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

183.    At all times mentioned herein, Defendant ASSOCIATION was, and now is a California corporation, with its principal place of business in Tehama County, California, and is commonly called the Rancho Tehama Association. Defendant association has its principal office in Tehama County, California.

184.    Defendant association, was formed and now exists, for the benefit, protection, and safety of the individual owner-members of the association, for the purposes set forth in Article I of the Articles of Incorporation of the Association, which sets forth that the Association is formed to provide for maintenance, preservation and control of the residence Lots and Common Area of Rancho Tehama covered by the Association, and to promote the health, safety and welfare of the residents within that property, including the duties of maintenance, management, upkeep, and repair of all of the Common Area and all facilities of Rancho Tehama Association neighborhoods.

185.    At all times herein mentioned, defendants and each of them owned, maintained, controlled, managed, and operated the premises and common areas of the premises of the Association.

186.    At all relevant times herein mentioned, defendants, and each of them, had a fiduciary duty to Plaintiffs and/or their loved ones to maintain security in the premises and common areas of the Association premises, against criminal conduct and other foreseeable risks of injury.

187.    Plaintiffs are informed and believe and thereon allege, that numerous complaints had been made to the Association and its members, regarding the danger posed by KEVIN NEAL, including but not limited to, concerns that NEAL had firearms, that NEAL was discharging firearms within the common areas of the community, that the TCSO were not responding to calls and steps needed to be taken to get a greater law enforcement presence, that

**First Amended Complaint for Damages**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

NEAL, a renter, was causing numerous issues and acting erratically and violently towards his neighbors and members of the community. Despite these reports, no action was taken to protect Plaintiffs and/or their loved one's or other members in the common areas of the Rancho Tehama Association.

188.    As set forth herein, prior to November 2017, and continuing through November 2017, defendant association failed to maintain and control the common areas to be free from known dangers posed by NEAL having guns and discharging them in common areas; and failed to exercise due care for the Plaintiffs', decedents, and others, safety in these areas, under the association's control, in that the association failed to take any steps to deter the ongoing and continuing criminal conduct of KEVIN NEAL, as alleged herein, and even though the association had been informed that crimes were being committed by KEVIN NEAL and danger he posed to the association members, and knew that the violent threats and acts continuing and escalating, the association failed to take any action to protect the health, welfare, and safety of Plaintiffs, decedents, or others, in and around Plaintiffs residence, or the common areas of the community.

189.    The above-described negligence of defendant association caused Plaintiffs, and others, to be virtually at the mercy of KEVIN NEAL's violent acts.

190.    The above-described negligence of defendant association breached its duty to Plaintiffs and/or their loved ones to maintain security in the premises and common areas of the premises against criminal conduct and other foreseeable risks of injury.

191.    The herein-described conduct of defendant association was performed within the scope of their association and director duties, were not performed in good faith, and were willful, wanton, or grossly negligent.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 85
First Amended Complaint for Damages

192.    As a result of the negligence, acts and failures to act by defendant association as alleged above, Plaintiffs and others, were continuously placed in great apprehension of further violent attacks and threats by defendant KEVIN NEAL with no hope of assistance by defendant association and defendant directors.

193.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

194.    As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

195.    Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)    Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 86
**First Amended Complaint for Damages**

196.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which Plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

## EIGHTH CAUSE OF ACTION

### PUBLIC AND PRIVATE NUISANCE
### (As to all defendants)

Plaintiffs incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

197.   Plaintiffs filed a claim against the COUNTY as required by the Government Tort Claim Act that put defendant TCSO, HENCRATT and JOHNSTON on notice that part of the claim by Plaintiffs was that for at least a year before NEAL shot TROY and MICHELLE MCFADYEN, TCSO received regular complaints that NEAL possessed and was routinely shooting firearms and was terrorizing the community.

198.   HENCRATT, JOHNSTON and TCSO's conduct allowed NEAL to interfere with the public and TROY and MICHELLE's enjoyment in the community for over a year.

199.   More specifically, at all times pertinent hereto, KEVIN NEAL was permitted to interfere with the public and the TROY and MICHELLE's comfortable enjoyment of their real property by acting violently, erratically, and in an unsafe manner, by threatening members of the community, assaulting members of the community, owning and discharging firearms within the community and his home despite being a felon and subject to a restraining order that prohibited NEAL from possessing guns, and being a nuisance to the community.

200.   Plaintiffs are informed and believe and thereon allege, that defendants, and each of them, permitted the nuisance caused by NEAL to continue, as they actively ignored, discouraged complaints by, and refused to take any steps to stop and/or prevent the nuisance and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

threat caused by NEAL.

201.    Defendant NEAL's conduct constitutes a public nuisance within the meaning of Civil Code section 3480 and a private nuisance within the meaning of Civil Code section 3481.

202.    The acts and conduct taken by defendants, and each of them, in creating and/or exacerbating a condition where NEAL was allowed to discharge firearms and act violently and aggressively towards members of the community, including TROY and MICHELLE, was harmful to TROY and MICHELLE, and others health, indecent and offensive, was an obstruction of the free use of property and interfered with Plaintiffs, decedents, and others, comfortable enjoyment of life and property.  Further, the condition affected a substantial number of people at the same time – to wit members of the Rancho Tehama community, and also in particular to Diana Steele and her loved ones, and travelers/individuals who frequently traveled/visited locations used by Diana Steele and her loved ones, NEAL's neighbors and members of the public in general.

203.    At no point herein did Plaintiffs, decedent, or others in the Rancho Tehama community consent to NEAL's conduct, or the conduct of defendants, and each of them, in permitting NEAL to continue to act in a violent and erratic manner.

204.    Defendants, and each of their conduct and deliberate indifference to a known threat, and the rights and safety of others, was such that an ordinary person would be reasonably annoyed or disturbed by said conduct.

205.    Defendants, and each of their, conduct and deliberate indifference was a substantial factor in causing Plaintiffs and/or their loved one's harm.

206.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

207.   As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

208.   Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)   Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

209.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which Plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

///

///

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

## NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – BYSTANDER –
(Troy McFadyen only)
(As to All Defendants)

Plaintiffs incorporate herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

210.    Defendants, and each of them, had a duty to Plaintiffs and/or their loved one's as members of the public to ensure that its employees and/or agents acted in a manner consistent with their obligations, duties and responsibilities under the law.

211.    Defendants, and each of them, breached such duty of care to Plaintiffs and/or their loved one's by engaging in the conduct described in paragraphs 63-86.

212.    As a result of this conduct, Plaintiffs were attacked by KEVIN NEAL and sustained serious injuries.

213.    TROY McFADYEN was present when MICHELLE MCFADYEN was shot and killed and was aware that the MICHELLE was shot by NEAL at the time the shooting took place.

214.    TROY McFADYEN suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, shock and worry as a result of this incident and conduct of defendants, and each of them.

215.    Defendants, and each of their, conduct was a substantial factor in causing Plaintiffs harm, and/or enhanced the risk of harm to Plaintiff, and each of them, and thereafter failed to protect them, proximately causing Plaintiffs to be deprived of their constitutional rights and/or be injured.

216.    As a direct, proximate, and foreseeable result of defendants' conduct, Plaintiff TROY MCFADYEN suffered severe physical and mental and emotional pain, suffering and

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

injury, as well as lost wages / profits, medical bills and expenses, and other special and general damages, all in an amount to be proven and trial, as well as attorney's fees and costs as set forth in paragraphs 53-57, 60 above.

217.   As a further direct, proximate, and foreseeable result of defendants conduct, MICHELLE MCFADYEN was fatally killed, causing TROY McFADYEN, PHILLIP BOW and SIA BOW to suffer the loss of their spouse/mother, depriving Plaintiffs of the care, comfort, society and support of their loved one, MICHELLE MCFADYEN, and causing Plaintiffs to incur funeral and burial expenses, and retain counsel and incur legal fees in an amount subject to proof at the time of trial of this matter, as set forth in paragraphs 58-61 above.

218.   Moreover, as the conduct of said Defendants, and each of them, was done with deliberate indifference to decedent's physical safety, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of decedent's constitutional rights, Plaintiffs, as successors-in-interest of decedent, seek an award of punitive damages against said Defendants, and each of them, in an amount to be shown at trial pursuant to Code of Civil Procedure section 377.30 (this does not include the public entity defendants, however, this does apply to public employee of said defendants.)   Plaintiff TROY McFADYEN also seeks an award of punitive damages individually.

219.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them, are in some other way responsible for acts of which Plaintiffs are unaware.  Plaintiffs will seek leave of Court to amend this complaint at such time as Plaintiffs discover the other conduct of said defendants constituting such liability.

///

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

1

### **PRAYER FOR RELIEF**

2      WHEREFORE, PLAINTIFFS PRAY FOR A JURY TRIAL and judgment against

3  defendants as follows:

4      1.    For general damages for TROY MCFADYEN, against each defendant, jointly

5  and severally, in the amount to be proven at trial;

6

7      2.    For special damages for TROY MCFADYEN, against each defendant, jointly

8  and severally, in the amount to be proved at trial;

9      3.    For medical expenses of TROY MCFADYEN, against each defendant, jointly

10  and severally, according to proof;

11      4.    For loss of wages and earning capacity for TROY MCFADYEN, against each

12  defendant, jointly and severally, in a sum according to proof;

13

14      5.    General damages for TROY MCFADYEN, SIA BOW and PHILLIP BOW, for

15  the loss of society and companionship of decedent MICHELLE MCFADYEN, against each

16  defendant, jointly and severally, in the amount to be proven at trial;

17      6.    For funeral and burial expenses of MICHELL MCFADYEN, for TROY

18  MCFADYEN, SIA BOW and PHILLIP BOW, against each defendant, jointly and severally,

19  according to proof;

20
      7.    For special damages for TROY MCFADYEN, SIA BOW and PHILLIP BOW
21
   for future contributions and value of personal services, advice or training as to decedent
22
   MICHELLE MCFADYEN, against each defendant, jointly and severally, according to proof;
23

24      8.    For punitive and exemplary damages to TROY MCFADYEN, individually

25  (except municipality defendants, but including employees) in an amount appropriate to punish

26  them and deter others from engaging in similar misconduct;

27  ///

28

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

9.    For punitive and exemplary damages to MICHELLE MCFADYEN, by and through, TROY MCFADYEN, SIA BOW and PHILLIP BOW, as successors-in-interest of MICHELLE MCFADYEN, against defendants, and each of them, (except municipality defendants, but including employees) in an amount appropriate to punish them and deter others from engaging in similar misconduct pursuant to CCP section 377.30;

10.    For prejudgment interest, as allowed by law;

11.    For injunctive relief against COUNTY and TCSO defendants;

12.    For costs and reasonable attorneys' fees against defendant COUNTY and TCSO pursuant to 42 U.S.C. §1985 and §1988 and as otherwise authorized by statute or law; and

13.    For such other and further relief as this Court may deem proper.

DATED: September 3, 2018           BARR & MUDFORD, LLP


                             /s/ Estee Lewis
                          CATHLEEN T BARR (SBN 295538)
                          ESTEE LEWIS (SBN 268358)
                          BRANDON STORMENT (SBN 267260)
                          TROY DOUGLAS MUDFORD (156392)
                          Attorneys for Plaintiffs

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**First Amended Complaint for Damages**

# EXHIBIT A

# ═BARR & MUDFORD, LLP ═

**Attorneys at Law**

1824 Court Street • P.O. Box 994390 • Redding, CA 96099-4390
Phone: (530) 243-8008 • Fax (530) 243-1648
Website: http://www.ca-lawyer.com

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED NO. 7013 0600 0002 1144 1569**

May 14, 2018

Clerk of the Board of Supervisors
COUNTY OF TEHAMA
633 Washington Street
P.O. Box 250
Red Bluff, CA 96080

Re:  **TROY McFADYEN, PHILLIP BOW and SIA BOW v. County of Tehama, et al.**

       **Claimants:  TROY McFADYEN**
                      **PHILLIP BOW**
                      **SIA BOW**
       **Our File No: 238170**

Dear Sir or Madam:

Please find enclosed two (2) sets of an original and two copies of a fully-executed *County of Tehama Claim Form* on behalf of our clients, Troy McFadyen, Phillip Bow and Sia Bow regarding an incident that occurred on or about November 14, 2017 in which Troy McFadyen, Phillip Bow and Sia Bow were severely injured in the shootings which occurred in Rancho Tehama, Tehama County, State of California.

We are serving the enclosed claims on you pursuant to *Government Code Section 911.2.*

Very truly yours,

BARR & MUDFORD, LLP

*Catie Barr*

CATIE BARR

CB/bab
Enclosures





## <u>COUNTY OF TEHAMA — CLAIM FOR DAMAGES</u>

This claim must be filed with the Clerk of the Board of Supervisors within six (6) months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. When claim is complete, mail to:

Clerk of the Board of Supervisors
COUNTY OF TEHAMA
633 Washington Street, P.O. Box 250
Red Bluff, CA 96080

**CLAIMANT**

NAME:   Troy McFadyen c/o Barr & Mudford

ADDRESS:  PO Box 858

Cottonwood, CA 96022

TELEPHONE #:   530-524-3874

DATE OF BIRTH:    January 10, 1970

DRIVER'S LICENSE/I.D. #:   C7178150 CA

TO THE BOARD OF SUPERVISORS OF THE COUNTY OF TEHAMA:

The undersigned respectfully submits the following claim and information:

1.   Post Office address to which claimant desires notices to be sent, if other than above:

Barr & Mudford, P.O. Box 994390, Redding, CA 96099-4390

2.   Date, place, and time of occurrence or transaction which gives rise to this claim:

DATE:   November 14, 2017                    TIME:   Approximately 8:00 a.m.

PLACE:   Stagecoach Road and Oak Park Road, Rancho Tehama County, State of California.

3.   Specify the particular act or omission and circumstances you believe caused injury, loss and/or damage:

See attachment #3.

4.   Name or names of any employee of the County you believe caused the injury, damage or loss; if known:

Sheriff Dave Hencratt, among others whose names are not known at this time.

5.   Description of property damaged. If there was no property damage, state "NONE".

2005 Crown Victoria automobile.

6.  Owner of property damaged:   Troy McFadyen

Location of property damaged:   Total loss

7.  Description of personal injury.  If there was no personal injury, state "NONE":
    Gunshot wounds to left and right legs of Troy McFadyen and his wrongful death damages under
    section 377.60 of the CCP arising from the death of his wife, Michelle McFadyen.

8.  Name of any other person injured:  Yes - Michelle McFadyen was killed - among others.
9.  Name and addresses of witnesses, doctors, hospitals, etc:
    |     NAME     |     ADDRESS     |     TELEPHONE #     |
    (1)  Mercy Medical Center, 2175 Rosaline Avenue, Redding, CA 96001   (530) 225-6000

    (2)

    (3)
10. The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of
    presentation of the claim, including the estimated amount of any prospective injury, damage, or
    loss, insofar as it may be known at the time of the presentation of the claim, together with the
    basis of computation of the amount claimed.  If the amount claimed exceeds ten thousand
    dollars ($10,000), no dollar amount shall be included in the claim.  However, indicate whether
    the claim would be a limited civil
    case.

11. If your claim involves a motor vehicle, please provide:
    INSURANCE CARRIER     ADDRESS          TELEPHONE #     POLICY NO.

    REGISTERED OWNER OF VEHICLE:
12. Any additional information that might be helpful in considering claim:

## WARNING!  IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!
(Penal Code § 72: Insurance Code § 556)

I have read the matters and statements made in the above claim and I know the same to be of my own
knowledge, except as to those matters stated upon information or belief and as to such matters I
believe the same to be true.  I certify under penalty of perjury that the foregoing is true and correct.

Dated:   5/14/2018               Signed:   _____
                                                    (CLAIMANT or AGENT FOR CLAIMANT)

### Attachment #3 to County of Tehama –
### Claim for Damages of Troy McFadyen, Phillip Bow and Sia Bow

On November 14, 2017, Troy McFadyen was driving his car on Stagecoach Road near Oak Park Road in Rancho Tehama. His wife, Michelle, was a passenger in the car. Kevin Neal, driving a stolen F-150 pickup, and driving in the opposition direction as the McFadyens, swerved directly into the path of and struck the McFadyen's car causing it to go off into a drainage ditch. As the McFadyens tried to get out of the car, they heard gunshots. They then saw Kevin Neal, in the roadway, walking towards them and shooting at them. As the McFadyens ran for their lives, Kevin Neal fatally shot Troy's wife, Michelle, and shot Troy several times severely injuring him.

Phillip Bow and Sia Bow are the biological children of Michelle McFadyen.

The same day, Kevin Neal murdered four other people and injured at least a dozen others.

The carnage that Kevin Neal caused on November 14, 2017, including the death of Michelle McFadyen and severe injuries to Troy McFadyen could have been avoided if Sheriff Dave Hencratt, and other employees of Tehama Sheriff's Office, and the County of Tehama had acted reasonably in performing their jobs, instead of acting with deliberate indifference to a known and obvious danger.

For at least a year before Kevin Neal shot Mr. McFadyen and murdered his wife, the county received regular complaints that Neal possessed and was routinely shooting firearms. In some instances, the Sheriff's Office simply ignored the calls and, often failed to reflect them in the official logs, as required by law. In other cases, they failed to follow-up on the complaints about Neal and his use of guns. When members of the Sheriff's Office did actually come out to investigate Neal, they threated the complaining witnesses with arrest if they called the Sheriff again. On one occasion, Neal admitted to shooting a firearm, but stated he was shooting it in a safe manner, so the police did nothing. At least 9 people brought Neal's erratic and dangerous behavior and possession of firearms to the attention of the Sheriff's Office within a year of Neal's mass murders on November 14, 2017.

Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, for example, knew that Neal had hit a woman in the face, bloodied her nose, and fired shots at her and her boyfriend. They also knew that in a different incident, Neal fired shots with an illegally modified assault rifle and stabbed another person in the stomach with a knife. Although the Sheriff's Office, the county, and the Sheriff himself knew that Neal had a violent history, was in possession of and discharging firearms, and by doing so was in violation of one or more restraining orders, they failed to obtain a search warrant, confiscate his guns, or arrest Neal. They were negligent and violated their mandatory duties in the manner in which they investigated the complaints about Neal. Moreover, Tehama County and the Tehama County Sheriff's Office did not perform their mandatory and legal responsibility to patrol Rancho Tehama, leaving the citizens in the area with no law enforcement at all. They also failed to take reasonable measures to protect the McFadyen's and the public against Neal and his illegal use of firearms.

On January 31, 2017, Kevin Neal was arrested for stabbing a woman and was charged with Assault with a Deadly Weapon, False Imprisonment with Violence, Willful Discharge of a Firearm in a Grossly Negligent Manner, Battery, Cruelty to a Dependent Adult: Great Bodily Injury, Robbery, and Possession of an Illegal Firearm. He was released on bail. On April 7, 2017, the Superior Court for Tehama County

issued a Civil Harassment Restraining order, good for 3 years. It was served on him by Sgt. S. Hoag of the Tehama County Sherriff's office. As a result, Kevin Neal was prohibited from possessing any gun or ammunition. The restraining order mandated that any sworn officer who had knowledge of the restraining order place Mr. Neal under arrest if he was discovered with a gun or ammunition. Up to and including the day before he went on his murderous spree. Tehama County officials, including the Sheriff's office received <u>repeated reports</u> that Mr. Neal was still in possession of firearms and had been shooting the firearms in and throughout his neighborhood. On one occasion, Neals even admitted he had been shooting and was seen by officers in possession of one or more firearms. In spite of those facts, Tehama County officials did nothing to obtain a warrant to search Mr. Neal's premises and remove weapons from the hands of a clearly unstable and dangerous man. Two of the dead people were supposed to be "protected" by that order.

The murderous acts of Kevin Neal were made possible by the refusal of the law enforcement personnel in Tehama County to do their job, carry out the lawful orders of the Superior Court and protect the community from a very dangerous and mentally unstable man. This failure appears to be a consequence of a policy or practice of County officials to overlook acts and threats of violence against the citizens of these rural areas. Further, it appears that there was totally inadequate training by the County of Tehama of the members of the Sheriff's office as to the law regarding the amount of proof required to get a search warrant. Sheriff's deputies have claimed they needed proof beyond a reasonable doubt to get a warrant to search Kevin Neal's home for firearms and ammunition. The notion that a Superior Court judge would refuse to issue a warrant for such a search of the home of someone subject to a restraining order in the face of multiple complaints of him firing a gun, along with physical evidence of the same is simply wrong.

Sheriff Dave Hencratt, and other employees of Tehama Sheriff's Office, and the County of Tehama acted with deliberate indifference to a known and obvious danger and created or increased the danger to the McFadyen family and others, by and through the following acts or omissions, including but not limited to:

- Creating a situation where Kevin Neal knew the police would not do anything if he was in possession of, or shooting, a firearm so long as they did not see him. In the year leading up to the mass shooting, the police were called on numerous occasions with complaints that Mr. Neal was in possession of a firearm- in violation of the restraining order and was shooting at neighbors. The police would either not respond to the complaint – sometimes not logging that the call was made, would attempt to reach Neal by phone and give up if there was no answer, or visit the scene and if it was "quiet" when the sheriff arrived would not pursue it further. At no point did the police obtain a search warrant, or attempt to remove the illegally possessed firearms from Mr. Neal. The police failure to investigate and remove the firearms from Mr. Neal's possession created or increased the danger to claimants and others.
- Approximately a year before the mass shooting, the police visited Neal due to complaints that he had firearms in his possession that he was shooting in a reckless manner. The police knew he had guns and Mr. Neal admitted it. Even though Mr. Neal was a convicted felon, respondents never attempted to take the firearms away.
- Failing to prevent Mr. Neal from manufacturing an assault rifle.

McFadyn/Bow Attachment to Claim #3
Page 3 of 3

- Failing to ensure that the Sheriff Office personnel were adequately trained with regard to how to respond to violations of restraining orders, when they can obtain a warrant or request a warrant, or how to ensure that a felon and person subject to restraining order not have access or possess a firearm.
- Acting with deliberate indifference to a known or obvious danger (Neal – a mentally unstable and dangerous felon, under restraining order, and on bail for violent crimes, having known possession of firearms.)
- Creating a pattern and practice of failing to respond to citizen complaints who ask for assistance from threats of violence to their life and safety, and/or violations of restraining orders, calling such matters "civil disputes."
- Failing to respond to a call from Mr. Neals' girlfriend, placed after the restraining order was issued, informing the police that she had a gun that went missing and Mr. Neal was ordered not to have firearms.
- Failing to respond to a call from Mr. Neal's sister to the Sheriff's department shortly before the shooting that Mr. Neal was mentally unstable, deteriorating and had firearms.
- Destroying Mr. Neal's home shortly after the shooting thereby spoiling any evidence of bullet holes entering or exiting the house.
- Respondents acted in such a manner and with such deliberate indifference that they placed the McFadyen family and others involved in the mass shooting in danger that they would not have otherwise faced.

# EXHIBIT B

**EXHIBIT B**

## COUNTY OF TEHAMA — CLAIM FOR DAMAGES

This claim must be filed with the Clerk of the Board of Supervisors within six (6) months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. When claim is complete, mail to:

Clerk of the Board of Supervisors
COUNTY OF TEHAMA
633 Washington Street, P.O. Box 250
Red Bluff, CA 96080

CLAIMANT

NAME: Phillip Bow and Sia Bow

ADDRESS: c/o Troy McFadyen
PO Box 858

Cottonwood, CA 96022

TELEPHONE #: 530-524-3874

DATE OF BIRTH: June 5, 1982 (Phillip) June 16, 1980 (Sia)

DRIVER'S LICENSE/I.D. #: _____

TO THE BOARD OF SUPERVISORS OF THE COUNTY OF TEHAMA:

The undersigned respectfully submits the following claim and information:

1. Post Office address to which claimant desires notices to be sent, if other than above:
Same as above

2. Date, place, and time of occurrence or transaction which gives rise to this claim:
DATE: November 14, 2017                    TIME: Approximately 8:00 a.m.

PLACE: Stagecoach Road and Oak Park Road, Rancho Tehama, Tehama County, State of California.

3. Specify the particular act or omission and circumstances you believe caused injury, loss and/or damage:
See attachment #3.

4. Name or names of any employee of the County you believe caused the injury, damage or loss; if known:
Sheriff Dave Hencratt, among others whose names are not known at this time.

5. Description of property damaged. If there was no property damage, state "NONE".
2005 Crown Victoria automobile

6.    Owner of property damaged: __Troy McFayden__

      Location of property damaged: __Total loss__

7.    Description of personal injury. If there was no personal injury, state "NONE":
      Wrongful death damages under section 377.60 of CCP arising from the death of Michelle McFadyen.

      Phillip Bow and Sia Bow are the children of Michelle McFadyen.

8.    Name of any other person injured: __Yes - Michelle McFadyen was killed - among others.__
9.    Name and addresses of witnesses, doctors, hospitals, etc:
          NAME                    ADDRESS              TELEPHONE #
      (1)_____
      (2)_____
      (3)_____
10.   The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of
      presentation of the claim, including the estimated amount of any prospective injury, damage, or
      loss, insofar as it may be known at the time of the presentation of the claim, together with the
      basis of computation of the amount claimed. If the amount claimed exceeds ten thousand
      dollars ($10,000), no dollar amount shall be included in the claim. However, indicate whether
      the claim would be a limited civil
      case._____

11.   If your claim involves a motor vehicle, please provide:
      INSURANCE CARRIER    ADDRESS         TELEPHONE #      POLICY NO.

      REGISTERED OWNER OF VEHICLE: _____
12.   Any additional information that might be helpful in considering claim:

**WARNING! IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!**
(Penal Code § 72: Insurance Code § 556)

I have read the matters and statements made in the above claim and I know the same to be of my own
knowledge, except as to those matters stated upon information or belief and as to such matters I
believe the same to be true. I certify under penalty of perjury that the foregoing is true and correct.

Dated: __May 1, 2018__          Signed: _____
                                               **(CLAIMANT or AGENT FOR CLAIMANT)**
                                         TROY McFADYEN for PHILLIP BOW and SIA BOW

Attachment #3 to County of Tehama – Claim for Damages of Troy McFadyen

On November 14, 2017, Troy McFadyen was driving his car on Stagecoach Road near Oak Park Road in Rancho Tehama.  His wife, Michelle, was a passenger in the car.  Kevin Neal, driving a stolen F-150 pickup, and driving in the opposite direction as the McFadyens, swerved directly into the path of and struck the McFadyen's car causing it to go off into a drainage ditch.  As the McFadyens tried to get out of the car, they heard gunshots.  They then saw Kevin Neal, in the roadway, walking towards them and shooting at them.  As the McFadyens ran for their lives, Kevin Neal fatally shot Troy's wife, Michelle, and shot Troy several times severely injuring him. The same day, Kevin Neal murdered four other people and injured a dozen others.

The carnage that Kevin Neal caused on November 14, 2017, including the death of Michelle McFadyen and severe injuries to Troy McFadyen could have been avoided if sheriff Dave Hencratt, and other employees of the Tehama Sheriff's office, and the County of Tehama had acted reasonably in performing their jobs.

For at least a year before Neal shot Mr. McFadyen and murdered his wife, the county received regular complaints that Neal possessed and was routinely firing guns. In some instances, the sheriff's office simply ignored the calls and, often failed to reflect them in the official logs, as required by law.  In other cases, they failed to follow-up on the complaints about Neal and his use of guns.  When members of the sheriff's office did actually come out to investigate Neal, they threatened the complaining witnesses with arrest if they called the sheriff again.   At least nine people brought Neal's erratic and dangerous behavior to the attention of the sheriff's office within a year of Neal's mass murders in November 2017.

Tehama County, the Tehama County Sheriff's Office and Sheriff Hencratt, for example, knew that Neal had hit a woman in the face, bloodied her nose, and fired shots at her and her boyfriend.  And they also knew that in a different incident, Neal fired shots with an illegally modified assault rifle and stabbed another person in the stomach with a knife.  Although the sheriff's office, the county, and the sheriff himself, knew that Neal had a violent history, was in possession of and discharging firearms, and by doing so was in violation of one or more restraining orders, they failed to obtain a search warrant, confiscate his guns, or arrest Neal.  They were negligent and violated their mandatory duties in the manner in which they investigated the complaints about Neal.  Moreover, Tehama County and the Tehama County Sheriff's Office did not perform their mandatory and legal responsibility to patrol the Rancho Tehama, leaving the citizens in the area with no law enforcement at all. And, they failed to take reasonable measures to protect the McFadyens and the public against Neal and his illegal use of firearms.

1  **Re:**   *McFadyen v. Tehama County Sheriff's Office, et al.*

2                       **PROOF OF SERVICE**

3

4       I am citizen of the United States and employed in Shasta County, California;  I am

5  over the age of eighteen and not a party to the within action;  my business address is 2851
   Park Marina Drive, Suite 200, Redding, CA 96001; and, on this date, I served:

6              **COUNTY OF TEHAMA – CLAIM FOR DAMAGES**

7       The above-named document(s) were served in the manner indicated below:

8  ( X )  | **BY MAIL:**  I caused true and correct copies of the above documents to be placed
9         | and sealed in envelope(s) addressed to the addressee(s) below, and I caused such
          | envelope(s) to be deposited with the United States Postal Service that same day.
10
          | Clerk of the Board of Supervisors
11        | COUNTY OF TEHAMA
          | 633 Washington Street          91 7108 2133 3938 0537 3084
12        | PO Box 250
          | Red Bluff, CA 96080
13        | **Certified Mail – Return Receipt Requested**
14
15 (  )  | **BY PERSONAL SERVICE:**  I caused true and correct copies of the above
          | documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I
16        | caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).
17 (  )  | **BY FEDERAL EXPRESS:**  I caused true and correct copies of the above
          | documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I
18        | caused such envelope(s) to be delivered to *FEDERAL EXPRESS* for overnight
          | courier service to the office(s) of the addressee(s).
19 (  )  | **BY FACSIMILE:**  I caused a copy(ies) of such document(s) to be transmitted via
          | facsimile machine.  The fax number of the machine from which the document was
20        | transmitted was _____.  The fax number(s) to which the document(s) were
          | transmitted are listed above.  The fax transmission was reported as complete and
21        | without error.  I caused the transmitting facsimile machine to print a transmission
          | record of the transmission, a copy of which is attached to this declaration.
22
23       I declare under penalty of perjury pursuant to the laws of the State of California that the

24  foregoing is true and correct, and that this declaration was executed on May 2, 2018.

25

26

27

28

                    **PROOF OF SERVICE**

Troy McFadyen
PO Box 858
Cottonwood, CA 96022



CERTIFIED MAIL

91 7108 2133 3938 0537 3084



$ 005.63

Clerk of the Board of Supervisors
COUNTY OF TEHAMA
633 Washington Street
PO Box 250
Red Bluff, CA 96080

**Certified Mail – Return Receipt Requested**

Confirmation Services

Package ID: 91710821333938053730 84
Destination ZIP Code: 96080
Customer Reference:
Recipient: _____
Address: _____
_____

ERETURNREC
1ST CLASS LETTER
PBP Account #: 50596782
Serial #: 0865127
MAY 02 2018   8 50A

McFadyn/Bow Attachment to Claim #3
Page 1 of 3

**Attachment #3 to County of Tehama –
Claim for Damages of Troy McFadyen, Phillip Bow and Sia Bow**

On November 14, 2017, Troy McFadyen was driving his car on Stagecoach Road near Oak Park Road in Rancho Tehama. His wife, Michelle, was a passenger in the car. Kevin Neal, driving a stolen F-150 pickup, and driving in the opposition direction as the McFadyens, swerved directly into the path of and struck the McFadyen's car causing it to go off into a drainage ditch. As the McFadyens tried to get out of the car, they heard gunshots. They then saw Kevin Neal, in the roadway, walking towards them and shooting at them. As the McFadyens ran for their lives, Kevin Neal fatally shot Troy's wife, Michelle, and shot Troy several times severely injuring him.

Phillip Bow and Sia Bow are the biological children of Michelle McFadyen.

The same day, Kevin Neal murdered four other people and injured at least a dozen others.

The carnage that Kevin Neal caused on November 14, 2017, including the death of Michelle McFadyen and severe injuries to Troy McFadyen could have been avoided if Sheriff Dave Hencratt, and other employees of Tehama Sheriff's Office, and the County of Tehama had acted reasonably in performing their jobs, instead of acting with deliberate indifference to a known and obvious danger.

For at least a year before Kevin Neal shot Mr. McFadyen and murdered his wife, the county received regular complaints that Neal possessed and was routinely shooting firearms. In some instances, the Sheriff's Office simply ignored the calls and, often failed to reflect them in the official logs, as required by law. In other cases, they failed to follow-up on the complaints about Neal and his use of guns. When members of the Sheriff's Office did actually come out to investigate Neal, they threated the complaining witnesses with arrest if they called the Sheriff again. On one occasion, Neal admitted to shooting a firearm, but stated he was shooting it in a safe manner, so the police did nothing. At least 9 people brought Neal's erratic and dangerous behavior and possession of firearms to the attention of the Sheriff's Office within a year of Neal's mass murders on November 14, 2017.

Tehama County, the Tehama County Sheriff's Office and Sheriff Dave Hencratt, for example, knew that Neal had hit a woman in the face, bloodied her nose, and fired shots at her and her boyfriend. They also knew that in a different incident, Neal fired shots with an illegally modified assault rifle and stabbed another person in the stomach with a knife. Although the Sheriff's Office, the county, and the Sheriff himself knew that Neal had a violent history, was in possession of and discharging firearms, and by doing so was in violation of one or more restraining orders, they failed to obtain a search warrant, confiscate his guns, or arrest Neal. They were negligent and violated their mandatory duties in the manner in which they investigated the complaints about Neal. Moreover, Tehama County and the Tehama County Sheriff's Office did not perform their mandatory and legal responsibility to patrol Rancho Tehama, leaving the citizens in the area with no law enforcement at all. They also failed to take reasonable measures to protect the McFadyen's and the public against Neal and his illegal use of firearms.

On January 31, 2017, Kevin Neal was arrested for stabbing a woman and was charged with Assault with a Deadly Weapon, False Imprisonment with Violence, Willful Discharge of a Firearm in a Grossly Negligent Manner, Battery, Cruelty to a Dependent Adult: Great Bodily Injury, Robbery, and Possession of an Illegal Firearm. He was released on bail. On April 7, 2017, the Superior Court for Tehama County

McFadyn/Bow Attachment to Claim #3
Page 2 of 3

issued a Civil Harassment Restraining order, good for 3 years. It was served on him by Sgt. S. Hoag of the Tehama County Sherriff's office. As a result, Kevin Neal was prohibited from possessing any gun or ammunition. The restraining order mandated that any sworn officer who had knowledge of the restraining order place Mr. Neal under arrest if he was discovered with a gun or ammunition. Up to and including the day before he went on his murderous spree. Tehama County officials, including the Sheriff's office received repeated reports that Mr. Neal was still in possession of firearms and had been shooting the firearms in and throughout his neighborhood. On one occasion, Neals even admitted he had been shooting and was seen by officers in possession of one or more firearms. In spite of those facts, Tehama County officials did nothing to obtain a warrant to search Mr. Neal's premises and remove weapons from the hands of a clearly unstable and dangerous man. Two of the dead people were supposed to be "protected" by that order.

The murderous acts of Kevin Neal were made possible by the refusal of the law enforcement personnel in Tehama County to do their job, carry out the lawful orders of the Superior Court and protect the community from a very dangerous and mentally unstable man. This failure appears to be a consequence of a policy or practice of County officials to overlook acts and threats of violence against the citizens of these rural areas. Further, it appears that there was totally inadequate training by the County of Tehama of the members of the Sheriff's office as to the law regarding the amount of proof required to get a search warrant. Sheriff's deputies have claimed they needed proof beyond a reasonable doubt to get a warrant to search Kevin Neal's home for firearms and ammunition. The notion that a Superior Court judge would refuse to issue a warrant for such a search of the home of someone subject to a restraining order in the face of multiple complaints of him firing a gun, along with physical evidence of the same is simply wrong.

Sheriff Dave Hencratt, and other employees of Tehama Sheriff's Office, and the County of Tehama acted with deliberate indifference to a known and obvious danger and created or increased the danger to the McFadyen family and others, by and through the following acts or omissions, including but not limited to:

- Creating a situation where Kevin Neal knew the police would not do anything if he was in possession of, or shooting, a firearm so long as they did not see him. In the year leading up to the mass shooting, the police were called on numerous occasions with complaints that Mr. Neal was in possession of a firearm- in violation of the restraining order and was shooting at neighbors. The police would either not respond to the complaint – sometimes not logging that the call was made, would attempt to reach Neal by phone and give up if there was no answer, or visit the scene and if it was "quiet" when the sheriff arrived would not pursue it further. At no point did the police obtain a search warrant, or attempt to remove the illegally possessed firearms from Mr. Neal. The police failure to investigate and remove the firearms from Mr. Neal's possession created or increased the danger to claimants and others.
- Approximately a year before the mass shooting, the police visited Neal due to complaints that he had firearms in his possession that he was shooting in a reckless manner. The police knew he had guns and Mr. Neal admitted it. Even though Mr. Neal was a convicted felon, respondents never attempted to take the firearms away.
- Failing to prevent Mr. Neal from manufacturing an assault rifle.

McFadyn/Bow Attachment to Claim #3
Page 3 of 3

- Failing to ensure that the Sheriff Office personnel were adequately trained with regard to how to respond to violations of restraining orders, when they can obtain a warrant or request a warrant, or how to ensure that a felon and person subject to restraining order not have access or possess a firearm.
- Acting with deliberate indifference to a known or obvious danger (Neal – a mentally unstable and dangerous felon, under restraining order, and on bail for violent crimes, having known possession of firearms.)
- Creating a pattern and practice of failing to respond to citizen complaints who ask for assistance from threats of violence to their life and safety, and/or violations of restraining orders, calling such matters "civil disputes."
- Failing to respond to a call from Mr. Neals' girlfriend, placed after the restraining order was issued, informing the police that she had a gun that went missing and Mr. Neal was ordered not to have firearms.
- Failing to respond to a call from Mr. Neal's sister to the Sheriff's department shortly before the shooting that Mr. Neal was mentally unstable, deteriorating and had firearms.
- Destroying Mr. Neal's home shortly after the shooting thereby spoiling any evidence of bullet holes entering or exiting the house.
- Respondents acted in such a manner and with such deliberate indifference that they placed the McFadyen family and others involved in the mass shooting in danger that they would not have otherwise faced.

### PROOF OF SERVICE
### (USDC Rule 10 [Fed. R. Civ. P. 1]; 28 U.S.C. §1746)

I am a citizen of the United States and a resident of the County of Shasta, State of California. I am over the age of 18 years and not a party to the within action; my business mailing address is Post Office Box 994390, Redding, California 96099-4390. I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox after the close of the day's business.

__XX__ (ECF) A true copy of said document(s) were efiled with the U.S. District Court, Eastern District of California. Once e-filed, these documents were transmitted through the court's ECF server to the interested parties to this action.

_____ On the date indicated below, I served the document(s) designated below by transmitting a true copy thereof via Email to the person(s) and at the Email address(es) set forth below:

### FIRST AMENDED COMPLAINT FOR DAMAGES
### CIVIL RIGHTS ACTION AND PENDANT STATE CLAIMS
### (DEMAND FOR JURY TRIAL)
### FEDERAL CAUSES OF ACTION (ET.AL.)

Jonz Norine
KENNY & NORINE
1923 Court Street
Redding, CA 96001
Telephone: 530-244-7777
Facsimile: 530-246-2836
Email: jnorine@lawnorcal.com
*Attorney for Defendants, COUNTY OF TEHAMA, DAVE HENCRATT, PHIL JOHNSTON and TEHAMA COUNTY SHERIFF'S OFFICE*

Michael J. Levangie
Shawn C. Loorz
LEVANGIE LAW GROUP
2021 N Street
Sacramento, CA 95811
Telephone: 916-443-4849
Facsimile: 916-443-4855
Email: shawn.loorz@llg-law.com
*Attorneys for Defendant, RANCHO TEHAMA ASSOCIATION, INC.*

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed September 3, 2020, at Redding, California.

_____
JENNI L. RITTER

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008